1  PAULA D. PEARLMAN, State Bar No. 109038
   paula.pearlman@lls.edu
2  SHAWNA L. PARKS, State Bar No. 208301
   shawna.parks@lls.edu
3  DEBRA J. PATKIN, State Bar No. 252197
   debra.patkin@lls.edu
4  MATTHEW D. STRUGAR, State Bar No. 232951
   matthew.strugar@lls.edu
5
6  DISABILITY RIGHTS LEGAL CENTER
7  919 Albany Street
   Los Angeles, California 90015
8  Tel: (213) 736-1031 • Fax: (213) 736-1428

9
   Attorneys for Plaintiffs (continued on next page)
10

11              UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13  MARITZA SANCHEZ MARTINEZ,          CASE NO.
    an individual, by and through her   CV09-06734 SJO (RCx)
14  mother and guardian ad litem,
    BERTHA MARTINEZ, BERTHA            COMPLAINT FOR INJUNCTIVE
15  MARTINEZ, an individual, and       RELIEF, DECLARATORY
    WENDY SANCHEZ, an individual       JUDGMENT AND DAMAGES
16
                    Plaintiffs,         1. Americans with Disabilities Act,
17                                          Title II (42 U.S.C. § 12131 *et. seq.*)
           v.                           2. Section 504 of the Rehabilitation
18                                         Act of 1973 (29 U.S.C. § 794 *et.*
    CITY OF MAYWOOD, a public              *seq.*)
19  entity, MAYWOOD POLICE             3. Fourteenth Amendment (42 U.S.C.
    DEPARTMENT, a public entity,           § 1983)
20  COUNTY OF LOS ANGELES, a          4. California Government Code §
    public entity, ANDREW SERRATA,        11135
21  an individual, MPD OFFICER        5. Unruh Civil Rights Act (Cal. Civ.
    GARCIA, an individual, DAVID          Code § 51 *et. seq.*)
22  ISHIBASHI, an individual, and Does 6. California Disabled Persons Act
    1 through 10, individuals sued in their  (Cal. Civ. Code § 54)
23  individual capacities, inclusive  7. Infliction of Emotional Distress
                                       8. Negligent Infliction of Emotional
24                                        Distress
                                       9. Negligence
25                  Defendants.
                                       DEMAND FOR JURY TRIAL
26

27

28
    COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF AND DAMAGES

PAULA D. PEARLMAN, State Bar No. 109038
paula.pearlman@lls.edu
SHAWNA L. PARKS, State Bar No. 208301
shawna.parks@lls.edu
DEBRA J. PATKIN, State Bar No. 252197
debra.patkin@lls.edu
MATTHEW D. STRUGAR, State Bar No. 232951
matthew.strugar@lls.edu
DISABILITY RIGHTS LEGAL CENTER
919 Albany Street
Los Angeles, California 90015
Tel: (213) 736-1031
Fax: (213) 736-1428

Attorneys for Plaintiffs (continued on next page)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARITZA SANCHEZ MARTINEZ, an individual, by and through her mother and guardian ad litem, BERTHA MARTINEZ, an individual, and WENDY SANCHEZ, an individual | **CASE NO.** |
| | **COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT AND DAMAGES** |
| Plaintiffs, | 1. Americans with Disabilities Act, Title II (42 U.S.C. § 12131 *et. seq.*) |
| v. | 2. Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794 *et. seq.*) |
| CITY OF MAYWOOD, a public entity, MAYWOOD POLICE DEPARTMENT, a public entity, COUNTY OF LOS ANGELES, a public entity, ANDREW SERRATA, an individual, MPD OFFICER GARCIA, an individual, DAVID ISHIBASHI, an individual, and Does 1 through 10, individuals sued in their individual capacities, inclusive | 3. Fourteenth Amendment (42 U.S.C. § 1983) |
| | 4. California Government Code § 11135 |
| | 5. Unruh Civil Rights Act (Cal. Civ. Code § 51 *et. seq.*) |
| | 6. California Disabled Persons Act (Cal. Civ. Code § 54) |
| | 7. Infliction of Emotional Distress |
| | 8. Negligent Infliction of Emotional Distress |
| Defendants. | 9. Negligence |
| | **DEMAND FOR JURY TRIAL** |

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF AND DAMAGES

-1-

1  CYNTHIA ANDERSON-BARKER, State Bar No. 175764
2  cablaw@hotmail.com
   LAW OFFICES OF CYNTHIA ANDERSON-BARKER
3  3435 Wilshire Blvd., Ste 2900, Los Angeles, CA 90010
4  Tel: (213) 381-3246
   Fax: (213) 252-0091
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURISDICTION AND VENUE

1.     The claims alleged herein arise under the Americans with Disabilities Act (42 U.S.C. § 12131 *et seq.*) ("ADA"), Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794) ("Rehabilitation Act"), the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983 *et. seq.*, and state and common law claims for relief, such that the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.  Through the same actions omissions that form the basis of Plaintiffs' federal claims, Defendants have also violated Plaintiffs' rights under state law, over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  This Court has jurisdiction over Plaintiffs' claims for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

2.     Venue is proper under 28 U.S.C. § 1391 in the United States District Court for the Central District of California because the events, acts, and omissions giving rise to the claim occurred within the Central District of California and because all parties are residents of the Central District of California.

## INTRODUCTION

3.     Plaintiff Maritza Sanchez Martinez ("Maritza"), together with her mother Plaintiff Bertha Martinez ("Bertha"), and her sister Plaintiff Wendy Sanchez ("Wendy"), bring this suit against Defendants City of Maywood, Maywood Police Department, County of Los Angeles, Maywood Police Officers Andrew Serrata and Garcia, and Los Angeles District Attorney's Bureau of Investigation Senior Investigator David Ishibashi, among others, for failing to provide Plaintiff Maritza with appropriate accommodations and/or services in light of her mental disability, including by intentionally separating her from her mother, and forcing her to remain in soiled clothing for more than two hours.  Plaintiffs further bring this suit against Defendants for failing to adopt and enforce appropriate policies and procedures that provide for reasonable accommodations for persons with mental disabilities during police searches and investigations.

