BOHM, MATSEN, KEGEL & AGUILERA, LLP
Lee A. Wood, Esq. – Of Counsel (SBN 58676)
Jonyson A. Pierce, Esq. (SBN 164819)
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
Telephone: (714) 384-6500
Facsimile: (714) 384-6501

Attorneys for Defendants
CITY OF MAYWOOD, MAYWOOD POLICE DEPARTMENT, ANDREW SERRATA and FRANK GARCIA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTHA MARTINEZ, an individual, MARITZA SANCHEZ MARTINEZ, an individual, and WENDY SANCHEZ, an individual<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MAYWOOD, a public entity, MAYWOOD POLICE DEPARTMENT, a public entity, COUNTY OF LOS ANGELES, a public entity, ANDREW SERRATA, an individual, MPD OFFICER GARCIA, an individual, DAVID ISHIBASHI, an individual, and Does 1 through 10, individuals sued in their individual capacities, inclusive<br><br>Defendants. | CASE NO. CV 09-06734 SJO (RCx)<br>Judge: S. James Otero<br><br>**STIPULATION RE [PROPOSED] PROTECTIVE ORDER** and ORDER<br><br>NOTE CHANGES MADE BY THE COURT.<br><br>*(For Determination By Magistrate Judge Rosalyn M. Chapman)* |

1. <u>PURPOSES AND LIMITATIONS</u>

Whereas the undersigned parties to action desire a Protective Order for the

purpose of protecting confidential information and materials which may be the subject of discovery in this matter, by controlling the use of and access to such information. As used herein, "Protected Material" shall mean information which constitutes, reflects or discloses confidential information of the designating person which that person wished to maintain in confidence. Protected Material shall include that information covered by, inter alia, California Penal Code §§164e, 832.5, 832.7 and 1328.5, Vehicle Code §1808.4, the good cause requirements of Code of Civil Procedure § 2031, Cal. Evid. Code §§ 990-1007, and §§ 1110-1027, and Article I, Section I of the California Constitution (hereinafter "Protected Material"). The parties acknowledge that this Stipulation does not confer blanket protections on all testimony, disclosures or responses in discovery and that the protection it affords extends to the information and related items indicated above.

2. SCOPE

The protections conferred by this Stipulation cover not only Protected Material but also any information contained therein, as well as all copies, excerpts, summaries or compilations thereof, plus testimony by parties, witnesses or presentation by counsel in court or in other settings in which Protected Material may be disclosed. Notwithstanding the existence of this Stipulation, Counsel, the parties, or third persons shall not be required to produce the personal residential address, medical and/or psychiatric information, social security number, drivers license or related information, financial account number or information contained in related records, or other confidential information of any party, or agent of any party, including the names or contact information of family members or personal acquaintances contained in any documents which are produced.

3. DOCUMENTS

In connection with the production of documents in this action, any designating person shall stamp, mark or otherwise designate any document comprising, containing or referring to Protected Material produced or to be produced by or in

1 connection with this litigation as "Confidential - Subject to Protective Order." Designation of documents containing Protected Material will be made on an individual, document-by-document basis and upon a good-faith determination by the producing party of a document's confidentiality.

4. DEPOSITION TESTIMONY

The testimony taken at a deposition or the deposition transcript as a whole may be designated as "Confidential" by making a statement to that effect on the record at the deposition/other proceeding, or by notifying the other parties and the Court Reporter of such designation within twenty (20) calendar days of the conclusion of the deposition of that witness. Arrangements shall be made with the court reporter transcribing such proceeding to separately bind such portions of the transcript containing Protected Material and to label that transcript "Confidential." Wherever any documents, information or other Protected Material may be discussed or disclosed in a deposition, any party claiming confidentiality may exclude from the room any non-authorized person. ~~The court reporter shall be required to execute a copy of Exhibit A, which shall be bound with the transcript.~~

5. DISCLOSURE OF CONFIDENTIAL INFORMATION

"Confidential" matters may be disclosed to the following persons only:

