**<u>EXHIBIT G</u>**

DISABILITY RIGHTS LEGAL CENTER
Paula D. Pearlman, State Bar No. 109038
paula.pearlman@lls.edu
Shawna L. Parks, State Bar No. 208301
shawna.parks@lls.edu
Matthew D. Strugar, State Bar No. 232951
matthew.strugar@lls.edu
919 Albany Street
Los Angeles, California 90015
Tel: (213) 252-7406
Fax: (213) 736-1428

Attorneys for Plaintiffs (continued on next page)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MARITZA SANCHEZ MARTINEZ, an individual, by and through her mother and guardian ad litem, BERTHA MARTINEZ, BERTHA MARTINEZ, an individual, and WENDY SANCHEZ, an individual

Plaintiffs,

v.

CITY OF MAYWOOD, a public entity, MAYWOOD POLICE DEPARTMENT, a public entity, COUNTY OF LOS ANGELES, a public entity, ANDREW SERRATA, an individual, MPD OFFICER GARCIA, an individual, DAVID ISHIBASHI, an individual, and Does 1 through 10, individuals sued in their individual capacities, inclusive

Defendants.

Case No. CV09-0795 ABC (JWJx)

**PLAINTIFF WENDY SANCHEZ'S RESPONSE TO DEFENDANT ANDREW SERRATA'S SPECIAL INTERROGATORIES**

Judge: Hon. Audrey B. Collins
Complaint Filed: February 2, 2009

-1-

1  CYNTHIA ANDERSON-BARKER, State Bar No. 175764
2  cablaw@hotmail.com
   LAW OFFICES OF CYNTHIA ANDERSON-BARKER
3  3435 Wilshire Blvd., Ste 2900, Los Angeles, CA 90010
4  Tel: (213) 381-3246
   Fax: (213) 252-0091
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF WENDY SANCHEZ'S RESPONSE TO DEFENDANT ANDREW SERRATA'S FIRST SET OF SPECIAL
INTERROGATORIES

**PROPOUNDING PARTIES:** Defendant, Andrew Serrata

**RESPONDING PARTY:**     Plaintiff, Wendy Sanchez

**SET NO.:**              ONE (1)

Plaintiff Wendy Sanchez ("Wendy") responds and objects to Defendant's Interrogatories to Plaintiff, as follows:

## DEFINITIONS

1. "Wendy" means Wendy Sanchez, a Plaintiff in this action.

2. "Defendants" means City of Maywood, Maywood Police Department, County of Los Angeles, Andrew Seratta, MPD Officer Andrew Serrata, and David Ishibashi.

## GENERAL OBJECTIONS

To avoid undue repetition, Wendy makes the following general objections to Defendant's Interrogatories to Plaintiff. To the extent applicable, each general objection is part of the specific objection to each request whether or not specifically incorporated. The statement of any general or specific objection herein does not act as a waiver of any other general or specific objection.

1. Wendy's investigation and discovery in this matter are continuing and may reveal additional information that may be responsive to the Defendant's Interrogatories. Wendy's further investigation and discovery also may reveal that the facts on which she bases her responses to the Defendant's Interrogatories are imperfectly understood. Wendy responds to Defendant's Interrogatories based upon the information and documents presently known and available to her, and reserves the right to supplement or modify her responses based upon subsequently discovered or acquired information and/or documents. Wendy expressly reserves the right to rely on, at any time, including, but not limited to, trial, subsequently discovered information and/or documents or other information or evidence omitted from Defendant's Interrogatories as a result of error, oversight or inadvertence.

2. Wendy bases these objections and responses on the assumption that Defendants, in

PLAINTIFF WENDY SANCHEZ'S RESPONSE TO DEFENDANT ANDREW SERRATA'S FIRST SET OF SPECIAL INTERROGATORIES

1 | propounding these requests, did not intend to seek information protected against

2 | discovery by the attorney-client privilege, the attorney work-product doctrine or

3 | documents that contain or reflect impressions, conclusions, opinion, legal research or

4 | theories of Plaintiff's attorneys or her agents.  To the extent that Defendants' requests, or

5 | any part thereof, are intended to elicit such information, Wendy objects thereto and

6 | asserts the privileges provided in and by the foregoing doctrines to the fullest extent

7 | permitted by law.

8 |     3. Wendy objects to these requests to the extent that they seek information or

9 | documents protected from disclosure by the right to privacy provided by the California

10 | Constitution, Art. 1, § 1, the good cause requirements of Code of Civil Procedure § 2031,

11 | the Ninth Amendment to the United States Constitution, or any other applicable privilege.

12 |     4. Wendy objects to each of Defendant's Interrogatories to the extent it is vague,

13 | ambiguous and uncertain.  Notwithstanding this objection, Wendy has made an effort to

14 | respond to each of Defendant's Interrogatories, where possible, as she understands and

15 | interprets it, but reserves the right to amend or supplement its responses should the Court

16 | or Defendant later assert a different interpretation.

17 |     5. Wendy objects to these interrogatories to the extent that they ask for information

18 | that is irrelevant to the subject matter of this action and not reasonably calculated to lead

19 | to the discovery of admissible evidence.

20 |     6. Wendy objects to these interrogatories to the extent they seek information equally

21 | available to and/or already in the possession of Defendants.

22 |     7. Wendy responses and objections are made without, in any matter, waiving: (a) the

23 | right to assert any other applicable objection to the interrogatory; (b) the right to object to

24 | the use of any answer for any purpose, in this action or in any other action, on the grounds

25 | of privilege, relevancy, materiality or any other appropriate grounds; (c) the right to

26 | object to any further request for admission or interrogatory relating to the subject matter

27 | of the answers herein; and (d) the right to revise, correct or clarify any of these responses

28 | at any time.

-4-

1   Plaintiffs' home on August 25, 2008. Defendants failed to make necessary modification
2   in policies, practices, and procedures in order to avoid discrimination against Plaintiffs on
3   the basis of Maritza's disability and intentionally discriminated against Plaintiffs on the
4   basis of Maritza's disability. Both Officers Garcia and Serrata harassed, frightened, and
5   verbally abused Wendy by threatening to take her sister into custody. Further, Defendants
6   refused to allow Wendy to change Maritza's soiled clothing, and refused to allow Wendy
7   to see her mother or to bring Maritza to Bertha.

8
9
10  **INTERROGATORY NO. 4:**
11      If you contend Office [sic] Andrew Serrata intentionally did any act which resulted in
12  injury to you during the events which are the subject of your lawsuit, identify by full
13  name, address and telephone number each and every person who has knowledge of facts
14  supporting your contention.

15
16  **RESPONSE TO INTERROGATORY NO. 4:**
17      Wendy's investigation in this case is ongoing and she expressly reserves the right to
18  amend, modify or supplement the information contained in this response as new
19  information becomes available.  Wendy incorporates by reference the foregoing General
20  Objections as though fully set forth herein.  Wendy further objects to this Interrogatory on
21  the ground that it is overbroad. Subject to and without waiving any of her objections,
22  Wendy responds as follows: Persons who have knowledge of these facts are listed in
23  Plaintiffs' F.R.C.P. 26 Initial Disclosures.

24
25  **INTERROGATORY NO. 5:**
26      State each and every word Officer Andrew Serrata said to you during the events which
27  are the subject of your lawsuit.