4.      Defendants' employees and agents, with knowledge of Plaintiff Maritza's severe autism and mental retardation and total dependence on her mother, intentionally separated Plaintiff Maritza from her mother during an execution of a search warrant at their home and left Plaintiff Maritza in isolation and with no support.  Plaintiff Maritza was left alone in an uncontrollably upset state for hours. As a result, Plaintiff Maritza now suffers from extreme fright, emotional distress, humiliation and lack of sleep.

5.      Defendants, and their agents and employees, further discriminated against Plaintiffs Bertha and Wendy, based on Plaintiff Maritza's mental disability, by purposefully separating Plaintiff Maritza from her mother in order to cause Plaintiffs emotional distress.  Defendants used Plaintiff Maritza's needs as an individual with autism as leverage against Plaintiff Bertha in an attempt to force information from Plaintiff Bertha, resulting in severe fright, indignity, humiliation, and severe mental and emotional distress for Plaintiffs Bertha and Wendy.

6.      Defendants further discriminated against Plaintiffs based on Plaintiff Maritza's severe mental disability by interfering with Plaintiffs' rights under federal and state law, and under the Constitution of the United States, through the use of coercion and threats.

7.      Defendants failed to make necessary modifications in policies, practices and procedures in order to avoid discrimination against Plaintiffs on the basis of Plaintiff Maritza's mental disability.  Defendants failed to train or supervise their officers and employees to provide persons with mental disabilities and their families' reasonable accommodations.  Further, Defendants intentionally discriminated against Plaintiffs on basis of Plaintiff Maritza's disability.

8.      Plaintiffs bring this action seeking declaratory and injunctive relief in order to compel Defendants to comply with their obligations to provide reasonable accommodations, and otherwise not discriminate against people with disabilities.

1   Plaintiffs also seek compensatory and statutory damages in addition to their

2   attorneys' fees and costs.

3   **PARTIES**

4   9.    Plaintiff Maritza is a 22-year-old woman who has severe autism and mental

5   retardation.  She is the daughter of Plaintiff Bertha, and sister of Plaintiff Wendy.

6   At all times relevant to this Complaint, Plaintiff Maritza has resided in Maywood,

7   California.  By virtue of having severe autism with mental retardation, Plaintiff

8   Maritza at all times relevant hereto is an individual with a disability within the

9   meanings of the Americans with Disabilities Act, Section 504 of the Rehabilitation

10  Act, Sections 11135 and 12926 of the California Government Code, and Sections 51

11  and 54 of the California Civil Code.

12  10.   Plaintiff Bertha is a 45-year-old-woman who is Plaintiff Maritza's mother.

13  Plaintiff Bertha is an individual associated with an individual with a disability

14  within the meaning of the Americans with Disabilities Act, Section 504 of the

15  Rehabilitation Act, and California state law.  She resided in Maywood, California at

16  all times relevant to this Complaint.

17  11.   Plaintiff Wendy is a 26-year-old woman and is Plaintiff Maritza's sister and

18  Plaintiff Bertha's daughter.  Plaintiff Wendy is an individual associated with an

19  individual with a disability within the meaning of the Americans with Disabilities

20  Act, Section 504 of the Rehabilitation Act, and California state law.  She resided in

21  Maywood, California at all times relevant to this complaint.

22  12.   Defendant City of Maywood ("City") is a municipal corporation organized

23  and existing under the laws of the state of California. Defendant City is a "person"

24  subject to suit within the meaning of 42 U.S.C. § 1983 under *Monell v. New York*

25  *Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Under California Government Code

26  § 815.2(a), Defendant City is liable for any and all wrongful acts in violation of state

27  law hereinafter complained of committed by any of Defendant City's employees

28  acting within the course and scope of their employment.  At all times relevant to this

Complaint, Defendant City was a public entity within the meaning of Title II of the Americans with Disabilities Act and receives federal financial assistance within the meaning of the Rehabilitation Act, and state financial assistance within the meaning of Government Code 11135.

13.     Defendant Maywood Police Department ("MPD") is a public entity under the laws of the state of California, and is an agency of Defendant City. Defendant MPD is a "person" subject to suit within the meaning of 42 U.S.C. § 1983 under *Monell v. New York Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Under California Government Code § 815.2(a), Defendant MPD is liable for any and all wrongful acts in violation of state law hereinafter complained of committed by any of Defendant MPD's employees acting within the course and scope of their employment.  At all times relevant to this Complaint, Defendant MPD was a public entity within the meaning of Title II of the Americans with Disabilities Act and receives federal financial assistance within the meaning of the Rehabilitation Act, and state financial assistance within the meaning of Government Code 11135.

14.     Defendant County of Los Angeles ("County") is a municipal corporation organized and existing under the laws of the state of California.  The Los Angeles County District Attorney's Office Bureau of Investigation is Defendant County's law enforcement agency.  Defendant County is a "person" subject to suit within the meaning of 42 U.S.C. § 1983 under *Monell v. New York Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Under California Government Code § 815.2(a), Defendant County is liable for any and all wrongful acts in violation of state law hereinafter complained of committed by any of Defendant County's employees acting within the course and scope of their employment.  At all times relevant to this Complaint, Defendant County was a public entity within the meaning of Title II of the Americans with Disabilities Act and receives federal financial assistance within the meaning of the Rehabilitation Act, and state financial assistance within the meaning of Government Code 11135.

15.     Defendant Andrew Serrata ("Serrata"), at all time relevant to this complaint, was a police officer for the MPD. He is being sued in his individual capacity.

16.     Defendant Garcia ("Garcia), at all time relevant to this complaint, was a police officer for the MPD. He is being sued in his individual capacity.

17.     Defendant David Ishibashi ("Ishibashi"), at all time relevant to this complaint. He was an Investigator for the Los Angeles District Attorney's Bureau of Investigation. He is being sued in his individual capacity.

## FACTS APPLICABLE TO ALL PLAINTIFFS

18.     Each and every allegation set forth in each and every statement of the Complaint is hereby incorporated by reference in each and every other averment and allegation of this complaint.