(a) a party, or an officer, director or employee of a party deemed necessary by counsel to aid in the prosecution, defense or settlement of this action;

(b) an expert or professional consultant to any party (along with clerical or secretarial staff);

(c) the attorney(s) of record, including paralegals, clerks, legal assistants and support personnel;

(d) the Court and its personnel;

(e) court reporters employed in this action;

(f) a witness at a deposition or other proceeding in this action and/or counsel for such witness. Such a witness may only have access to the information if

1 he or she is testifying regarding the matter which is confidential and only if the
2 witness (and their counsel, if any) agree(s) to keep the matter confidential; and,
3       (g)   any person of whom the parties stipulate in writing or on the
4 record.
5     Prior to receiving any Confidential Material, any such person as described
6 above [other than as described under (d) and (e) above] shall be provided with a copy of this
7 stipulation and the related court order, and shall execute a nondisclosure agreement in
8 the form of Attachment A, a copy of which shall be provided to counsel for each
9 party.
10     6.    **RESTRICTED USE OF CONFIDENTIAL INFORMATION**
11     All materials designated "Confidential" shall only be used for the prosecution,
12 defense or settlement of this lawsuit. Each party shall take all steps necessary to have
13 any authorized third person/entity acknowledge and agree to be bound by the terms of
14 this Order, prior to disclosure of any "Confidential" information to such third party.
15     Within thirty (30) days after entry of dismissal of this action, or termination of
16 this case by way of satisfied settlement, counsel for the parties shall assemble and
17 deliver to each other all documents containing or referencing "Confidential" material.
18 In the event of third party confidential information, such documents shall be delivered
19 to the counsel for the party asserting confidential designation. In the alternative, the
20 producing party and receiving party may further stipulate in writing that all or some
21 documents containing "Confidential" information may be destroyed so long as an
22 appropriate certification satisfactory to the party asserting confidential designation is
23 provided.
24     All copies of deposition transcripts, whether written or video, shall be delivered
25 to counsel for the party asserting confidential designation. All "rough" deposition
26 transcripts and excerpts shall be returned, destroyed or deleted, and the party asserting
27 "Confidential" designation may require certification to that effect from any
28 participant of this Order.

7.   DISCLOSURE OF CONFIDENTIAL INFORMATION

Absent subsequent agreement between the parties or an Order of this court to the contrary, other than as set forth herein, any party or their counsel is precluded from disclosing any information contained within the Protected Material to any other individual, including but not limited to representatives of news gathering organizations and any attorney not presently serving as counsel for the plaintiffs in this action. Such prohibition does not include certified shorthand reporters in the process of reporting a deposition in the present action, ~~subject to the requirements set forth in Section 4 below.~~ Each party reserves its right to seek appropriate relief from the Court if necessary to enforce full compliance with this Order.

8.   COURT PROCEDURES

In the event that any Confidential Material or information derived therefrom is included with, or the contents thereof are disclosed in, any materials that are submitted to the Court, such documents shall be filed *under seal* pursuant to the procedures set forth in Local Rule 79. If a motion to seal is not properly filed or granted, the parties will continue to undertake all reasonable steps to maintain the confidentiality of the Protected Material.

This Stipulation shall be without prejudice to the right of the parties to bring before the Court at any time the question of whether any particular document or information is entitled to confidentiality or whether its use should be restricted; or to present a motion to the Court for a separate protective order as to any particular documents or information, including restrictions differing from those as specified herein. The party requesting confidentiality shall have the burden of showing that such designation is appropriate. An appropriate basis for seeking to have a document designated as "Confidential" by the Court shall be that the document or materials, or portions thereof, are necessary as evidence in the prosecution or defense of the action.