28

PLAINTIFF WENDY SANCHEZ'S RESPONSE TO DEFENDANT ANDREW SERRATA'S FIRST SET OF SPECIAL
INTERROGATORIES

1    **RESPONSE TO INTERROGATORY NO. 5:**

2      Wendy's investigation in this case is ongoing and she expressly reserves the right to

3    amend, modify or supplement the information contained in this response as new

4    information becomes available.  Wendy incorporates by reference the foregoing General

5    Objections as though fully set forth herein.  Wendy further objects to this Interrogatory on

6    the ground that it is overbroad and burdensome.  Wendy further objects to this

7    interrogatory to the extent they seek information equally available to and/or already in the

8    possession of Defendants.  Subject to and without waiving any of her objections, Wendy

9    responds as follows: Wendy cannot recall each and every word Officer Serrata said to her

10    during the events that are the subject of her lawsuit. When Wendy arrived in the backyard

11    and witnessed her mother having difficulty breathing, Officer Serrata said, *inter alia*,

12    words to the affect of effect of "Stay away from your mother; she's just acting."

13

14    **INTERROGATORY NO. 6:**

15      If you contend Officer Andrew Serrata acted with intent to inflict you with emotional

16    distress during the events which are the subject of your lawsuit, state each and every fact

17    upon which you base your contention.

18

19    **RESPONSE TO INTERROGATORY NO. 6:**

20    Wendy's investigation in this case is ongoing and she expressly reserves the right to

21    amend, modify or supplement the information contained in this response as new

22    information becomes available.  Wendy incorporates by reference the foregoing General

23    Objections as though fully set forth herein.  Wendy further objects to this Interrogatory on

24    the ground that it is overbroad. Wendy further objects to this Interrogatory on the ground

25    that it calls for an improper legal conclusions. Subject to and without waiving any of her

26    objections, Wendy responds as follows: Defendants, with knowledge of Maritza's severe

27    autism and mental retardation, and knowledge of Maritza's total dependence on her

28    mother Bertha, intentionally separated Maritza from Bertha during the execution of a

**INTERROGATORY NO. 14:**

Identify by full name, address and telephone number each and every person known to you, your attorneys, agents, or representatives, who recorded any of the events which are the subject of your lawsuit, whether audio, video, camera, or phone recorded.

**RESPONSE TO INTERROGATORY NO. 14:**

Wendy's investigation in this case is ongoing and she expressly reserves the right to amend, modify or supplement the information contained in this response as new information becomes available. Wendy incorporates by reference the foregoing General Objections as though fully set forth herein. Wendy further objects to this Interrogatory on the ground that it is overbroad and burdensome. Wendy further objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege and the attorney work-product doctrine.  Subject to and without waiving any of her objections, Wendy responds as follows: Wendy is not aware of any individuals who recorded the events at issue in this lawsuit.

**INTERROGATORY NO. 15:**

If you contend Officer Andrew Serrata had a history of violating the civil rights of citizens before the incident which is the subject of your lawsuit, state each and every fact upon which you base your contention.

**RESPONSE TO INTERROGATORY NO. 15:**

Wendy's investigation in this case is ongoing and she expressly reserves the right to amend, modify or supplement the information contained in this response as new information becomes available.  Wendy incorporates by reference the foregoing General Objections as though fully set forth herein.  Wendy further objects to this Interrogatory on the ground that it is overbroad.  Wendy further objects to this Interrogatory on the ground

that it is equally available to or already in the possession of the defense. Subject to and without waiving any of her objections, Wendy responds as follows: Wendy presently has no knowledge of whether or not Officer Serrata had a history of violating the civil rights of citizens prior to the incident which is the subject of this lawsuit.

**INTERROGATORY NO. 16:**

If you contend Officer Andrew Serrata had a history of violating the civil rights of citizens before the incident which is the subject of your lawsuit, identify by full name, address and telephone number each and every person who has knowledge of facts supporting your contention.

**RESPONSE TO INTERROGATORY NO. 16:**

Wendy's investigation in this case is ongoing and she expressly reserves the right to amend, modify or supplement the information contained in this response as new information becomes available. Wendy incorporates by reference the foregoing General Objections as though fully set forth herein. Wendy further objects to this Interrogatory on the ground that it is overbroad and burdensome. Wendy further objects to this Interrogatory on the ground that it is equally available to or already in the possession of the defense. Subject to and without waiving any of her objections, Wendy responds as follows: Wendy presently has no knowledge of whether or not Officer Serrata had a history of violating the civil rights of citizens prior to the incident which is the subject of this lawsuit.

**INTERROGATORY NO. 17:**

If you contend Officer Andrew Serrata had a history of professional misconduct before the incident which is the subject of your lawsuit, state each and every fact upon which you base your contention.

PLAINTIFF WENDY SANCHEZ'S RESPONSE TO DEFENDANT ANDREW SERRATA'S FIRST SET OF SPECIAL INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 17:**

Wendy's investigation in this case is ongoing and she expressly reserves the right to amend, modify or supplement the information contained in this response as new information becomes available. Wendy incorporates by reference the foregoing General Objections as though fully set forth herein. Wendy further objects to this Interrogatory on the ground that it is overbroad and burdensome. Wendy further objects to this Interrogatory on the ground that it is equally available to or already in the possession of the defense. Subject to and without waiving any of her objections, Wendy responds as follows: Wendy presently has no knowledge of whether or not Officer Serrata has a history of professional misconduct prior to or since the incident which is the subject of this lawsuit.

**INTERROGATORY NO. 18:**

If you contend Officer Andrew Serrata had a history of professional misconduct before the incident which is the subject of your lawsuit, identify by full name, address and telephone number each and every person who has knowledge of facts supporting your contention.

//
//
//
//
//
//
//
//
//
//

-16-

**RESPONSE TO INTERROGATORY NO. 18:**

Wendy's investigation in this case is ongoing and she expressly reserves the right to amend, modify or supplement the information contained in this response as new information becomes available. Wendy incorporates by reference the foregoing General Objections as though fully set forth herein. Wendy further objects to this Interrogatory on the ground that it is overbroad and burdensome. Wendy further objects to this Interrogatory on the ground that it is equally available to or already in the possession of the defense. Subject to and without waiving any of her objections, Wendy responds as follows: Wendy presently has no knowledge of whether or not Officer Serrata has a history of professional misconduct prior to or since the incident which is the subject of this lawsuit.


DATED: January 21 , 2010             DISABILITY RIGHTS LEGAL

CENTER


By: _____
      Matthew Strugar
      Attorney for Plaintiff

## VERIFICATION

I have read the foregoing Responses to Interrogatories and know the contents thereof.

I certify that the same are true of my own knowledge.

I declare under the penalty of perjury under the law of the State of California and the United States of America that the foregoing is true and correct.

Dated: 1/22/2010

Wendy Sanchez

## PROOF OF SERVICE

### *Martinez et al. v. City of Maywood, et al.*
### *Case No. CV 09-06734 SJO (RCx)*

I certify that I am authorized to serve documents in this action, as I am over the age of 18 and not a party to the action. I am employed in the County of Los Angeles, State of California, at the Disability Rights Legal Center, in the office of a member of the Bar of this Court at whose direction service was made. My business address is 919 Albany Street, Los Angeles, California 90015. On the date below, I served the foregoing document:

**PLAINTIFF WENDY SANCHEZ'S RESPONSE TO DEFENDANT ANDREW SERRATA'S SPECIAL INTERROGATORIES**

[ ]    BY PERSONAL SERVICE:  I caused such sealed envelope(s) to be delivered by hand to the addressee(s) listed above.

[ X ]    BY MAIL: I placed a true copy of the foregoing document(s) in a sealed envelope addressed to each interested party addressed as set forth below.  I placed each such envelope for collection and mailing at the Disability Rights Legal Center at Loyola Law School, Los Angeles, California.  I am readily familiar with Loyola Law School's practice for collecting and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

True copies were addressed to and served upon:

**BOHM, MATSEN, KEGEL & AGUILERA, LLP**
**Jonyson A. Pierce, Esq.**
**695 Town Center Drive, Suite 700**
**Costa Mesa, CA 92626**

**LAWRENCE, BEACH, ALLEN & CHOI, PC**
**Paul B. Beach, Esq.**
**Daniel Lee, Esq.**
**100 West Broadway, Suite 1200**
**Glendale, CA 91210-1219**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 22, 2010 at Los Angeles, California.