19.     Plaintiffs Maritza resided in Maywood, California with her mother, Plaintiff Bertha, and her sister, Plaintiff Wendy, and her cousin Joaquin Olvera, at the time of the incidents giving rise to this suit. Plaintiff Maritza has severe autism and mental retardation and depends entirely on her mother and sister for care and support.

20.     Plaintiff Maritza falls within the severely autistic range and has mental retardation. She requires constant supervision due to the severity of her disability. She is entirely dependant upon her mother for her care, comfort and basic life needs. She is unable to speak. She exhibits feelings of unhappiness or distress by crying, shaking and screaming. Depending on the context and situation, Plaintiff Maritza functions essentially like a one to six year old child.

21.     Plaintiff Bertha is Plaintiff Maritza's primary care giver. Plaintiff Bertha stays at home in order to care for Plaintiff Maritza. Plaintiff Bertha provides Plaintiff Maritza with all of her care, comfort, and basic life needs including cooking, cleaning, dressing, bathing and other hygienic measures, making appointments, providing social and emotional support, and making sure that Plaintiff Maritza is in a safe and secure environment.

22.     Prior to the incident of August 25, 2008, Plaintiff Maritza usually slept well. Her communication skills were improving and she was able to follow simple instructions. Plaintiff Maritza generally had no trouble going out to places such as restaurants and stores. She was happy most of the time.

23.     On or about August 20, 2008, in the early morning hours, police officers from the Maywood Police Department and the Los Angeles County Sheriff's Department Task Force arrived at Plaintiffs' home, where Plaintiff Maritza was present with her mother (Plaintiff Bertha), her father (Gaudencio Sanchez Lopez), her sister (Plaintiff Wendy), and her cousin (Joaquin Olvera). The Maywood police officers executed a search warrant with rifles drawn, and took Mr. Sanchez Lopez into custody. The police officers present included Defendant Serrata from the Maywood Police Department, numerous officers from the Los Angeles County Sheriff's Department Task Force, and Defendant Ishibashi, an investigator for the Los Angeles District Attorney's Bureau of Investigation.

24.     During the incident, Plaintiff Maritza and her family were forced to stand outside their house for more than three hours. Plaintiff Maritza was nervous during the incident, but she was not terribly upset even though her father was arrested. She was never left alone.

25.     Plaintiff Maritza was separated from her mother, Plaintiff Bertha, for approximately ten minutes while her mother was interrogated. Plaintiff Wendy was with her while she was separated from her mother. Plaintiff Bertha, Plaintiff Wendy, and Joaquin spoke to the police and answered their questions without incident.

26.     During the incident, the officers, including Defendants Serrata and Ishibashi, were informed that Plaintiff Maritza was autistic and severely disabled.

27.     On or about August 25, 2008, at approximately 11a.m., Defendant Serrata, Defendant Ishibashi and numerous unidentified officers from the Los Angeles County Sheriff's Department returned to Plaintiffs' home with a search warrant.

1   Only Plaintiff Bertha, Plaintiff Maritza and Joaquin were at home.  At the time the

2   warrant was executed, Gaudencio Sanchez Lopez was in custody.  Plaintiff Wendy

3   was at work.

4   28.     Defendants Serrata and Ishibashi were clearly aware of Plaintiff Maritza's

5   autism and mental retardation because they were informed by the family during the

6   search of the house and the arrest of Mr. Sanchez Lopez five days earlier, because

7   Plaintiff Bertha told them again on the day of the second search, and because

8   Maritza's autism and mental retardation was apparent from her behavior that day.

9   29.     Plaintiff Maritza began to become upset from the moment the police arrived

10   this time.  She was terrified, holding onto her mother.  In such situations when she is

11   suddenly surrounded by large number of people she does not know, Plaintiff

12   Maritza can become distressed.

13   30.     About thirty minutes into the incident, Defendant Serrata separated Plaintiff

14   Bertha from her daughter, Plaintiff Maritza.  Plaintiff Bertha informed the officers

15   that her daughter should not be separated from her on account of her disability.

16   Ignoring Plaintiff Bertha's request for an accommodation for her daughter, the

17   officers separated Plaintiff Bertha and Plaintiff Maritza by taking Plaintiff Maritza

18   to the front of the house, and Plaintiff Bertha to the backyard. Defendants ignored

19   this request despite the fact that that all Plaintiff Bertha was asking for was a simple

20   accommodation for her daughter, essentially to stay with Plaintiff Bertha during the

21   interrogation because there was no other caregiver to ensure her safety and security.

22   Defendants did not identify any reason for denying this simple request.

23   31.     While the police were interrogating Plaintiff Bertha, they left Plaintiff Maritza

24   alone and frightened.  Plaintiff Maritza was detained in the front yard crying,

25   shaking, and screaming.

26   32.     The police officers could have questioned Plaintiff Bertha in Plaintiff

27   Martiza's presence without Plaintiff Maritza interfering with the questioning.

28

33.     During the police interrogation of Plaintiff Bertha, Defendant Serrata threatened to call Child Protective Services and have her daughter taken away from her, unless she told him certain information related to her husband's criminal investigation. They further threatened that she would not know where her daughter was located and that she would not be able to get her daughter back.  Plaintiff Bertha told the officers that she was a good mother and that she works at home so that she can be with her daughter who has a disability.

34.     Defendant Garcia of the Maywood Police Department eventually arrived and joined Defendant Serrata in the backyard.  Both Defendant Serrata and Defendant Garcia harassed, frightened, and abused Plaintiff Bertha, and continued to threaten to take her daughter away from her if she did not give them the information they wanted.  During the interrogation, the officers called her a liar and waived clothing in her face.  Defendant Garcia asked Plaintiff Bertha where Plaintiff Maritza's clothing was located and stated, "If your daughter uses menstrual pads, tell me where they are so I can put them in her bag of clothes," or words to that effect. Plaintiff Bertha was shocked and horrified.  She pleaded with Defendants Garcia and Serrata not to take her daughter away.

35.     Defendants Garcia and Serrata continued to threaten Plaintiff Bertha in the backyard. Plaintiff Bertha was frantic about her daughter and began to have trouble breathing.