Counsel shall first undertake a good faith effort to resolve any such issue prior to submission to judicial intervention. Counsel moving on question of whether any

1  particular document or information is entitled to confidentiality or whether its use
2  should be restricted shall confer with counsel for the opposing party within four (4)
3  days after the moving party serves a letter requesting such conference. Otherwise, any
4  such motion shall be subject to the Court's rules governing discovery, including but
5  not limited to as set forth under Local Rule 37.

6       A party intending to utilize any Protected Material in any motion or other court
7  proceeding not covered under the terms of this stipulation and related court order
8  shall notify the other party, in writing, at least ten (10) days in advance of any filing
9  of the intent to utilize such information and to allow the designating party to seek
10 appropriate protection from the Court, if necessary.

11     9.    <u>NO ADMISSION OR WAIVER</u>

12      This Stipulation is entered solely for the purpose of facilitating the exchange of
13 information and testimony of individuals without unnecessarily involving the Court.
14 Nothing in this Stipulation, or any proceeding pursuant to this Stipulation, shall be
15 deemed to have the effect of an admission or waiver by any party or of altering the
16 confidentiality or non-confidentiality of any such document or information or altering
17 any existing obligation of any party or the absence thereof. Nothing in this
18 Stipulation shall be deemed to impact in any way a party's right to object to any
19 discovery request on any grounds.

20     10.    <u>PARTIES' OWN INFORMATION</u>

21      The restrictions on the use of Protected Material established by this Stipulation
22 are applicable only to the use of material received from another party to this action or
23 a third-party source.

24     11.    <u>JUDICIAL ENFORCEMENT</u> *for 30 days after entry of Judgment or dismissal*
25      This Court shall retain jurisdiction of this matter for purposes of enforcing the
26 terms of this Order after conclusion of the underlying action.

27

28     IT IS SO STIPULATED.

Case 2:09-cv-06734-SJO-RC Document 40 Filed 03/18/10 Page 7 of 8 Page ID #:277
Case 2:09-cv-06734-SJO-RC Document 38 Filed 03/17/10 Page 7 of 8
03/10/2010 19:55 FAX 2132520091  R. MANN & D.W. COOK  ⌀002/002

BOHM, MATSEN, KEGEL & AGUILERA, LLP

Dated: March 17, 2010 By: _____/s/_____
Jonyson A. Pierce
Attorneys for Defendants,
CITY OF MAYWOOD, MAYWOOD
POLICE DEPARTMENT, ANDREW
SERRATA and MPD OFFICER GARCIA

LAWRENCE BEACH ALLEN & CHOI, PC

Dated: March 17, 2010 By: _____/s/_____
Daniel Lee
Attorneys for Defendants,
COUNTY OF LOS ANGELES and
DAVID ISHIBASHI

DISABILITY RIGHTS LEGAL CENTER

Dated: March 10, 2010 By: _____
Matthew Strugar
Attorneys for Plaintiffs

LAW OFFICES OF CYNTHIA ANDERSON-BARKER

Dated: March 10, 2010 By: _____
Cynthia Anderson-Barker
Attorneys for Plaintiffs

IT IS SO ORDERED as amended at paras. 4, 5, 7 + 11

_____  3/18/2010
ROSALYN M. CHAPMAN
U.S. MAGISTRATE JUDGE

7
STIPULATION RE [PROPOSED] PROTECTIVE ORDER

# EXHIBIT A

## AGREEMENT TO BE BOUND BY CONFIDENTIALITY STIPULATION

I, _____, (business address and telephone number ) _____ hereby acknowledge and certify that I have received a copy of the stipulation of confidentiality in the matter of Order entered in *Bertha Martinez, et al. v. City of Maywood, et al.* I have read and understand the Stipulation. I agree to be bound by all the provisions of the Order and to comply with its terms.

I understand and agree that I shall not reveal any information that I receive pursuant to this Stipulation to anyone other than counsel for the parties in the lawsuit entitled *Bertha Martinez, et al. v. City of Maywood, et al.*, Case No. 09-06734 SJO (RCx).

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this _____ day of _____, 2009.

Location: _____

Name: _____

Signature: _____