Steve A. Cuellar

**<u>EXHIBIT H</u>**

1
2
3
4
5
6
7
8

DISABILITY RIGHTS LEGAL CENTER
Paula D. Pearlman, State Bar No. 109038
paula.pearlman@lls.edu
Shawna L. Parks, State Bar No. 208301
shawna.parks@lls.edu
Matthew D. Strugar, State Bar No. 232951
matthew.strugar@lls.edu
919 Albany Street
Los Angeles, California 90015
Tel: (213) 736-1031
Fax: (213) 736-1428

9
10

Attorneys for Plaintiffs (continued on next page)

11

## UNITED STATES DISTRICT COURT

12

## CENTRAL DISTRICT OF CALIFORNIA

13
14
15
16

MARITZA SANCHEZ MARTINEZ,
an individual, by and through her mother
and guardian ad litem, BERTHA
MARTINEZ, BERTHA MARTINEZ, an
individual, and WENDY SANCHEZ, an
individual

17

            Plaintiffs,
        v.

18
19
20
21
22
23
24
25
26

CITY OF MAYWOOD, a public
entity, MAYWOOD POLICE
DEPARTMENT, a public entity,
COUNTY OF LOS ANGELES, a public
entity, ANDREW SERRATA, an
individual, MPD OFFICER ANDREW
SERRATA, an individual, DAVID
ISHIBASHI, an individual, and Does 1
through 10, individuals sued in their
individual capacities, inclusive
            Defendants.

Case No. CV09-0795 ABC (JWJx)

**PLAINTIFF BERTHA
MARTINEZ'S RESPONSE TO
DEFENDANT ANDREW
SERRATA'S SPECIAL
INTERROGATORIES**

Judge: Hon. Audrey B. Collins
Complaint Filed: February 2, 2009

27
28

PLAINTIFF BERTHA MARTINEZ'S RESPONSE TO DEFENDANT ANDREW SERRATA'S FIRST SET OF SPECIAL
INTERROGATORIES

1

2  CYNTHIA ANDERSON-BARKER, State Bar No. 175764
3  cablaw@hotmail.com
   LAW OFFICES OF CYNTHIA ANDERSON-BARKER
4  3435 Wilshire Blvd., Ste 2900, Los Angeles, CA 90010
5  Tel: (213) 381-3246
   Fax: (213) 252-0091
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF BERTHA MARTINEZ'S RESPONSE TO DEFENDANT ANDREW SERRATA'S FIRST SET OF SPECIAL
INTERROGATORIES

**PROPOUNDING PARTIES:**     Defendant, Andrew Serrata

**RESPONDING PARTY:**        Plaintiff, Bertha Martinez

**SET NO.:**                 ONE (1)

Plaintiff Bertha Martinez ("Bertha") responds and objects to Defendant's Interrogatories to Plaintiff, as follows:

## DEFINITIONS

1. "Bertha" means Bertha Martinez, a Plaintiff in this action.

2. "Defendants" means City of Maywood, Maywood Police Department, County of Los Angeles, Andrew Seratta, MPD Officer Andrew Serrata, and David Ishibashi.

## GENERAL OBJECTIONS

To avoid undue repetition, Bertha makes the following general objections to Defendant's Interrogatories to Plaintiff. To the extent applicable, each general objection is part of the specific objection to each request whether or not specifically incorporated. The statement of any general or specific objection herein does not act as a waiver of any other general or specific objection.

1. Bertha's investigation and discovery in this matter are continuing and may reveal additional information that may be responsive to the Defendant's Interrogatories. Bertha's further investigation and discovery also may reveal that the facts on which she bases her responses to the Defendant's Interrogatories are imperfectly understood. Bertha responds to Defendant's Interrogatories based upon the information and documents presently known and available to her, and reserves the right to supplement or modify her responses based upon subsequently discovered or acquired information and/or documents. Bertha expressly reserves the right to rely on, at any time, including, but not limited to, trial, subsequently discovered information and/or documents or other information or evidence omitted from Defendant's Interrogatories as a result of error, oversight or inadvertence.

2. Bertha bases these objections and responses on the assumption that Defendants, in

1   propounding these requests, did not intend to seek information protected against

2   discovery by the attorney-client privilege, the attorney work-product doctrine or

3   documents that contain or reflect impressions, conclusions, opinion, legal research or

4   theories of Plaintiff's attorneys or her agents.  To the extent that Defendants' requests, or

5   any part thereof, are intended to elicit such information, Bertha objects thereto and asserts

6   the privileges provided in and by the foregoing doctrines to the fullest extent permitted by

7   law.

8      3. Bertha objects to these requests to the extent that they seek information or

9   documents protected from disclosure by the right to privacy provided by the California

10   Constitution, Art. 1, § 1, the good cause requirements of Code of Civil Procedure § 2031,

11   the Ninth Amendment to the United States Constitution, or any other applicable privilege.

12      4. Bertha objects to each of Defendant's Interrogatories to the extent it is vague,

13   ambiguous and uncertain.  Notwithstanding this objection, Bertha has made an effort to

14   respond to each of Defendant's Interrogatories, where possible, as she understands and

15   interprets it, but reserves the right to amend or supplement its responses should the Court

16   or Defendant later assert a different interpretation.

17      5. Bertha objects to these interrogatories to the extent that they ask for information that

18   is irrelevant to the subject matter of this action and not reasonably calculated to lead to

19   the discovery of admissible evidence.

20      6. Bertha objects to these interrogatories to the extent they seek information equally

21   available to and/or already in the possession of Defendants.

22      7. Bertha responses and objections are made without, in any matter, waiving: (a) the

23   right to assert any other applicable objection to the interrogatory; (b) the right to object to

24   the use of any answer for any purpose, in this action or in any other action, on the grounds

25   of privilege, relevancy, materiality or any other appropriate grounds; (c) the right to

26   object to any further request for admission or interrogatory relating to the subject matter

27   of the answers herein; and (d) the right to revise, correct or clarify any of these responses

28   at any time.

1 | Bertha responds as follows: Persons who have knowledge of these facts are listed in
2 | Plaintiffs' F.R.C.P. 26 Initial Disclosures.

3

4 | **INTERROGATORY NO. 5:**

5 | State each and every word Officer Andrew Serrata said to you during the events which
6 | are the subject of your lawsuit.

7

8 | **RESPONSE TO INTERROGATORY NO. 5:**

9 | Bertha's investigation in this case is ongoing and she expressly reserves the right to
10 | amend, modify or supplement the information contained in this response as new
11 | information becomes available. Bertha incorporates by reference the foregoing General
12 | Objections as though fully set forth herein. Bertha further objects to this Interrogatory on
13 | the ground that it is overbroad and burdensome. Bertha further objects to this
14 | interrogatory to the extent they seek information equally available to and/or already in the
15 | possession of Defendants. Subject to and without waiving any of her objections, Bertha
16 | responds as follows: Bertha cannot recall each and every word Officer Serrata said to her
17 | during the events that are the subject of her lawsuit. Officers Garcia and Serrata both
18 | spoke to Bertha for a number of hours during their interaction on August 25, 2008. The
19 | conversation took place in Spanish. Bertha specifically recalls Officer Serrata said words
20 | to the affect of, *inter alia*, "You are a bad woman," "we are going to take your daughter
21 | away," "immigration is going to get you," and "you're probably a *chola* (gangster)."