36.     Plaintiff Wendy received a call at work informing her of the situation at her house.  Plaintiff Wendy informed her boss of the situation and borrowed her boss's car to drive home.

37.     At approximately 1:00 p.m., approximately two hours after the police first arrived at the house, Plaintiff Wendy arrived to find Plaintiff Maritza without any caregiver, in front of the house, still trembling, shaking and screaming.

38.     Plaintiff Wendy discovered that Plaintiff Maritza had urinated in her pants while she was detained in the front of the house.  She informed the officers that

1   Plaintiff Maritza had urinated in her pants and asked the officers if she could change

2   Plaintiff Maritza's soiled clothing inside the house. Knowing that Plaintiff Maritza

3   was autistic and needed to be cared for, the officers refused her request to change

4   her sister's clothes. Plaintiff Maritza was forced to remain in soiled clothing in front

5   of the house.

6   39.    Police officers refused to allow Plaintiff Wendy or Plaintiff Maritza to see

7   their mother. When Plaintiff Maritza attempted to see their mother, the officers told

8   Plaintiff Wendy to control her sister.

9   40.    Defendant Garcia ordered Plaintiff Wendy to pack her sister's clothes because

10  they were taking Plaintiff Maritza away. Plaintiff Wendy informed the officers that

11  they should not take Plaintiff Maritza away because she is autistic, claustrophobic

12  and cannot be in closed spaces. Plaintiff Wendy was concerned for her sister's and

13  mother's safety.

14  41.    In an attempt to find help, Plaintiff Wendy then left to go to a local

15  Community Center in order to speak to the then-Mayor of Maywood, Felipe

16  Aguirre. Plaintiff Wendy informed the Mayor of the situation at her home. Plaintiff

17  Wendy returned home with Mayor Aguirre and a reporter.

18  42.    When Plaintiff Wendy returned to the house with the Mayor, Plaintiff Maritza

19  was still detained in the front yard and shaking uncontrollably. On information and

20  belief, Mayor Aguirre stayed in the car to call the Chief of Police.

21  43.    After Plaintiff Wendy told the police that the Mayor was present, the police

22  changed their tone and conduct. Defendant Ishibashi told Wendy, "I know you guys

23  are good people. I know you are not like them whores. I have seen your degrees.

24  You can go back now and see your mom," or words to that effect.

25  44.    Plaintiff Wendy went in the backyard. Plaintiff Bertha was still in the

26  backyard. Plaintiff Wendy saw that her mother was having difficulty breathing.

27  Plaintiff Bertha cried and told Plaintiff Wendy that the officers had taken Plaintiff

28  Maritza away. Defendant Serrata told Plaintiff Wendy to stay away from her

1   mother and that her mother was just acting.  Another officer suggested calling an

2   ambulance for Plaintiff Bertha.

3   45.     An ambulance arrived, but Plaintiff Bertha refused to leave her daughter, as

4   she knew that Plaintiff Maritza's mental state had deteriorated due to the officers'

5   conduct.  She felt that Plaintiff Maritza was in immediate need of her urgent care

6   and attention.  Plaintiff Bertha signed a form to decline the ambulance's service.

7   46.     Plaintiff Wendy was extremely distraught, frightened, anxious and in fear for

8   her mother and sister's life and safety.

9   47.     The officers remained at the scene for over three hours, and left without

10  finding anything in the house.  Plaintiff Maritza was left alone in her upset mental

11  state, separated from her mother for approximately three hours.  During a large

12  segment of this period, Plaintiff Maritza was in soiled clothes.

13  48.     As a result of Defendants' discriminatory actions and omissions on or about

14  August 25, 2008, Plaintiff Maritza suffered extreme emotional distress, deterioration

15  of her mental health, social withdrawal, and increased difficulty sleeping.

16  49.     As a result of Defendants' discriminatory actions and omissions on or about

17  August 25, 2008, Plaintiffs Bertha suffered extreme emotional distress.  She was

18  further denied prompt medical care when she experienced difficulty breathing and

19  was verbally abused by Defendants.  Plaintiff Bertha is now mostly confined to her

20  home because Plaintiff Maritza's social withdrawal makes leaving the house

21  difficult for her.

22  50.     As a result of Defendants' discriminatory actions and omissions on or about

23  August 25, 2008, Plaintiff Wendy suffered extreme emotional distress from viewing

24  her sister in her terrified state, seeing her mother have difficulty breathing, and

25  suffering Defendants' verbal abuse.

26  51.     Plaintiffs filed tort claims with Defendants City of Maywood and County of

27  Los Angeles on February 20, 2009.  Plaintiffs' claims were amended on February

28  25, 2009 and again on March 4, 2009.  Defendants County of Los Angeles rejected

1    Plaintiffs' tort claims on April 14, 2009.  Defendant City of Maywood has rejected

2    Plaintiffs' tort claims by operation of law.

3    52.     Accordingly, Plaintiffs bring this action seeking injunctive and declaratory

4    relief in order to compel Defendants to comply with their obligations to reasonably

5    accommodate individuals with mental disabilities.  Plaintiffs also seek

6    compensatory and punitive damages, where applicable, in addition to attorneys' fees

7    and costs.

8    

**FIRST CLAIM FOR RELIEF**

9    **Violation of Title II of the Americans with Disabilities Act**

10    **(42 U.S.C. § 12101 *et seq.*)**

11    **(By All Plaintiffs Against Defendants City, MPD, and County)**

12    53.     Plaintiffs incorporate by reference each and every allegation contained in the

13    forgoing paragraphs.

14    54.     Congress enacted the ADA upon finding, among other things, that "society

15    has tended to isolate and segregate individuals with disabilities" and that such forms

16    of discrimination continue to be a "serious and pervasive social problem." 42 U.S.C.

17    § 12101(a)(2).

18    55.     In response to these findings, Congress explicitly stated that the purpose of

19    the ADA is to provide "a clear and comprehensive national mandate for the

20    elimination of discrimination against individuals with disabilities" and "clear,

21    strong, consistent, enforceable standards addressing discrimination against

22    individuals with disabilities." 42 U.S.C. § 12132.