22

23 | **INTERROGATORY NO. 6:**

24 | If you contend Officer Andrew Serrata acted with intent to inflict you with emotional
25 | distress during the events which are the subject of your lawsuit, state each and every fact
26 | upon which you base your contention.

27

28

1    **RESPONSE TO INTERROGATORY NO. 14:**

2        Bertha's investigation in this case is ongoing and she expressly reserves the right to

3    amend, modify or supplement the information contained in this response as new

4    information becomes available. Bertha incorporates by reference the foregoing General

5    Objections as though fully set forth herein. Bertha further objects to this Interrogatory on

6    the ground that it is overbroad and burdensome. Bertha further objects to this

7    Interrogatory on the ground that it seeks information protected from disclosure by the

8    attorney-client privilege and the attorney work-product doctrine.  Subject to and without

9    waiving any of her objections, Bertha responds as follows: Bertha is not aware of any

10   individuals who recorded the events at issue in this lawsuit.

11

12   **INTERROGATORY NO. 15:**

13       If you contend Officer Andrew Serrata had a history of violating the civil rights of

14   citizens before the incident which is the subject of your lawsuit, state each and every fact

15   upon which you base your contention.

16

17   **RESPONSE TO INTERROGATORY NO. 15:**

18       Bertha's investigation in this case is ongoing and she expressly reserves the right to

19   amend, modify or supplement the information contained in this response as new

20   information becomes available.  Bertha incorporates by reference the foregoing General

21   Objections as though fully set forth herein.  Bertha further objects to this Interrogatory on

22   the ground that it is overbroad.  Bertha further objects to this Interrogatory on the ground

23   that it is equally available to or already in the possession of the defense.  Subject to and

24   without waiving any of her objections, Bertha responds as follows: Bertha presently has

25   no knowledge of whether or not Officer Serrata had a history of violating the civil rights

26   of citizens prior to the incident which is the subject of this lawsuit.

27

28

PLAINTIFF BERTHA MARTINEZ'S RESPONSE TO DEFENDANT ANDREW SERRATA'S FIRST SET OF SPECIAL
INTERROGATORIES

1  **INTERROGATORY NO. 16:**

2  If you contend Officer Andrew Serrata had a history of violating the civil rights of

3  citizens before the incident which is the subject of your lawsuit, identify by full name,

4  address and telephone number each and every person who has knowledge of facts

5  supporting your contention.

6

7  **RESPONSE TO INTERROGATORY NO. 16:**

8  Bertha's investigation in this case is ongoing and she expressly reserves the right to

9  amend, modify or supplement the information contained in this response as new

10  information becomes available. Bertha incorporates by reference the foregoing General

11  Objections as though fully set forth herein. Bertha further objects to this Interrogatory on

12  the ground that it is overbroad and burdensome. Bertha further objects to this

13  Interrogatory on the ground that it is equally available to or already in the possession of

14  the defense. Subject to and without waiving any of her objections, Bertha responds as

15  follows: Bertha presently has no knowledge of whether or not Officer Serrata had a

16  history of violating the civil rights of citizens prior to the incident which is the subject of

17  this lawsuit.

18

19  **INTERROGATORY NO. 17:**

20  If you contend Officer Andrew Serrata had a history of professional misconduct before

21  the incident which is the subject of your lawsuit, state each and every fact upon which

22  you base your contention.

23

24  **RESPONSE TO INTERROGATORY NO. 17:**

25  Bertha's investigation in this case is ongoing and she expressly reserves the right to

26  amend, modify or supplement the information contained in this response as new

27  information becomes available. Bertha incorporates by reference the foregoing General

28  Objections as though fully set forth herein. Bertha further objects to this Interrogatory on

1    the ground that it is overbroad and burdensome.  Bertha further objects to this

2    Interrogatory on the ground that it is equally available to or already in the possession of

3    the defense.  Subject to and without waiving any of her objections, Bertha responds as

4    follows: Bertha presently has no knowledge of whether or not Officer Serrata had a

5    history of professional misconduct prior to or since the incident which is the subject of

6    this lawsuit.

7

8    **INTERROGATORY NO. 18:**

9        If you contend Officer Andrew Serrata had a history of professional misconduct before

10   the incident which is the subject of your lawsuit, identify by full name, address and

11   telephone number each and every person who has knowledge of facts supporting your

12   contention.

13   //

14   //

15   //

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

PLAINTIFF BERTHA MARTINEZ'S RESPONSE TO DEFENDANT ANDREW SERRATA'S FIRST SET OF SPECIAL
INTERROGATORIES

## RESPONSE TO INTERROGATORY NO. 18:

Bertha's investigation in this case is ongoing and she expressly reserves the right to amend, modify or supplement the information contained in this response as new information becomes available. Bertha incorporates by reference the foregoing General Objections as though fully set forth herein. Bertha further objects to this Interrogatory on the ground that it is overbroad and burdensome. Bertha further objects to this Interrogatory on the ground that it is equally available to or already in the possession of the defense. Subject to and without waiving any of her objections, Bertha responds as follows: Bertha presently has no knowledge of whether or not Officer Serrata had a history of professional misconduct prior to or since the incident which is the subject of this lawsuit.

DATED: January 21, 2010          DISABILITY RIGHTS LEGAL CENTER


By: _____
Matthew Strugar
Attorney for Plaintiff

PLAINTIFF BERTHA MARTINEZ'S RESPONSE TO DEFENDANT ANDREW SERRATA'S FIRST SET OF SPECIAL INTERROGATORIES

1

**VERIFICATION**

2    I have read the foregoing Responses to Interrogatories and know the contents

3 thereof.

4    I certify that the same are true of my own knowledge.

5    I declare under the penalty of perjury under the law of the State of California and

6 the United States of America that the foregoing is true and correct.

7

8 Dated: 1/21/10

9                                    Bertha Martinez

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF BERTHA MARTINEZ'S RESPONSE TO DEFENDANT ANDREW SERRATA'S FIRST SET OF SPECIAL
INTERROGATORIES

## Certificate of Translation

I, *Edgar Machado/Campi* am fluent in both English and Spanish, and have translated this document from English to Spanish for Bertha Martinez.

Date: 1/21/2010

_____ (Translator)

-20-

PLAINTIFF BERTHA MARTINEZ'S RESPONSE TO DEFENDANT ANDREW SERRATA'S FIRST SET OF SPECIAL INTERROGATORIES

## PROOF OF SERVICE

*Martinez et al.  v. City of Maywood, et al.*
*Case No. CV 09-06734 SJO (RCx)*

I certify that I am authorized to serve documents in this action, as I am over the age of 18 and not a party to the action.  I am employed in the County of Los Angeles, State of California, at the Disability Rights Legal Center, in the office of a member of the Bar of this Court at whose direction service was made.  My business address is 919 Albany Street, Los Angeles, California 90015.  On the date below, I served the foregoing document:

### PLAINTIFF BERTHA MARTINEZ'S RESPONSE TO DEFENDANT ANDREW SERRATA'S SPECIAL INTERROGATORIES

[ ]   BY PERSONAL SERVICE:  I caused such sealed envelope(s) to be delivered by hand to the addressee(s) listed above.