23    56.     Title II of the ADA provides in pertinent part: "[N]o qualified individual with

24    a disability shall, by reason of such disability, be excluded from participation in or

25    be denied the benefits of the services, programs, or activities of a public entity, or be

26    subjected to discrimination by any such entity." 42 U.S.C. § 12132.

27    57.     Accordingly, the U.S. Department of Justice's regulations implementing

28    Title II require that "[a] public entity shall make reasonable modifications in

policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability." 28 C.F.R. §35.130(b)(7).

58.    The Code of Federal Regulations specifically states that:

> [a] public entity, in providing any aid, benefit, or service, may not...on the basis of disability, [d]eny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service; [or] [a]fford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others[.]

28 C.F.R. § 35.130(b)(1)(i-ii)

59.    The Department of Justice's implementing regulations also prohibits "methods of administration . . . [t]hat have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability. . ." 28 C.F.R. § 35.130(b)(3)(i).

60.    Deliberate indifference to one's disability constitutes intentional discrimination and occurs when both knowledge that a harm to a federally protected right is substantially likely is present, and there is a failure to act upon that the likelihood. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001).

61.    At all times relevant to this action, Defendants were public entities within the meaning of Title II of the ADA and provided a program, service, or activity to the general public. 42 U.S.C. § 12131.

62.    Plaintiff Maritza is at all times relevant to this action a qualified individual with a disability within the meaning of Title II of the ADA and met the essential eligibility requirements for the receipt of services, programs or activities of Defendants.

63.    Defendants violated the ADA and deprived Plaintiff Maritza of her federally protected rights by failing to provide her with appropriate accommodations and

1  services in light of her disability. Defendants instead provided her with programs,

2  services and activities that were different, separate, and worse than the service

3  provided to other individuals.

4  64.    Through the acts and omissions of Defendants and their agents and employees

5  described herein, Defendants further subjected Plaintiff Maritza to discrimination on

6  the basis of her disability in violation of Title II of the ADA by failing to make

7  reasonable modifications of policies, practices and procedures. Defendants failed to

8  provide Plaintiff Maritza with reasonable accommodations by disallowing her to

9  remain with her mother or another trusted adult.

10  65.    Through the acts and omissions of Defendants and their agents and employees

11  described herein, Defendants intentionally discriminated against Plaintiff Maritza by

12  failing to act upon their knowledge that harm to her federally protected right under

13  the ADA was substantially likely when they isolated her for over two hours.

14  66.    The Code of Federal Regulations states in pertinent part that "a public entity

15  shall not exclude or otherwise deny equal services, programs, or activities to an

16  individual or entity because of the known disability of an individual with whom the

17  individual or entity is known to have a relationship or association." 28 C.F.R. §

18  35.130(g).

19  67.    Plaintiff Bertha is Plaintiff Maritza's mother, and is an individual associated

20  with a qualified individual with a disability within the meaning of the ADA.

21  68.    Plaintiff Wendy is Plaintiff Maritza's sister, and is an individual associated

22  with a qualified individual with a disability within the meaning of the ADA.

23  69.    At all times pertaining to this action, Defendants had knowledge of Plaintiff

24  Maritza's disability and of her familial and dependant relationship with Plaintiffs

25  Bertha and Wendy.

26  70.    Defendants violated the ADA and deprived Plaintiffs Bertha and Wendy of

27  their federally protected rights by failing to provide equal services and reasonable

28

accommodations to Plaintiffs based on Plaintiffs' association with Plaintiff Maritza, a qualified individual with a disability.

71.     Through Defendants' use of Plaintiff Maritza's mental disability and dependence on her mother to attempt to coerce information from her mother, Defendants unlawfully and intentionally denied Plaintiffs Bertha and Wendy equal treatment, services and accommodations in clear violation of the ADA.

72.     Plaintiffs Maritza, Bertha and Wendy are informed, believe, and thereon allege that Defendants committed the acts and omissions alleged herein in reckless and/or intentional disregard of Plaintiffs' rights.

73.     As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered and continue to suffer humiliation, hardship, anxiety, indignity, and severe mental and emotional anguish.

74.     Plaintiffs Maritza, Bertha and Wendy are informed, believe, and thereon allege that Defendants and their agents and employees could have reasonably allowed Plaintiff Maritza to remain with her mother or another trusted adult during Plaintiff Bertha's interrogation as a reasonable and equal accommodation.

75.     Plaintiffs are informed, believe, and thereon allege that Defendants and their agents and employees have failed and continue to fail to:

        a) Adopt and enforce policies and procedures for providing reasonable accommodations for individuals with mental disabilities, and those associated with individuals with mental disabilities;

        b) Train and supervise all officers and employees to provide reasonable accommodations and equal treatment and services to individuals with mental disabilities;

        c) Provide all officers and employees with training regarding the behavior and special needs of individuals with mental disabilities, especially autism.

76.     Because Defendants' discriminatory conduct is ongoing, declaratory and injunctive relief are appropriate remedies.

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF AND DAMAGES

77.     Pursuant to 42 U.S.C. § 12133, Plaintiffs are entitled to injunctive relief and to recover reasonable attorneys' fees and costs incurred in bringing this action. Plaintiffs also seek to recover damages in this action.

### SECOND CLAIM FOR RELIEF

**Violation of Section 504 of the Rehabilitation Act of 1973**

**(29 U.S.C. § 794)**

**(By All Plaintiffs Against Defendants City, MPD, and County)**

78.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

79.     Section 504 of the Rehabilitation Act provides in pertinent part: "[N]o qualified individual with a disability…shall, solely by reason of his or her disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance…." 29 U.S.C. § 794.

80.     The Rehabilitation Act also covers individuals known to have a relationship or association with an individual with a disability. *See Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007).

81.     Plaintiff Maritza is at all times relevant herein a qualified individual with a disability within the meaning of the Rehabilitation Act because she has a mental impairment that substantially limits one or more of her major life activities. *See* 29 U.S.C. § 705(20)(B).

82.     Plaintiff Bertha is Plaintiff Maritza's mother, and is an individual associated with a qualified individual with a disability within the meaning of the Rehabilitation Act.