[ X ]   BY MAIL: I placed a true copy of the foregoing document(s) in a sealed envelope addressed to each interested party addressed as set forth below.  I placed each such envelope for collection and mailing at the Disability Rights Legal Center at Loyola Law School, Los Angeles, California.  I am readily familiar with Loyola Law School's practice for collecting and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

True copies were addressed to and served upon:

**BOHM, MATSEN, KEGEL & AGUILERA, LLP**
**Jonyson A. Pierce, Esq.**
**695 Town Center Drive, Suite 700**
**Costa Mesa, CA 92626**

**LAWRENCE, BEACH, ALLEN & CHOI, PC**
**Paul B. Beach, Esq.**
**Daniel Lee, Esq.**
**100 West Broadway, Suite 1200**
**Glendale, CA 91210-1219**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 22, 2010 at Los Angeles, California.

_____
Steve A. Cuellar

## EXHIBIT I

1  DISABILITY RIGHTS LEGAL CENTER
2  Paula D. Pearlman, State Bar No. 109038
   paula.pearlman@lls.edu
3  Shawna L. Parks, State Bar No. 208301
   shawna.parks@lls.edu
4  Matthew D. Strugar, State Bar No. 232951
5  matthew.strugar@lls.edu
   919 Albany Street
6  Los Angeles, California 90015
7  Tel: (213) 252-7406
8  Fax: (213) 736-1428

9  Attorneys for Plaintiffs (continued on next page)
10

11              UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13  MARITZA SANCHEZ MARTINEZ,
    an individual, by and through her mother      Case No. CV09-0795 ABC (JWJx)
14  and guardian ad litem, BERTHA
    MARTINEZ, BERTHA MARTINEZ, an                 PLAINTIFF BERTHA
15  individual, and WENDY SANCHEZ, an             MARTINEZ'S RESPONSE TO
    individual                                    DEFENDANT GARCIA'S SPECIAL
16                                                INTERROGATORIES
17                    Plaintiffs,
             v.
18                                                Judge: Hon. Audrey B. Collins
    CITY OF MAYWOOD, a public                     Complaint Filed: February 2,
19  entity, MAYWOOD POLICE                        2009
20  DEPARTMENT, a public entity,
    COUNTY OF LOS ANGELES, a public
21  entity, ANDREW SERRATA, an
    individual, MPD OFFICER GARCIA, an
22  individual, DAVID ISHIBASHI, an
    individual, and Does 1 through 10,
23  individuals sued in their individual
24  capacities, inclusive
25                    Defendants.
26
27
28

                              -1-
   PLAINTIFF BERTHA MARTINEZ'S RESPONSE TO DEFENDANT GARCIA'S FIRST SET OF SPECIAL
                              INTERROGATORIES

CYNTHIA ANDERSON-BARKER, State Bar No. 175764
cablaw@hotmail.com
LAW OFFICES OF CYNTHIA ANDERSON-BARKER
3435 Wilshire Blvd., Ste 2900, Los Angeles, CA 90010
Tel: (213) 381-3246
Fax: (213) 252-0091

-2-

PLAINTIFF BERTHA MARTINEZ'S RESPONSE TO DEFENDANT GARCIA'S FIRST SET OF SPECIAL
INTERROGATORIES

**PROPOUNDING PARTIES:** Defendant, Andrew Garcia

**RESPONDING PARTY:**     Plaintiff, Bertha Martinez

**SET NO.:**              ONE (1)

Plaintiff Bertha Martinez ("Bertha") responds and objects to Defendant Garcia's Interrogatories to Plaintiff, as follows:

## DEFINITIONS

1. "Bertha" means Bertha Martinez, a Plaintiff in this action.

2. "Defendants" means City of Maywood, Maywood Police Department, County of Los Angeles, Andrew Seratta, MPD Officer Garcia, and David Ishibashi.

## GENERAL OBJECTIONS

To avoid undue repetition, Bertha makes the following general objections to Defendant's Interrogatories to Plaintiff. To the extent applicable, each general objection is part of the specific objection to each request whether or not specifically incorporated. The statement of any general or specific objection herein does not act as a waiver of any other general or specific objection.

1. Bertha's investigation and discovery in this matter are continuing and may reveal additional information that may be responsive to the Defendant's Interrogatories. Bertha's further investigation and discovery also may reveal that the facts on which she bases her responses to the Defendant's Interrogatories are imperfectly understood. Bertha responds to Defendant's Interrogatories based upon the information and documents presently known and available to her, and reserves the right to supplement or modify her responses based upon subsequently discovered or acquired information and/or documents. Bertha expressly reserves the right to rely on, at any time, including, but not limited to, trial, subsequently discovered information and/or documents or other information or evidence omitted from Defendant's Interrogatories as a result of error, oversight or inadvertence.

PLAINTIFF BERTHA MARTINEZ'S RESPONSE TO DEFENDANT GARCIA'S FIRST SET OF SPECIAL INTERROGATORIES

2. Bertha bases these objections and responses on the assumption that Defendants, in propounding these requests, did not intend to seek information protected against discovery by the attorney-client privilege, the attorney work-product doctrine or documents that contain or reflect impressions, conclusions, opinion, legal research or theories of Plaintiff's attorneys or her agents.  To the extent that Defendants' requests, or any part thereof, are intended to elicit such information, Bertha objects thereto and asserts the privileges provided in and by the foregoing doctrines to the fullest extent permitted by law.

3. Bertha objects to these requests to the extent that they seek information or documents protected from disclosure by the right to privacy provided by the California Constitution, Art. 1, § 1, the good cause requirements of Code of Civil Procedure § 2031, the Ninth Amendment to the United States Constitution, or any other applicable privilege.

4. Bertha objects to each of Defendant's Interrogatories to the extent it is vague, ambiguous and uncertain.  Notwithstanding this objection, Bertha has made an effort to respond to each of Defendant's Interrogatories, where possible, as she understands and interprets it, but reserves the right to amend or supplement its responses should the Court or Defendant later assert a different interpretation.

5. Bertha objects to these interrogatories to the extent that they ask for information that is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

6. Bertha objects to these interrogatories to the extent they seek information equally available to and/or already in the possession of Defendants.

7. Bertha responses and objections are made without, in any matter, waiving: (a) the right to assert any other applicable objection to the interrogatory; (b) the right to object to the use of any answer for any purpose, in this action or in any other action, on the grounds of privilege, relevancy, materiality or any other appropriate grounds; (c) the right to object to any further request for admission or interrogatory relating to the subject matter of the answers herein; and (d) the right to revise, correct or clarify any of these responses

1   Plaintiffs' F.R.C.P. 26 Initial Disclosures.

2

3   **INTERROGATORY NO. 5:**

4   State each and every word Officer Garcia said to you during the events which are the

5   subject of your lawsuit.

6

7   **RESPONSE TO INTERROGATORY NO. 5:**

8   Bertha's investigation in this case is ongoing and she expressly reserves the right to

9   amend, modify or supplement the information contained in this response as new

10  information becomes available. Bertha incorporates by reference the foregoing General

11  Objections as though fully set forth herein. Bertha further objects to this Interrogatory on

12  the ground that it is overbroad and burdensome. Bertha further objects to this

13  interrogatory to the extent they seek information equally available to and/or already in the

14  possession of Defendants. Subject to and without waiving any of her objections, Bertha

15  responds as follows: Bertha cannot recall each and every word Officer Garcia said to her

16  during the events that are the subject of her lawsuit. Officers Garcia and Serrata both

17  spoke to Bertha for a number of hours during their interaction on August 25, 2008. The

18  conversation took place in Spanish. Bertha specifically recalls Officer Garcia saying

19  words to the affect of, *inter alia*, "You're never going to see her [Martiza] again. The van

20  will come and get her."

21

22  **INTERROGATORY NO. 6:**

23  If you contend Officer Garcia acted with intent to inflict you with emotional distress

24  during the events which are the subject of your lawsuit, state each and every fact upon

25  which you base your contention.