83.     Plaintiff Wendy is Plaintiff Maritza's sister, and is an individual associated with a qualified individual with a disability within the meaning of the Rehabilitation Act.

84.    At all times relevant to this action, Defendants were recipients of federal financial assistance within the meaning of the Rehabilitation Act.

85.    Through their acts and omissions described herein, Defendants have violated and continue to violate the Rehabilitation Act, including all applicable regulations, by subjecting Plaintiff Maritza to discrimination in the benefits and services provided to the general public.

86.    Plaintiffs are informed, believe, and based thereon allege that Defendants committed the acts and omissions alleged herein with the intent and/or reckless disregard of the rights of Plaintiffs.

87.    As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered and continue to suffer humiliation, hardship, anxiety, indignity, and severe mental and emotional anguish.

88.    Because Defendants' discriminatory conduct is ongoing, declaratory and injunctive relief are appropriate remedies.

89.    Pursuant to 29 U.S.C. § 794(a), Plaintiffs are entitled to injunctive relief and to recover from Defendants reasonable attorneys' fees and costs incurred in bringing this action.  Plaintiffs in their individual capacities are also entitled to damages in this action.

### THIRD CLAIM FOR RELIEF

**Violation of Fourteenth Amendment (42 U.S.C. § 1983)**

**(By All Plaintiffs Against All Defendants)**

90.    Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

91.    This cause of action arises under United States Code, Title 42, Section 1983, wherein Plaintiffs seek to redress a deprivation under color of law of a right secured by the Fourteenth Amendment of the United Stated Constitution.

92.    Section 1983 provides in pertinent part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of  any State or Territory or

the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

93.   At all times relevant to this Complaint, Defendants and Defendants' officers acted under color of law.

94.   The Fourteenth Amendment to the United States Constitution guarantees the right to due process.

95.   Defendants subjected Plaintiff Maritza extreme hardship and emotional distress by isolating her for a long period of time in soiled clothing, in violation of Plaintiff Martiza's clearly established right to due process under the Fourteenth Amendment. Defendants subjected Plaintiffs Bertha and Wendy to extreme hardship and emotional distress by refusing to allow Plaintiff Martiza to be with Plaintiff Bertha and threatening to take Martiza into child protective services, in violation of Plaintiffs' clearly established right to due process under the Fourteenth Amendment.

96.   Defendants' conduct entitles Plaintiffs to recover damages under 42 U.S.C. § 1983 and *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658 (1978), and *City of Canton v. Harris*, 489 U.S. 378 (1989).

## FOURTH CLAIM FOR RELIEF

### Violation of Cal. Gov. Code § 11135

### (By All Plaintiffs Against Defendants City, MPD, and County)

97.   Plaintiffs incorporate by reference each and every allegation contained in the forgoing paragraphs.

98.   Section 11135(a) of the California Government Code provides in pertinent part: "No person in the State of California shall, on the basis of…disability, be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under any program or activity that is conducted, operated, or

1  administered by the state or by any state agency, is funded directly by the state or

2  receives any financial assistance from the state."

3  99.    At all times relevant to this action, Defendant MPD was an agency of

4  Defendant City.  At all times relevant to this action, Defendants City, MPD and

5  County received financial assistance from the State of California.

6  100.   Through their acts and omissions described herein, Defendants have violated

7  and continue to violate California Government Code § 11135 by unlawfully denying

8  Plaintiffs Maritza, Bertha, and Wendy full and equal access to the benefits of, and

9  unlawfully subjecting Plaintiffs to discrimination in, Defendants' programs and

10 activities.

11 101.   California Government Code § 11135(b) provides that a violation of Title II

12 of the ADA also constitutes a violation under Section 11135. Defendants have

13 violated California Government Code § 11135(b) in that the conduct alleged herein

14 constitution a violation of Title II of the ADA.

15 102.   Because Defendants' discriminatory conduct is ongoing, declaratory and

16 injunctive relief are appropriate remedies, as well as reasonable attorneys' fees and

17 costs in filing this action.

18                        **FIFTH CLAIM FOR RELIEF**

19        **Violation of Unruh Civil Rights Act (Civil Code § 51 *et seq.*)**

20        **(By All Plaintiffs Against Defendants City, MPD, and County)**

21 103.   Plaintiffs incorporate by reference each and every allegation contained in the

22 foregoing paragraphs.

23 104.   Section 51(b) of the California Civil Code provides in pertinent part: "All

24 persons within the jurisdiction of this state are free and equal, and no matter what

25 their…disability…are entitled to the full and equal accommodations, advantages,

26 facilities, privileges, or services in all business establishments of every kind

27 whatsoever."

28

---

105.   At all times relevant to this action Plaintiffs Maritza, Bertha and Wendy resided within the jurisdiction of California.

106.   Defendants own, operate, and/or lease a business establishment within the meaning of the Unruh Act.  Defendants are each a "business establishment" and have denied Plaintiffs "accommodations, advantages, facilities, privileges, or services" within the meaning of California Civil Code §§ 51 *et seq.*

107.   Through their acts and omissions described herein, Defendants have violated and continue to violate California Civil Code § 51 (b) by unlawfully denying Plaintiffs full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever, to which they are entitled, thereby subjecting Plaintiffs to discrimination.

108.   The Unruh Act further provides that "[a] violation of the right of any individual under the American with Disabilities Act...shall also constitute a violation of this section." Cal. Civ. Code § 51(f).

109.   For all the reasons outlined above, Defendants violated the rights of Plaintiffs under the Americans with Disabilities Act, and therefore violated California Civil Code § 51.

110.   Defendants actions against Plaintiffs constituted discrimination against them, intentional and otherwise, and violated California Civil Code §§ 51, *et seq.*, as Plaintiffs were denied full and equal accommodations, advantages, privileges and services that are provided to non-disabled individuals.

111.   As a direct and proximate result of Defendants' aforementioned actions, Plaintiffs suffered and continue to suffer humiliation, hardship, anxiety, indignity, and severe mental and emotional anguish.

112.   Defendants are liable to Plaintiffs for up to three times actual damages, but no less than $4,000 (four thousand dollars) for each and every offense under the Unruh Act.  Cal. Civ. Code § 52(a).