26

27  **RESPONSE TO INTERROGATORY NO. 6:**

28  Bertha's investigation in this case is ongoing and she expressly reserves the right to

-8-

Objections as though fully set forth herein. Bertha further objects to this Interrogatory on the ground that it is overbroad and burdensome. Bertha further objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege and the attorney work-product doctrine.  Subject to and without waiving any of her objections, Bertha responds as follows: Bertha is not aware of any individuals who recorded the events at issue in this lawsuit.

**INTERROGATORY NO. 15:**

If you contend Officer Garcia had a history of violating the civil rights of citizens before the incident which is the subject of your lawsuit, state each and every fact upon which you base your contention.

**RESPONSE TO INTERROGATORY NO. 15:**

Bertha's investigation in this case is ongoing and she expressly reserves the right to amend, modify or supplement the information contained in this response as new information becomes available.  Bertha incorporates by reference the foregoing General Objections as though fully set forth herein.  Bertha further objects to this Interrogatory on the ground that it is overbroad.  Bertha further objects to this Interrogatory on the ground that it is equally available to or already in the possession of the defense.  Subject to and without waiving any of her objections, Bertha responds as follows: Bertha presently has no knowledge of whether or not Officer Garcia had a history of violating the civil rights of citizens prior to the incident which is the subject of this lawsuit.

**INTERROGATORY NO. 16:**

If you contend Officer Garcia had a history of violating the civil rights of citizens before the incident which is the subject of your lawsuit, identify by full name, address and telephone number each and every person who has knowledge of facts supporting your contention.

1

2  **RESPONSE TO INTERROGATORY NO. 16:**

3      Bertha's investigation in this case is ongoing and she expressly reserves the right to

4  amend, modify or supplement the information contained in this response as new

5  information becomes available. Bertha incorporates by reference the foregoing General

6  Objections as though fully set forth herein. Bertha further objects to this Interrogatory on

7  the ground that it is overbroad and burdensome. Bertha further objects to this

8  Interrogatory on the ground that it is equally available to or already in the possession of

9  the defense. Subject to and without waiving any of her objections, Bertha responds as

10  follows: Bertha presently has no knowledge of whether or not Officer Garcia had a

11  history of violating the civil rights of citizens prior to the incident which is the subject of

12  this lawsuit.

13

14  **INTERROGATORY NO. 17:**

15      If you contend Officer Garcia had a history of professional misconduct before the

16  incident which is the subject of your lawsuit, state each and every fact upon which you

17  base your contention.

18

19  **RESPONSE TO INTERROGATORY NO. 17:**

20      Bertha's investigation in this case is ongoing and she expressly reserves the right to

21  amend, modify or supplement the information contained in this response as new

22  information becomes available. Bertha incorporates by reference the foregoing General

23  Objections as though fully set forth herein. Bertha further objects to this Interrogatory on

24  the ground that it is overbroad and burdensome. Bertha further objects to this

25  Interrogatory on the ground that it is equally available to or already in the possession of

26  the defense. Subject to and without waiving any of her objections, Bertha responds as

27  follows: Bertha presently has no knowledge of whether or not Officer Garcia has a history

28  of professional misconduct prior to or since the incident which is the subject of this

-16-

PLAINTIFF BERTHA MARTINEZ'S RESPONSE TO DEFENDANT GARCIA'S FIRST SET OF SPECIAL
INTERROGATORIES

1  lawsuit.

2

3  **INTERROGATORY NO. 18:**

4      If you contend Officer Garcia had a history of professional misconduct before the

5  incident which is the subject of your lawsuit, identify by full name, address and telephone

6  number each and every person who has knowledge of facts supporting your contention.

7

8  **RESPONSE TO INTERROGATORY NO. 18:**

9      Bertha's investigation in this case is ongoing and she expressly reserves the right to

10  amend, modify or supplement the information contained in this response as new

11  information becomes available. Bertha incorporates by reference the foregoing General

12  Objections as though fully set forth herein. Bertha further objects to this Interrogatory on

13  the ground that it is overbroad and burdensome. Bertha further objects to this

14  Interrogatory on the ground that it is equally available to or already in the possession of

15  the defense. Subject to and without waiving any of her objections, Bertha responds as

16  follows: Bertha presently has no knowledge of whether or not Officer Garcia has a history

17  of professional misconduct prior to or since the incident which is the subject of this

18  lawsuit.

19

20  DATED: January 21, 2010      DISABILITY RIGHTS LEGAL CENTER

21

22

23                             By: _____

24                                 Matthew Strugar
                               Attorney for Plaintiff

25

26

27

28

PLAINTIFF BERTHA MARTINEZ'S RESPONSE TO DEFENDANT GARCIA'S FIRST SET OF SPECIAL
INTERROGATORIES

1

**VERIFICATION**

2        I have read the foregoing Responses to Interrogatories and know the contents

3    thereof.

4        I certify that the same are true of my own knowledge.

5        I declare under the penalty of perjury under the law of the State of California and

6    the United States of America that the foregoing is true and correct.

7

8    Dated: 1/21/10

9                                                        Bertha Martinez

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF BERTHA MARTINEZ'S RESPONSE TO DEFENDANT GARCIA'S FIRST SET OF SPECIAL
INTERROGATORIES

1

**Certificate of Translation**

2

3   I, Edgar Naliniel Campo am fluent in both English and Spanish, and have translated this

4   document from English to Spanish for Bertha Martinez.

5

6                  Date: ___1 / 21 / 201 0___

7

8

9   _____ (Translator)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF BERTHA MARTINEZ'S RESPONSE TO DEFENDANT GARCIA'S FIRST SET OF SPECIAL
INTERROGATORIES

## PROOF OF SERVICE

*Martinez et al.  v. City of Maywood, et al.*
**Case No. CV 09-06734 SJO (RCx)**

I certify that I am authorized to serve documents in this action, as I am over the age of 18 and not a party to the action.  I am employed in the County of Los Angeles, State of California, at the Disability Rights Legal Center, in the office of a member of the Bar of this Court at whose direction service was made.  My business address is 919 Albany Street, Los Angeles, California 90015.  On the date below, I served the foregoing document:

**PLAINTIFF BERTHA MARTINEZ'S RESPONSE TO DEFENDANT GARCIA'S SPECIAL INTERROGATORIES**

[ ]     BY PERSONAL SERVICE:  I caused such sealed envelope(s) to be delivered by hand to the addressee(s) listed above.

[ X ]   BY MAIL: I placed a true copy of the foregoing document(s) in a sealed envelope addressed to each interested party addressed as set forth below.  I placed each such envelope for collection and mailing at the Disability Rights Legal Center at Loyola Law School, Los Angeles, California.  I am readily familiar with Loyola Law School's practice for collecting and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

True copies were addressed to and served upon:

**BOHM, MATSEN, KEGEL & AGUILERA, LLP**
**Jonyson A. Pierce, Esq.**
**695 Town Center Drive, Suite 700**
**Costa Mesa, CA 92626**

**LAWRENCE, BEACH, ALLEN & CHOI, PC**
**Paul B. Beach, Esq.**
**Daniel Lee, Esq.**
**100 West Broadway, Suite 1200**
**Glendale, CA 91210-1219**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 22, 2010 at Los Angeles, California.