113.   Plaintiffs also seek attorneys' fees and costs.

114.   Because Defendants' discriminatory conduct is ongoing, and as provided under the statute, declaratory and injunctive relief are appropriate remedies.  Cal. Civ. Code § 52.1(b).

## SIXTH CLAIM FOR RELIEF

### Violation of California Civil Code § 54

### (By All Plaintiffs Against Defendants City, MPD, and County)

115.   Plaintiffs incorporate by reference each and every allegation contained in the forgoing paragraphs.

116.   California Civil Code § 54(a) provides that "[i]ndividuals with disabilities or medical conditions have the same rights as the general public to the full and free use of ...public services...."

117.   Plaintiff Maritza is a person with disabilities within the meaning of California Civil Code § 54(b)(1) and California Government Code § 12926.

118.  Plaintiffs Bertha and Wendy are persons associated with a person with disabilities within the meaning of California Civil Code § 54(b)(1) and California Government Code § 12926.

119.   Defendants provide public services within the meaning of § 54 *et seq*.

120.   By failing to provide reasonable and equal accommodations to Plaintiffs in light of, and based upon, Plaintiff Maritza's mental disability, Defendants have deprived Plaintiffs of their right to have full and free use of public services, and therefore violate California Civil Code § 54.

121.   Under California Civil Code § 54(c), a violation of the ADA also constitutes a violation of California Civil Code § 54 *et seq*.

122.   For all the reasons outlined above, Defendants violated the rights of Plaintiffs Maritza, Bertha, and Wendy under the Americans with Disabilities Act, and therefore violated California Code § 54.

123.   As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered and continue to suffer humiliation, hardship, anxiety, indignity, and severe mental and emotional anguish.

124.   Pursuant to California Civil Code § 54.3(a), Defendants are liable to Plaintiffs for actual damages up to three times their actual damages, but no less than $1,000.00 for every offense of California Civil Code § 54 *et. seq.*

125.   Under California Civil Code § 54 *et. seq.*, Plaintiffs are entitled to injunctive relief, and attorneys' fees and costs.

## SEVENTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

### (By All Plaintiffs Against All Defendants)

126.   Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

127.   Through their actions and omissions, Defendants and/or one or more of Defendants' employees acted intentionally, recklessly, and/or in conscious disregard with respect to the high probability that their conduct would likely result in severe emotional distress, embarrassment, extreme fear, anxiety, panic attacks, shock, dismay and anguish to Plaintiffs, with or without accompanying physical symptoms.

128.   Defendants' and/or one or more of Defendants' employees acts and omissions were extreme, outrageous and shocking to the conscience of an ordinary person, and caused, in fact, each and every Plaintiff severe emotional distress, embarrassment, humiliation, extreme fear, anxiety, panic attacks, shock, loss of sleep, dismay and anguish.

129.   Plaintiffs are informed and believe and thereon allege that Defendants' and/or one or more of Defendants' employees acts and omissions described herein, and other such acts, were willful, reckless, oppressive, malicious and done with a callous disregard of consequences substantially certain to occur and justify an award of exemplary and punitive damages.

## EIGHTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress

### (By All Plaintiffs Against All Defendants)

130.   Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

131.   Through their actions and omissions, Defendants and/or one or more of Defendants' employees acted negligently with respect to the high probability that their conduct would likely result in severe emotional distress, embarrassment, extreme fear, anxiety, panic attacks, shock, dismay and anguish to Plaintiffs, with or without accompanying physical symptoms.

132.   Defendants unreasonably and negligently breached the duty of care owed to the Plaintiffs based on the requirements imposed on Defendants by federal and state law.  Defendants knew, or by the exercise of due care should have known, that their actions would cause Plaintiffs to suffer severe mental and emotional distress.

133.   As a direct and proximate result of the acts and omissions described herein, Defendants have injured Plaintiffs.  Plaintiffs' injuries include, without limitation, severe emotional distress, embarrassment, humiliation, extreme fear, anxiety, panic attacks, shock, loss of sleep, dismay and anguish.

## NINTH CLAIM FOR RELIEF

### Negligence

### (By All Plaintiffs Against All Defendants)

134.   Plaintiffs incorporate by reference each and every allegation contained in the forgoing paragraphs.

135.   One or more City, MPD, and/or County employees, including but not limited to Defendants Serrata, Garcia, and Ishibashi, within the scope of their duties, were negligent, and as a result Plaintiffs were injured and continue to be injured, thereby entitling Plaintiffs to damages.

136.   Defendants had a duty to Plaintiffs to provide Plaintiffs with reasonable and equal accommodations and care as other individuals without mental disabilities or others not associated with individuals with disabilities.  Accordingly, Defendants breached this duty of equal and reasonable accommodation and care, and therefore caused emotional and mental harm to Plaintiffs Maritza, Bertha and Wendy.

137.   Defendants knew or should have known that the conduct of the Defendants and Defendants' employees would cause Plaintiffs severe emotional distress and that Plaintiff Maritza's developmental and mental health would rapidly deteriorate.

138.   Defendant City, MPD, and/or County are liable for Plaintiffs injuries due to the negligence of City, MPD, and/or County's employees, under California Government Code § 815.2.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for judgment as follows:

139.   A declaration that Defendants' conduct as alleged herein violated and continues to violate Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, California Government Code § 11135, the Unruh Civil Rights Act, and the California Disabled Persons Act;

140.   A permanent injunction against Defendants, including but not limited to the following:

a) Ordering Defendants to cease all discriminatory actions against individuals with mental disabilities, including autism and mental retardation;

b) Ordering Defendants to cease all discriminatory actions against individuals associated with an individual with a mental disability on the basis of that disability;

c) Ordering Defendants to establish and enforce a department-wide policy of non-discrimination against individuals with mental disabilities, including autism and mental retardation;

d) Ordering Defendants to train all officers and employees to provide reasonable accommodations and equal treatment and services to individuals with

1    mental disabilities as provided by the Americans With Disabilities Act, Section 504

2    of the Rehabilitation Act, and California disability rights statutes;

3        e) Ordering Defendants to provide all officers and employees with training

4    regarding the behavior and special needs of individuals with mental disabilities,

5    especially autism and mental retardation.