_____
Steve A. Cuellar

**<u>EXHIBIT J</u>**

DISABILITY RIGHTS LEGAL CENTER
Paula D. Pearlman, State Bar No. 109038
paula.pearlman@lls.edu
Shawna L. Parks, State Bar No. 208301
shawna.parks@lls.edu
Matthew D. Strugar, State Bar No. 232951
matthew.strugar@lls.edu
919 Albany Street
Los Angeles, California 90015
Tel: (213) 252-7406
Fax: (213) 736-1428

Attorneys for Plaintiffs (continued on next page)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARITZA SANCHEZ MARTINEZ, an individual, by and through her mother and guardian ad litem, BERTHA MARTINEZ, BERTHA MARTINEZ, an individual, and WENDY SANCHEZ, an individual | Case No. CV09-0795 ABC (JWJx) |
| | **PLAINTIFF WENDY SANCHEZ'S RESPONSE TO DEFENDANT GARCIA'S SPECIAL INTERROGATORIES** |
| Plaintiffs, | |
| v. | Judge: Hon. Audrey B. Collins |
| | Complaint Filed: February 2, 2009 |
| CITY OF MAYWOOD, a public entity, MAYWOOD POLICE DEPARTMENT, a public entity, COUNTY OF LOS ANGELES, a public entity, ANDREW SERRATA, an individual, MPD OFFICER GARCIA, an individual, DAVID ISHIBASHI, an individual, and Does 1 through 10, individuals sued in their individual capacities, inclusive | |
| Defendants. | |

-1-

PLAINTIFF WENDY SANCHEZ'S RESPONSE TO DEFENDANT GARCIA'S FIRST SET OF SPECIAL
INTERROGATORIES

1

2  CYNTHIA ANDERSON-BARKER, State Bar No. 175764
3  cablaw@hotmail.com
4  LAW OFFICES OF CYNTHIA ANDERSON-BARKER
   3435 Wilshire Blvd., Ste 2900, Los Angeles, CA 90010
5  Tel: (213) 381-3246
6  Fax: (213) 252-0091

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

**PROPOUNDING PARTIES:** Defendant, Garcia

**RESPONDING PARTY:**    Plaintiff, Wendy Sanchez

**SET NO.:**              ONE (1)

Plaintiff Wendy Sanchez ("Wendy") responds and objects to Defendant's Interrogatories to Plaintiff, as follows:

### DEFINITIONS

1. "Wendy" means Wendy Sanchez Martinez, a Plaintiff in this action.

2. "Defendants" means City of Maywood, Maywood Police Department, County of Los Angeles, Andrew Seratta, MPD Officer Garcia, and David Ishibashi.

### GENERAL OBJECTIONS

To avoid undue repetition, Wendy makes the following general objections to Defendant's Interrogatories to Plaintiff.  To the extent applicable, each general objection is part of the specific objection to each request whether or not specifically incorporated. The statement of any general or specific objection herein does not act as a waiver of any other general or specific objection.

1. Wendy's investigation and discovery in this matter are continuing and may reveal additional information that may be responsive to the Defendant's Interrogatories. Wendy's further investigation and discovery also may reveal that the facts on which she bases her responses to the Defendant's Interrogatories are imperfectly understood. Wendy responds to Defendant's Interrogatories based upon the information and documents presently known and available to her, and reserves the right to supplement or modify her responses based upon subsequently discovered or acquired information and/or documents.  Wendy expressly reserves the right to rely on, at any time, including, but not limited to, trial, subsequently discovered information and/or documents or other information or evidence omitted from Defendant's Interrogatories as a result of error, oversight or inadvertence.

2. Wendy bases these objections and responses on the assumption that Defendants, in

1    propounding these requests, did not intend to seek information protected against

2    discovery by the attorney-client privilege, the attorney work-product doctrine or

3    documents that contain or reflect impressions, conclusions, opinion, legal research or

4    theories of Plaintiff's attorneys or her agents.  To the extent that Defendants' requests, or

5    any part thereof, are intended to elicit such information, Wendy objects thereto and

6    asserts the privileges provided in and by the foregoing doctrines to the fullest extent

7    permitted by law.

8      3. Wendy objects to these requests to the extent that they seek information or

9    documents protected from disclosure by the right to privacy provided by the California

10   Constitution, Art. 1, § 1, the good cause requirements of Code of Civil Procedure § 2031,

11   the Ninth Amendment to the United States Constitution, or any other applicable privilege.

12     4. Wendy objects to each of Defendant's Interrogatories to the extent it is vague,

13   ambiguous and uncertain.  Notwithstanding this objection, Wendy has made an effort to

14   respond to each of Defendant's Interrogatories, where possible, as she understands and

15   interprets it, but reserves the right to amend or supplement its responses should the Court

16   or Defendant later assert a different interpretation.

17     5. Wendy objects to these interrogatories to the extent that they ask for information

18   that is irrelevant to the subject matter of this action and not reasonably calculated to lead

19   to the discovery of admissible evidence.

20     6. Wendy objects to these interrogatories to the extent they seek information equally

21   available to and/or already in the possession of Defendants.

22     7. Wendy responses and objections are made without, in any matter, waiving: (a) the

23   right to assert any other applicable objection to the interrogatory; (b) the right to object to

24   the use of any answer for any purpose, in this action or in any other action, on the grounds

25   of privilege, relevancy, materiality or any other appropriate grounds; (c) the right to

26   object to any further request for admission or interrogatory relating to the subject matter

27   of the answers herein; and (d) the right to revise, correct or clarify any of these responses

28   at any time.

PLAINTIFF WENDY SANCHEZ'S RESPONSE TO DEFENDANT GARCIA'S FIRST SET OF SPECIAL
INTERROGATORIES

Plaintiffs' home on August 25, 2008. Defendants failed to make necessary modification in policies, practices, and procedures in order to avoid discrimination against Plaintiffs on the basis of Maritza's disability and intentionally discriminated against Plaintiffs on the basis of Maritza's disability. Both Officers Garcia and Serrata harassed, frightened, and verbally abused Wendy by threatening to take her sister into custody. Further, Defendants refused to allow Wendy to change Maritza's soiled clothing, and refused to allow Wendy to see her mother or to bring Maritza to Bertha.

**INTERROGATORY NO. 4:**

If you contend Office [sic] Andrew Serrata intentionally did any act which resulted in injury to you during the events which are the subject of your lawsuit, identify by full name, address and telephone number each and every person who has knowledge of facts supporting your contention.

**RESPONSE TO INTERROGATORY NO. 4:**

Wendy's investigation in this case is ongoing and she expressly reserves the right to amend, modify or supplement the information contained in this response as new information becomes available.  Wendy incorporates by reference the foregoing General Objections as though fully set forth herein.  Wendy further objects to this Interrogatory on the ground that it is overbroad. Subject to and without waiving any of her objections, Wendy responds as follows: Persons who have knowledge of these facts are listed in Plaintiffs' F.R.C.P. 26 Initial Disclosures.

**INTERROGATORY NO. 5:**

State each and every word Officer Garcia said to you during the events which are the subject of your lawsuit.

PLAINTIFF WENDY SANCHEZ'S RESPONSE TO DEFENDANT GARCIA'S FIRST SET OF SPECIAL INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 5:**

Wendy's investigation in this case is ongoing and she expressly reserves the right to amend, modify or supplement the information contained in this response as new information becomes available. Wendy incorporates by reference the foregoing General Objections as though fully set forth herein. Wendy further objects to this Interrogatory on the ground that it is overbroad and burdensome. Wendy further objects to this interrogatory to the extent they seek information equally available to and/or already in the possession of Defendants. Subject to and without waiving any of her objections, Wendy responds as follows: Wendy cannot recall each and every word Officer Garcia said to her during the events that are the subject of her lawsuit. Officer Garcia said, *inter alia*, words to the effect of "Where does your sister sleep? We need to pack her things;" "Pack your sisters clothes; we're taking her away," and "You guys shouldn't live here."

**INTERROGATORY NO. 6:**

If you contend Officer Garcia acted with intent to inflict you with emotional distress during the events which are the subject of your lawsuit, state each and every fact upon which you base your contention.