6    141.  Damages to Plaintiffs Maritza, Bertha, and Wendy, according to proof;

7    142.  Plaintiffs' attorneys' fees and costs of this suit as provided by law; and

8    143.  Grant such other and further relief as the Court deems just and proper.

9

10   Respectfully submitted this _16_ day of September, 2009.

11

12                               DISABILITY RIGHTS LEGAL CENTER

13                        By: _____

14

15                               DEBRA J. PATKIN
                                 Attorney for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF AND DAMAGES

1  **JURY DEMAND**

2        Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a

3  trial by jury on each and every issue so triable.

4

5  Dated:  September  16 2009          DISABILITY RIGHTS LEGAL CENTER

6

7                                  By: _____

8                                       DEBRA J. PATKIN
                                         Attorney for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

## CV09- 6734 SJO (RCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Paula D. Pearlman SBN 109038
paula.pearlman@lls.edu
DISABILITY RIGHTS LEGAL CENTER
919 Albany Street
Los Angeles, CA 90015
Tel: 213-736-1031  (See attachment for add'l atty's)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARITZA SANCHEZ MARTINEZ, an individual, by and through her mother and guardian ad litem BERTHA MARTINEZ          (see attachment)<br><br>PLAINTIFF(S)<br><br>v.<br><br>CITY OF MAYWOOD, a public entity, MAYWOOD POLICE DEPARTMENT, a public entity, COUNTY OF LOS ANGELES, a public entity    (see attachment)<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV 09-06734  SJO  (RCx)**<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S):  City of Maywood, a public entity, Maywood Police Department, a public entity, County of Los Angeles, a public entity, Andrew Serrata, an individual   (see attachment for add'l def.)

A lawsuit has been filed against you.

Within  20  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Shawna L. Parks _____, whose address is  Disability Rights Legal Center, 919 Albany Street, Los Angeles, CA 90015 _____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  SEP 2 2 2009 _____

By: _____

LARRY HORN

Deputy Clerk

(Seal of the Court)

1192

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                          **SUMMONS**

1

**ATTACHMENT TO SUMMONS**

2

3   <u>ADDITIONAL ATTORNEY INFORMATION</u>:

4
    Shawna L. Parks (CA Bar No. 208301)
5   shawna.parks@lls.edu
    Debra Patkin (CA Bar No. 252197)
6   debra.patkin@lls.edu
    Matthew D. Strugar (CA Bar No. 232951)
7   matthew.strugar@lls.edu
    DISABILITY RIGHTS LEGAL CENTER
8   919 Albany Street
    Los Angeles, California 90015
9   Tel:  (213) 736-1031; Fax:  (213) 736-1428

10  CYNTHIA ANDERSON-BARKER, (CA Bar No. 175764)§

11  cablaw@hotmail.com

12  LAW OFFICES OF CYNTHIA ANDERSON-BARKER
    3435 Wilshire Blvd., Ste 2900, Los Angeles, CA 90010
13  Tel: (213) 381-3246
14  Fax: (213) 252-0091

15  <u>ADDITIONAL PLAINTIFFS</u>

16

17  BERTHA MARTINEZ, an individual, and WENDY SANCHEZ, an individual

18

19  <u>ADDITIONAL DEFENDANTS</u>

20
    ANDREW SERRATA, an individual, MPD OFFICER GARCIA, an individual,
21  DAVID ISHIBASHI, an individual, and Does 1 through 10, individuals sued in
22  their individual capacities, inclusive

23

24  <u>TO DEFENDANTS</u>

25
    MPD OFFICER GARCIA, an individual, DAVID ISHIBASHI, an individual, and
26  Does 1 through 10, individuals sued in their individual capacities, inclusive

27

28

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| MARITZA SANCHEZ MARTINEZ, an individual, by and through her mother and guardian ad litem, BERTHA MARTINEZ; BERTHA MARTINEZ, an individual, and WENDY SANCHEZ, an individual | CITY OF MAYWOOD, a public entity, MAYWOOD POLICE DEPARTMENT, a public entity, COUNTY OF LOS ANGELES, a public entity, ANDREW SERRATA, an individual  (see attachment for additional defendants) |
| County of Los Angeles | County of Los Angeles |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Paula D. Pearlman<br>Disability Rights Legal Center, 919 Albany Street, Los Angeles, CA 90015<br>Tel: 213-736-1031     (see attachment for additional attorney information) | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No     ☑ MONEY DEMANDED IN COMPLAINT: $ Per Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
ADA, Title II; Sec. 504 of Rehabilitation Act of 1973; Fourteenth Amendment; CA Gov. Code Section 11135;  (see attachment for additional information)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☑ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV 09-06734**

FOR OFFICE USE ONLY:     Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  9-16-09

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# ATTACHMENT TO CIVIL COVER SHEET

## ADDITIONAL ATTORNEY INFORMATION:

Shawna L. Parks (CA Bar No. 208301)
shawna.parks@lls.edu
Debra Patkin (CA Bar No. 252197)
debra.patkin@lls.edu
Matthew D. Strugar (CA Bar No. 232951)
matthew.strugar@lls.edu
DISABILITY RIGHTS LEGAL CENTER
919 Albany Street
Los Angeles, California 90015
Tel: (213) 736-1031; Fax: (213) 736-1428

CYNTHIA ANDERSON-BARKER, (CA Bar No. 175764)§
cablaw@hotmail.com
LAW OFFICES OF CYNTHIA ANDERSON-BARKER
3435 Wilshire Blvd., Ste 2900, Los Angeles, CA 90010
Tel: (213) 381-3246
Fax: (213) 252-0091

## ADDITIONAL DEFENDANTS

MPD OFFICER GARCIA, an individual, DAVID ISHIBASHI, an individual, and Does 1 through 10, individuals sued in their individual capacities, inclusive

## ADDITIONAL CAUSES OF ACTION

Unruh Civil Rights Act; California Disabled Persons Act; Infliction of Emotional Distress; Negligence