**RESPONSE TO INTERROGATORY NO. 6:**

Wendy's investigation in this case is ongoing and she expressly reserves the right to amend, modify or supplement the information contained in this response as new information becomes available. Wendy incorporates by reference the foregoing General Objections as though fully set forth herein. Wendy further objects to this Interrogatory on the ground that it is overbroad. Wendy further objects to this Interrogatory on the ground that it calls for an improper legal conclusion. Subject to and without waiving any of her objections, Wendy responds as follows: Defendants, with knowledge of Maritza's severe autism and mental retardation, and knowledge of Maritza's total dependence on her mother Bertha, intentionally separated Maritza from Bertha during the execution of a

**INTERROGATORY NO. 14:**

Identify by full name, address and telephone number each and every person known to you, your attorneys, agents, or representatives, who recorded any of the events which are the subject of your lawsuit, whether audio, video, camera, or phone recorded.

**RESPONSE TO INTERROGATORY NO. 14:**

Wendy's investigation in this case is ongoing and she expressly reserves the right to amend, modify or supplement the information contained in this response as new information becomes available. Wendy incorporates by reference the foregoing General Objections as though fully set forth herein. Wendy further objects to this Interrogatory on the ground that it is overbroad and burdensome. Wendy further objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Subject to and without waiving any of her objections, Wendy responds as follows: Wendy is not aware of any individuals who recorded the events at issue in this lawsuit.

**INTERROGATORY NO. 15:**

If you contend Officer Garcia had a history of violating the civil rights of citizens before the incident which is the subject of your lawsuit, state each and every fact upon which you base your contention.

**RESPONSE TO INTERROGATORY NO. 15:**

Wendy's investigation in this case is ongoing and she expressly reserves the right to amend, modify or supplement the information contained in this response as new information becomes available. Wendy incorporates by reference the foregoing General Objections as though fully set forth herein. Wendy further objects to this Interrogatory on the ground that it is overbroad. Wendy further objects to this Interrogatory on the ground

-14-

that it is equally available to or already in the possession of the defense.  Subject to and without waiving any of her objections, Wendy responds as follows: Wendy presently has no knowledge of whether or not Officer Garcia had a history of violating the civil rights of citizens prior to the incident which is the subject of this lawsuit.

## INTERROGATORY NO. 16:

If you contend Officer Garcia had a history of violating the civil rights of citizens before the incident which is the subject of your lawsuit, identify by full name, address and telephone number each and every person who has knowledge of facts supporting your contention.

## RESPONSE TO INTERROGATORY NO. 16:

Wendy's investigation in this case is ongoing and she expressly reserves the right to amend, modify or supplement the information contained in this response as new information becomes available.  Wendy incorporates by reference the foregoing General Objections as though fully set forth herein.  Wendy further objects to this Interrogatory on the ground that it is overbroad and burdensome.  Wendy further objects to this Interrogatory on the ground that it is equally available to or already in the possession of the defense.  Subject to and without waiving any of her objections, Wendy responds as follows: Wendy presently has no knowledge of whether or not Officer Garcia had a history of violating the civil rights of citizens prior to the incident which is the subject of this lawsuit.

## INTERROGATORY NO. 17:

If you contend Officer Garcia had a history of professional misconduct before the incident which is the subject of your lawsuit, state each and every fact upon which you base your contention.

1

**RESPONSE TO INTERROGATORY NO. 17:**

2    Wendy's investigation in this case is ongoing and she expressly reserves the right to

3    amend, modify or supplement the information contained in this response as new

4    information becomes available.  Wendy incorporates by reference the foregoing General

5    Objections as though fully set forth herein.  Wendy further objects to this Interrogatory on

6    the ground that it is overbroad and burdensome.  Wendy further objects to this

7    Interrogatory on the ground that it is equally available to or already in the possession of

8    the defense.  Subject to and without waiving any of her objections, Wendy responds as

9    follows: Wendy presently has no knowledge of whether or not Officer Garcia has a

10   history of professional misconduct prior to or since the incident which is the subject of

11   this lawsuit.

12

13   **INTERROGATORY NO. 18:**

14   If you contend Officer Garcia had a history of professional misconduct before the

15   incident which is the subject of your lawsuit, identify by full name, address and telephone

16   number each and every person who has knowledge of facts supporting your contention.

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

-16-

PLAINTIFF WENDY SANCHEZ'S RESPONSE TO DEFENDANT GARCIA'S FIRST SET OF SPECIAL
INTERROGATORIES

1  **RESPONSE TO INTERROGATORY NO. 18:**

2      Wendy's investigation in this case is ongoing and she expressly reserves the right to

3  amend, modify or supplement the information contained in this response as new

4  information becomes available.  Wendy incorporates by reference the foregoing General

5  Objections as though fully set forth herein.  Wendy further objects to this Interrogatory on

6  the ground that it is overbroad and burdensome.  Wendy further objects to this

7  Interrogatory on the ground that it is equally available to or already in the possession of

8  the defense.  Subject to and without waiving any of her objections, Wendy responds as

9  follows: Wendy presently has no knowledge of whether or not Officer Garcia has a

10  history of professional misconduct prior to or since the incident which is the subject of

11  this lawsuit.

12

13

14  DATED: January 21, 2010          DISABILITY RIGHTS LEGAL CENTER

15

16

17  By: _____

18        Matthew Strugar
          Attorney for Plaintiff

19

20

21

22

23

24

25

26

27

28

PLAINTIFF WENDY SANCHEZ'S RESPONSE TO DEFENDANT GARCIA'S FIRST SET OF SPECIAL
INTERROGATORIES

## VERIFICATION

I have read the foregoing Responses to Interrogatories and know the contents thereof.

I certify that the same are true of my own knowledge.

I declare under the penalty of perjury under the law of the State of California and the United States of America that the foregoing is true and correct.

Dated: 1/22/2010

_____
Wendy Sanchez

PLAINTIFF WENDY SANCHEZ'S RESPONSE TO DEFENDANT GARCIA'S FIRST SET OF SPECIAL INTERROGATORIES

## PROOF OF SERVICE

***Martinez et al.  v. City of Maywood, et al.***
***Case No. CV 09-06734 SJO (RCx)***

I certify that I am authorized to serve documents in this action, as I am over the age of 18 and not a party to the action.  I am employed in the County of Los Angeles, State of California, at the Disability Rights Legal Center, in the office of a member of the Bar of this Court at whose direction service was made.  My business address is 919 Albany Street, Los Angeles, California 90015.  On the date below, I served the foregoing document:

**PLAINTIFF WENDY SANCHEZ'S RESPONSE TO DEFENDANT GARCIA'S SPECIAL INTERROGATORIES**

[ ] BY PERSONAL SERVICE:  I caused such sealed envelope(s) to be delivered by hand to the addressee(s) listed above.

[ X ] BY MAIL: I placed a true copy of the foregoing document(s) in a sealed envelope addressed to each interested party addressed as set forth below.  I placed each such envelope for collection and mailing at the Disability Rights Legal Center at Loyola Law School, Los Angeles, California.  I am readily familiar with Loyola Law School's practice for collecting and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

True copies were addressed to and served upon:

  **BOHM, MATSEN, KEGEL & AGUILERA, LLP**
  **Jonyson A. Pierce, Esq.**
  **695 Town Center Drive, Suite 700**
  **Costa Mesa, CA 92626**

  **LAWRENCE, BEACH, ALLEN & CHOI, PC**
  **Paul B. Beach, Esq.**
  **Daniel Lee, Esq.**
  **100 West Broadway, Suite 1200**
  **Glendale, CA 91210-1219**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 22, 2010 at Los Angeles, California.

             ————————————————————
                Steve A. Cuellar