# EXHIBIT J

1  **BOHM, MATSEN, KEGEL & AGUILERA, LLP**
2  Lee A. Wood – Of Counsel (SBN 58676)
   Jonyson A. Pierce, Esq. (SBN 199354)
3  695 Town Center Drive, Suite 700
4  Costa Mesa, CA 92626
   Telephone: (714) 384-6500
5  Facsimile: (714) 384-6501
6
7  Attorneys for Defendants
   CITY OF MAYWOOD, MAYWOOD POLICE DEPARTMENT, ANDREW
8  SERRATA and FRANK GARCIA
9

RECEIVED
MAR 08 2010
BY:------------------

10                  **UNITED STATES DISTRICT COURT**
11                  **CENTRAL DISTRICT OF CALIFORNIA**
12
13  MARITZA SANCHEZ MARTINEZ,    )  Case No. CV09-06734 SJO (RCx)
14  an individual, by and through her )  Assigned For All Purposes To:
    mother and guardian ad litem,    )  Hon. S. James Otero
15  BERTHA MARTINEZ, BERTHA      )
16  MARTINEZ, an individual, and   )  **CITY OF MAYWOOD'S**
    WENDY SANCHEZ, an individual  )  **SUPPLEMENTAL RESPONSES**
17                                 )  **TO PLAINTIFFS' REQUEST**
18          Plaintiff,             )  **FOR PRODUCTION AND**
                                   )  **IDENTIFICATION OF**
19      vs.                        )  **DOCUMENTS, SET ONE**
20                                 )
    CITY OF MAYWOOD, MAYWOOD      )
21  POLICE DEPARTMENT, COUNTY     )
22  OF LOS ANGELES, ANDREW        )
    SERRATA, MAYWOOD OFFICER      )
23  GARCIA, DAVID ISHIBASHI and   )
24  DOES 1 through 10, Inclusive,  )
25                                 )
          Defendants.             )
26                                 )  Complaint Filed: September 22, 2009
27  _____)
28

                                 1

ORIGINAL

PROPOUNDING PARTY:     Plaintiffs  MARITZA S. MARTINEZ, et. al.

RESPONDING PARTY:      Defendant, CITY OF MAYWOOD

SET NO.:               One (1)

### PRELIMINARY STATEMENT

1.     Defendant has not yet completed its investigation into the facts relevant to this controversy, this discovery, or this trial preparation.  Accordingly, Defendant makes the responses to the Document Production Requests based on the information presently available to it and without prejudice to its right to amend or supplement its responses and to present evidence, which may hereafter be discovered to become available to it.

2.     By responding to these Requests for Production of Documents, Defendant does not concede that the information sought is relevant.

3.     Defendant's responses to these Requests for Production are made without intending to waive or waiving but on the contrary intending to preserve and preserving;

(a)    The right to object on any grounds to the use or introduction into evidence of the information provided in response to the Request for Production; and

(b)    The right to object on any grounds at any time to other Request for Production or other discovery involving the subject matter of the Request for Production.

### RESPONSES TO REQUEST FOR PRODUCTION
### AND IDENTIFICATION OF DOCUMENTS, SET 1

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 1:**

All documents relating to you policies, including but not limited to draft policies, for providing accommodations to any person with a mental disability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection, overbroad, burdensome, not reasonably calculation to lead to the discovery of admissible evidence, vague, and ambiguous. Without waiving the

1  foregoing objections, responding party responds as follows: If any such documents

2  exist, defendant will comply.

3  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 1:**

4  　　Without waiving the foregoing objections, responding party responds as

5  follows: Attached as Bates Nos. 00001-00008 are documents responsive to this

6  request.

7  **REQUEST FOR PRODUCTION OF DOCUMENT NO. 2:**

8  　　All documents relating to you policies, including but not limited to draft

9  policies, for providing accommodations to any person with a disability, including any

10  person with a mental disability.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

12  　　Objection, overbroad, burdensome, not reasonably calculation to lead to the

13  discovery of admissible evidence, vague, and ambiguous. Without waiving the

14  foregoing objections, responding party responds as follows: If any such documents

15  exist, defendant will comply.

16  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 2:**

17  　　Without waiving the foregoing objections, responding party responds as

18  follows: Attached as Bates Nos. 00001-00008 are documents responsive to this

19  request.

20  **REQUEST FOR PRODUCTION OF DOCUMENT NO. 3:**

21  　　All documents relating to any training by or for you providing reasonable

22  accommodations to or interacting with any person with a mental disability.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

24  　　Objection, overbroad, burdensome, not reasonably calculation to lead to the

25  discovery of admissible evidence, vague, and ambiguous. Without waiving the

26  foregoing objections, responding party responds as follows: If any such documents

27  exist, defendant will comply.

28  ///

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 3:**

Without waiving the foregoing objections, responding party responds as follows: Attached as Bates Nos. 00001-00008 are documents responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 4:**

All documents relating to any training by or for you for providing accommodations to or interacting with any person with a disability, including any person with a mental disability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objection, overbroad, burdensome, not reasonably calculation to lead to the discovery of admissible evidence, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: If any such documents exist, defendant will comply.

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 4:**

Without waiving the foregoing objections, responding party responds as follows: Attached as Bates Nos. 00001-00008 are documents responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 5:**

All documents relating to Plaintiffs in your possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objection, overbroad, burdensome, not reasonably calculation to lead to the discovery of admissible evidence, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: Defendant will comply.

**SUPPLEMENTAL RESPONSE FOR PRODUCTION: 5**

Without waiving the foregoing objections, responding party responds as follows: With respect to I.A. File No. 2009-3 prepared as a result of the subject incident, defendant will comply subject to the stipulated protective order to be filed with the court. I.A. File No. 2009-3 will be produced as soon as the stipulated

4

1   protective order has been signed by the court. Also, attached as Bates Nos. 00014-
2   00017 are documents responsive to this request.
3   **REQUEST FOR PRODUCTION OF DOCUMENT NO. 6:**
4        All documents relating to any MPD activity at 3589 E. 54th Street in Maywood,
5   California on or about August 25, 2008.
6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**
7        Objection, vague and ambiguous. Without waiving the foregoing objections,
8   responding party responds as follows: Defendant will comply.
9   **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 6:**
10        Without waiving the foregoing objections, responding party responds as
11   follows: With respect to I.A. File No. 2009-3 prepared as a result of the subject
12   incident, defendant will comply subject to the stipulated protective order to be filed
13   with the court. I.A. File No. 2009-3 will be produced as soon as the stipulated
14   protective order has been signed by the court. Also, attached as Bates Nos. 00014-
15   00017 are documents responsive to this request.
16   **REQUEST FOR PRODUCTION OF DOCUMENT NO. 7:**
17        All documents relating to any MPD activity at 3589 E. 54th Street in Maywood,
18   California on or about August 20, 2008.
19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**
20        Objection, vague and ambiguous. Without waiving the foregoing objections,
21   responding party responds as follows: Defendant will comply.
22   **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 7:**
23        Without waiving the foregoing objections, responding party responds as
24   follows: With respect to I.A. File No. 2009-3 prepared as a result of the subject
25   incident, defendant will comply subject to the stipulated protective order to be filed
26   with the court. I.A. File No. 2009-3 will be produced as soon as the stipulated
27   protective order has been signed by the court. Also, attached as Bates Nos. 00014-
28   00017 are documents responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 8:**

All documents relating to any verbal or written complaint regarding the accommodation provided to, or failed to be provided to, any person with a mental disability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection, overbroad, burdensome, invasion of privacy, not reasonably calculation to lead to the discovery of admissible evidence, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: If any such documents exist, defendant will comply with redaction of private information.

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 8:**

Without waiving the foregoing objections, responding party responds as follows: After a reasonable and diligent search and inquiry, there are no documents responsive to this request given that defendant does not know of any complaints other than those relating to the subject incident.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 9:**

All documents relating to any verbal or written complaint regarding the accommodations provided to, or failed to be provided to, a person with a disability, including any person with a mental disability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Objection, overbroad, burdensome, invasion of privacy, not reasonably calculation to lead to the discovery of admissible evidence, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: If any such documents exist, defendant will comply with redaction of private information.

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 9:**

Without waiving the foregoing objections, responding party responds as follows: After a reasonable and diligent search and inquiry, there are no documents

1  responsive to this request given that defendant does not know of any complaints other
2  than those relating to the subject incident.
3  **REQUEST FOR PRODUCTION OF DOCUMENT NO. 10:**
4      All documents relating to requests for accommodations made by any individual
5  with a mental disability.
6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**
7      Objection, overbroad, burdensome, invasion of privacy, not reasonably
8  calculation to lead to the discovery of admissible evidence, vague, and ambiguous.
9  Without waiving the foregoing objections, responding party responds as follows: If
10 any such documents exist, defendant will comply with redaction of private
11 information.
12 **SUPPLEMENAL RESPONSE TO PRODUCTION NO. 10:**
13     Without waiving the foregoing objections, responding party responds as
14 follows: After a reasonable and diligent search and inquiry, there are no documents
15 responsive to this request given that defendant does not know of any "requests for
16 accommodations…" other than those relating to the subject incident.
17 **REQUEST FOR PRODUCTION OF DOCUMENT NO. 11:**
18     All documents relating to request for accommodations made by individuals
19 with disabilities, including any individual with a mental disability.
20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**
21     Objection, overbroad, burdensome, invasion of privacy, not reasonably
22 calculation to lead to the discovery of admissible evidence, vague, and ambiguous.
23 Without waiving the foregoing objections, responding party responds as follows: If
24 any such documents exist, defendant will comply with redaction of private
25 information.
26 **SUPPLEMENTAL RESPONSE FOR PRODUCTION NO. 11:**
27     Without waiving the foregoing objections, responding party responds as
28 follows: After a reasonable and diligent search and inquiry, there are no documents

7

1   responsive to this request given that defendant does not know of any "requests for
2   accommodations..." other than those relating to the subject incident.

3   **REQUEST FOR PRODUCTION OF DODUCMENT NO. 12:**

4        All documents relating to your refusal to provide accommodations to any
5   individual with a mental disability.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

7        Objection, overbroad, burdensome, not reasonably calculation to lead to the
8   discovery of admissible evidence, vague, and ambiguous. Without waiving the
9   foregoing objections, responding party responds as follows: If any such documents
10  exist, defendant will comply.

11  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 12:**

12       Without waiving the foregoing objections, responding party responds as
13  follows: After a reasonable and diligent search and inquiry, there are no documents
14  responsive to this request given that defendant does not know of any "refusal to
15  provide accommodations..." other than those relating to the subject incident.

16  **REQUEST FOR PRODUCTION OF DOCUMENT NO. 13:**

17       All documents relating to your refusal to provide accommodations to
18  individuals with disabilities, including but not limited to any individual with a mental
19  disability.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

21       Objection, overbroad, burdensome, not reasonably calculation to lead to the
22  discovery of admissible evidence, vague, and ambiguous. Without waiving the
23  foregoing objections, responding party responds as follows: If any such documents
24  exist, defendant will comply.

25  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 13:**

26       Without waiving the foregoing objections, responding party responds as
27  follows: After a reasonable and diligent search and inquiry, there are no documents
28  responsive to this request given that defendant does not know of any "refusal to

1    provide accommodations…" other than those relating to the subject incident.

2    **REQUEST FOR PRODUCTION OF DOCUMENT NO. 14:**

3         All documents relating to your policies, including but not limited to draft

4    policies, for conducting searches of residence.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

6         Objection, overbroad, burdensome, not reasonably calculation to lead to the

7    discovery of admissible evidence, vague, and ambiguous. Without waiving the

8    foregoing objections, responding party responds as follows: Defendant will comply.

9    **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 14:**

10        Without waiving the foregoing objections, responding party responds as

11    follows: Attached as Bates Nos. 00011-00013 are documents responsive to this

12    request.

13    **REQUEST FOR PRODUCTION OF DOCUMENT NO. 15:**

14        All documents relating to training provided to your personnel on conducting

15    searches.

16    **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

17        Objection, overbroad, burdensome, not reasonably calculation to lead to the

18    discovery of admissible evidence, vague, and ambiguous. Without waiving the

19    foregoing objections, responding party responds as follows: Defendant will comply.

20    **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 15:**

21        Without waiving the foregoing objections, responding party responds as

22    follows: Attached as Bates Nos. 00011-00013 are documents responsive to this

23    request.

24    **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

25        All documents relating to your policies, including but not limited to draft

26    policies, for conducting interrogations.

27    **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

28        Objection, overbroad, burdensome, not reasonably calculation to lead to the

1   discovery of admissible evidence, vague, and ambiguous. Without waiving the

2   foregoing objections, responding party responds as follows: Defendant will comply.

3   **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 16:**

4       Without waiving the foregoing objections, responding party responds as

5   follows: Attached as Bates Nos. 00001-00013 are documents responsive to this

6   request.

7   **REQUEST FOR PRODUCTION OF DOCUMENT NO. 17:**

8       All documents relating to training provided to your personnel on conducting

9   interrogations.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

11       Objection, overbroad, burdensome, not reasonably calculation to lead to the

12   discovery of admissible evidence, vague, and ambiguous. Without waiving the

13   foregoing objections, responding party responds as follows: Defendant will comply.

14   **SUPPLEMENTAL RESPONSES TO PRODUCTION NO. 17:**

15       Without waiving the foregoing objections, responding party responds as

16   follows: Attached as Bates Nos. 00001-00013 are documents responsive to this

17   request.

18   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

19       All documents relating to your policies, including but not limited to draft

20   policies, for conducting interrogations of individuals with a mental disabilities.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

22       Objection, overbroad, burdensome, not reasonably calculation to lead to the

23   discovery of admissible evidence, vague, and ambiguous. Without waiving the

24   foregoing objections, responding party responds as follows: If any such documents

25   exist, defendant will comply.

26   **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 18:**

27       Without waiving the foregoing objections, responding party responds as

28   follows: Attached as Bates Nos. 00001-00007 are documents responsive to this

1    request.

2    **REQUEST FOR PRODUCTION OF DOCUMENT NO. 19:**

3        All documents relating to training provided to your personnel on conducting

4    interrogations of any individual with a mental disability.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

6        Objection, overbroad, burdensome, not reasonably calculation to lead to the

7    discovery of admissible evidence, vague, and ambiguous. Without waiving the

8    foregoing objections, responding party responds as follows: If any such documents

9    exist, defendant will comply.

10    **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 19:**

11        Without waiving the foregoing objections, responding party responds as

12    follows: Attached as Bates Nos. 00001-00007 are documents responsive to this

13    request.

14    **REQUEST FOR PRODUCTION OF DOCUMENT NO. 20:**

15        All documents relating to your policies, including but not limited to draft

16    policies, for conducting interrogations of individuals with a disability, including any

17    person with a mental disability.

18    **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

19        Objection, overbroad, burdensome, not reasonably calculation to lead to the

20    discovery of admissible evidence, vague, and ambiguous. Without waiving the

21    foregoing objections, responding party responds as follows: If any such documents

22    exist, defendant will comply.

23    **SUPPLEMENTAL RESPONSE FOR PRODUCTION NO. 20:**

24        Without waiving the foregoing objections, responding party responds as

25    follows: Attached as Bates Nos. 00001-00007 are documents responsive to this

26    request.

27    **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:**

28        All documents relating to training provided to your personnel on conducting

1 | interrogatories of individuals with a disability, including any person with a mental
2 | disability.

3 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

4 |     Objection, overbroad, burdensome, not reasonably calculation to lead to the
5 | discovery of admissible evidence, vague, and ambiguous. Without waiving the
6 | foregoing objections, responding party responds as follows: If any such documents
7 | exist, defendant will comply.

8 | **SUPPLEMENTAL REPONSE TO PRODUCTION NO. 21:**

9 |     Without waiving the foregoing objections, responding party responds as
10 | follows: Attached as Bates Nos. 00001-00007 are documents responsive to this
11 | request.

12 | **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 22:**

13 |     All communications between you and any government body or administrative
14 | agency, between January 1, 2005 and the present, relating to the provisions of
15 | accommodations to any person with a mental disability.

16 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

17 |     Objection, overbroad, burdensome, not reasonably calculation to lead to the
18 | discovery of admissible evidence, vague, and ambiguous. Without waiving the
19 | foregoing objections, responding party responds as follows: If any such documents
20 | exist, defendant will comply.

21 | **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 22:**

22 |     Without waiving the foregoing objections, responding party responds as
23 | follows: After a reasonable and diligent search and inquiry, there are no documents
24 | responsive to this request.

25 | **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23:**

26 |     All communications between you and any government body or administrative
27 | agency, between January 1, 2005 and the present, relating to the provision of
28 | accommodations to any person with a disability, including any person with a mental

12

1 disability.

2 **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

3      Objection, overbroad, burdensome, vague, and ambiguous. Without waiving
4 the foregoing objections, responding party responds as follows: If any such
5 documents exist, defendant will comply.

6 **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 23:**

7      Without waiving the foregoing objections, responding party responds as
8 follows: After a reasonable and diligent search and inquiry, there are no documents
9 responsive to this request.

10 **REQUEST FOR PRODUCTION OF DOCUMENT NO. 24:**

11      All documents relating to the qualifications of your ADA coordinator or other
12 persons directly responsible for establishing policies regarding accommodations for
13 persons with disabilities, including but not limited to, training, resumes, certifications,
14 and/or credentials.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

16      Objection, overbroad, burdensome, vague, and ambiguous. Without waiving
17 the foregoing objections, responding party responds as follows: If any such
18 documents exist, defendant will comply.

19 **SUPPLEMENTAL RESPONSES TO PRODUCTION NO. 24:**

20      Without waiving the foregoing objections, responding party responds as
21 follows: After a reasonable and diligent search and inquiry, there are no documents
22 responsive to this request.

23 **REQUEST FOR PRODUCTION OF DOCUMENT NO. 25:**

24      All documents relating to the qualifications of your ADA coordinator or other
25 persons directly responsible for establishing policies regarding accommodations for
26 any person with mental disability.

27 **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

28      Objection, overbroad, burdensome, vague, and ambiguous. Without waiving

1   the foregoing objections, responding party responds as follows: If any such
2   documents exist, defendant will comply.
3   **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 25:**
4         Without waiving the foregoing objections, responding party responds as
5   follows: After a reasonable and diligent search and inquiry, there are no documents
6   responsive to this request.
7   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26:**
8         All documents relating to your communications with the news media or the
9   general public regarding your provision of accommodations to any person with a
10  disability, including but not limited to new releases.
11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**
12        Objection, overbroad, burdensome, vague, and ambiguous. Without waiving
13  the foregoing objections, responding party responds as follows: If any such
14  documents exist, defendant will comply.
15  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 26:**
16        Without waiving the foregoing objections, responding party responds as
17  follows: After a reasonable and diligent search and inquiry, there are no documents
18  responsive to this request.
19  **REQUEST FOR PRODUCTION OF DOCUMENT NO. 27:**
20        All documents relating to your communications with the news media or the
21  general public regarding your provision of accommodations to any person with a
22  mental disability, including but not limited to news releases.
23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**
24        Objection, overbroad, burdensome, vague, and ambiguous. Without waiving
25  the foregoing objections, responding party responds as follows: If any such
26  documents exist, defendant will comply.
27  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 27:**
28        Without waiving the foregoing objections, responding party responds as

1  follows: After a reasonable and diligent search and inquiry, there are no documents

2  responsive to this request.

3  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 28:**

4       All documents relating to your website content developed and/or designed for

5  individuals with disabilities, including persons with mental disabilities.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

7       Objection, overbroad, burdensome, vague, and ambiguous. Without waiving

8  the foregoing objections, responding party responds as follows: If any such

9  documents exist, defendant will comply.

10  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 28:**

11       Without waiving the foregoing objections, responding party responds as

12  follows: After a reasonable and diligent search and inquiry, there are no documents

13  responsive to this request, other than the City of Maywood's website:

14  www.cityofmaywood.com.

15  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 29:**

16       All documents relating to your brochures and/or displays, including special

17  projects focusing on individuals with disabilities, including but not limited to

18  providing accommodations to any individual with a mental disability.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

20       Objection, overbroad, burdensome, vague, and ambiguous. Without waiving

21  the foregoing objections, responding party responds as follows: If any such

22  documents exist, defendant will comply.

23  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 29:**

24       Without waiving the foregoing objections, responding party responds as

25  follows: After a reasonable and diligent search and inquiry, there are no documents

26  responsive to this request at the present time.

27  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 30:**

28       All documents relating to oral, telephonic and/or written inquiries regarding

1   your provision of accommodations to individuals with disabilities, including but not

2   limited to any individual with a mental disability.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

4        Objection, overbroad, burdensome, vague, and ambiguous. Without waiving

5   the foregoing objections, responding party responds as follows: If any such

6   documents exist, defendant will comply.

7   **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 30:**

8        Without waiving the foregoing objections, responding party responds as

9   follows: After a reasonable and diligent search and inquiry, there are no documents

10  responsive to this request.

11

12  DATED: March 5, 2010          BOHM, MATSEN, KEGEL & AGUILERA, LLP

13

14

15                        By:   _____

16                               Jonyson A. Pierce
                                 Attorneys for Defendants CITY OF MAYWOOD,
17                               MAYWOOD POLICE DEPARTMENT, ANDREW
                                 SERRATA and FRANK GARCIA

18

19  City of Maywood's Supp. Rsp to Phf RFP Set 1 FINAL (2.24.10).doc

20

21

22

23

24

25

26

27

28

CITY OF MAYWOOD'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUEST
FOR PRODUCTION AND IDENTIFICATION OF DOCUMENTS, SET ONE

**Policy**

**370**

**Maywood Cudahy Police Department**
Policy Manual

# Hearing Impaired/Disabled Communications

## 370.1   PURPOSE AND SCOPE
Individuals who suffer from deafness, hearing impairment, blindness, impaired vision, mental or other disabilities may encounter difficulties in gaining meaningful access to, or an understanding of important rights, obligations and services. In accordance with the Americans with Disabilities Act (ADA) and Civil Code § 54.1, it is therefore the policy of this department to take all reasonable steps to accommodate such individuals in any law enforcement contact.

## 370.2   FACTORS TO CONSIDER
Because the nature of any law enforcement contact may vary substantially from one situation to the next, employees of this department should consider all information reasonably available to them when determining how to communicate with an individual suffering from any disability. These factors may include, but are not limited to:

(a)   The extent to which a disability is obvious or otherwise made known to the involved employee. Impaired or disabled individuals may be reluctant to acknowledge their condition and may even feign a complete understanding of a communication despite actual confusion.

(b)   The nature of the disability (e.g., total deafness or blindness vs. impairment)

(c)   The nature of the law enforcement contact (e.g., emergency vs. non-emergency, custodial vs. consensual contact, etc.)

(d)   Availability of resources to aid in communication

When considering these and other available information, the involved employee(s) should carefully balance all factors in an effort to reasonably ensure meaningful access by individuals suffering from apparent disabilities to critical services while not imposing undue burdens on the Department or its officers.

## 370.2.1   INITIAL AND IMMEDIATE CONSIDERATIONS
Recognizing that various law enforcement encounters may be potentially volatile and/or emotionally charged, department employees should remain alert to the possibility of communication problems and exercise special care in the use of all gestures, and verbal and written communication in an effort to minimize initial confusion and misunderstanding when dealing with any individual(s) with known or suspected disabilities or communication impairments.

## 370.3   TYPES OF ASSISTANCE AVAILABLE
Depending on the balance of the factors available for consideration at the time, this department will make every reasonable effort to provide meaningful and timely assistance to disabled individuals through a variety of services, where available. Disabled individuals may elect to accept such assistance at no cost, choose to provide their own communication services at their own expense or any combination thereof. In any situation, the individual's expressed choice of communication method shall be given primary consideration and

2009/08/28 © 1995-2009 Lexipol, LLC

MARTINEZ00001

# Maywood Cudahy Police Department
### Policy Manual

*Hearing Impaired/Disabled Communications*

honored unless the employee can adequately demonstrate that another effective method of communication exists under the circumstances.

Officers should document the type of communication utilized in any related report and whether a disabled or impaired individual elected to use services provided by the Department or some other identified source. Department provided services may include, but are not limited to the following:

## 370.3.1 FIELD RESOURCES
Individual officers and employees are encouraged to utilize resources immediately available to them in any contact with a known or suspected disabled or impaired person. Examples of this would include such simple methods as:

(a) Hand gestures or written communications exchanged between the employee and a deaf or hearing impaired individual

(b) Facing an individual utilizing lip reading and speaking slowly and clearly

(c) Slowly and clearly speaking or reading simple terms to any visually or mentally impaired individual

## 370.3.2 AUDIO RECORDINGS AND ENLARGED PRINT
From time to time, the Department may develop audio recordings of important information needed by blind or visually impaired individuals. In the absence of such audio recordings, employees may elect to read aloud a Department form or document such as a citizen complaint form to a visually impaired individual or utilize a photocopier to enlarge printed forms for a visually impaired individual.

## 370.3.3 TELEPHONE INTERPRETER SERVICES
The Watch Commander and Support Services Manager will maintain a list of qualified interpreter services to be contacted at department expense to assist deaf or hearing impaired individuals upon approval of a supervisor. When utilized, notification to such interpreters shall be made at the earliest reasonable opportunity and the interpreter should be available to respond within a reasonable time (generally not to exceed three hours).

## 370.3.4 TTY AND RELAY SERVICES
Individuals who are deaf or hearing impaired must be given the opportunity to use available text telephones (TTY or TDD). All calls placed by such individuals through such services shall be accepted by this department.

## 370.3.5 COMMUNITY VOLUNTEERS
Depending on the circumstances, location and availability, responsible members of the community may be available to provide qualified interpreter services, such as those who are proficient in American Sign Language (ASL). Sources for these individuals may include local businesses, banks, churches, neighborhood leaders and school officials. In addition to such sources developed by individual officers, the Department will attempt to maintain and update a list of qualified community volunteers who may be available to respond within a reasonable time.

## 370.3.6 FAMILY AND FRIENDS OF DISABLED OR IMPAIRED INDIVIDUAL
While family and friends of a disabled or impaired individual may frequently offer to assist with interpretation, employees should carefully consider the circumstances before relying

2009/08/28 © 1995-2009 Lexipol, LLC

MARTINEZ00002

# Maywood Cudahy Police Department
Policy Manual

*Hearing Impaired/Disabled Communications*

on such individuals. For example, children should not be relied upon except in emergency or critical situations. Further, the nature of the contact and relationship between the disabled individual and the individual offering services must be carefully considered (e.g., victim/suspect).

## 370.4   CONTACT SITUATIONS AND REPORTING
While all contacts, services, and individual rights are important, this department will carefully consider reasonably available information in an effort to prioritize services to disabled and impaired individuals so that such services and resources may be targeted where most needed because of the nature and importance of the particular law enforcement activity involved.

Whenever any member of this department is otherwise required to complete a report or other documentation, and communication assistance is provided to any involved disabled or impaired individual(s), such services should be noted in the related report.

### 370.4.1   RECEIVING AND RESPONDING TO REQUESTS FOR ASSISTANCE
In order to provide disabled and impaired individuals with meaningful access to law enforcement services when they are victims of, or witnesses to, alleged criminal activity or other emergencies, this department has designated its 911 lines as its top priority for assistance with such services. Department personnel will make every reasonable effort to promptly accommodate such disabled and impaired individuals utilizing 911 lines through any or all of the above resources.

While 911 calls shall receive top priority, it is also important that reasonable efforts be made to accommodate disabled and impaired individuals seeking more routine access to services and information from this department.

### 370.4.2   CUSTODIAL INTERROGATIONS AND BOOKINGS
In an effort to ensure the rights of all disabled and impaired individuals are protected during arrest and custodial interrogation, this department places a high priority on providing reasonable communication assistance during such situations. It is further recognized that miscommunication during custodial interrogations may have a substantial impact on the evidence presented in any related criminal prosecution. As such, department personnel providing communication assistance in these situations will make every reasonable effort to accurately and effectively communicate with disabled or impaired individuals.

Employees providing such assistance shall also be aware of the inherent communication impediments to gathering information from disabled or impaired individuals throughout the booking process or any other situation in which a disabled or impaired individual is within the control of department personnel. Medical screening questions are commonly used to elicit information on individual's medical needs, suicidal inclinations, presence of contagious diseases, potential illness, resulting symptoms upon withdrawal from certain medications, or the need to segregate the arrestee from other prisoners, therefore it is important for this department to make every reasonable effort to provide effective communication assistance in these situations.

(a)   Individuals who require communication aids (e.g., hearing aids) should be permitted to retain such devices while in custody.

(b)   While it may present officer safety or other logistical problems to allow a physically disabled individual to retain devices such as a wheel chair or crutches during a custodial situation, the removal of such items will require that other reasonable

Hearing Impaired/Disabled Communications - 183

2009/08/28 © 1995-2009 Lexipol, LLC

MARTINEZ00003

# Maywood Cudahy Police Department
Policy Manual

*Hearing Impaired/Disabled Communications*

accommodations be made to assist such individuals with access to all necessary services.

(c)     Whenever a deaf or hearing impaired individual is detained or arrested and placed in handcuffs, officers should consider, safety permitting, placing the handcuffs in front of the body in order to allow the individual to sign or write notes.

## 370.4.3    FIELD ENFORCEMENT AND INVESTIGATIONS
Field enforcement will generally include such contacts as traffic stops, pedestrian stops, serving warrants and restraining orders, crowd/traffic control and other routine field contacts which may involve disabled or impaired individuals. The scope and nature of these activities and contacts will inevitably vary, therefore the Department recognizes that it would be virtually impossible to provide immediate access to complete communication services to every officer in the field. Each officer and/or supervisor must, however, assess each such situation to determine the need and availability for communication assistance to any and all involved disabled or impaired individuals.

Although not every situation can be addressed within this policy, it is important that employees are able to effectively communicate the reason for a contact, the need for information and the meaning or consequences of any enforcement action taken with a disabled or impaired individual. For example, it would be meaningless to verbally request consent to search if the officer is unable to effectively communicate with a deaf individual.

## 370.4.4    COMMUNITY OUTREACH
Community outreach programs and other such services offered by this department have become increasingly recognized as important to the ultimate success of more traditional law enforcement duties. As such, this department will continue to work with community groups, local businesses and neighborhoods to provide equal access to such programs and services to disabled individuals and groups.

## 370.5    TRAINING
In an effort to ensure that all employees in public contact positions (or having contact with those in custody) are properly trained, this department will provide periodic training in the following areas:

(a)     Employee awareness of related policies, procedures, forms and available resources

(b)     Employees having contact with the public (or those in our custody) are trained to work effectively with in-person and telephone interpreters and related equipment

(c)     Training for management staff, even if they may not interact regularly with disabled individuals, in order that they remain fully aware of, and understand this policy, so they can reinforce its importance and ensure its implementation by staff

2009/08/28 © 1995-2009 Lexipol, LLC

MARTINEZ00004



**Policy 418**

**Maywood Cudahy Police Department**
Policy Manual

# Mental Illness Commitments

### 418.1   PURPOSE AND SCOPE
This procedure describes an officer's duties when a person is to be committed to a mental health unit pursuant to Welfare and Institutions Code § 5150. The commitment of a person under § 5150 does not constitute an arrest. If an officer believes that a person falls within the provisions of Welfare and Institutions Code § 5150, he/she shall transport that person to the designated facility for evaluation and commitment.

### 418.2   AUTHORITY
Pursuant to Welfare and Institution Code § 5150 when any person, as a result of mental disorder, is a danger to others, or to himself or herself, or gravely disabled, a peace officer, or other individual authorized by statute may, upon probable cause, take, or cause to be taken, the person into custody and place him or her in a facility designated by the county and approved by the State Department of Mental Health as a facility for 72-hour treatment and evaluation.

Such facility shall require an application in writing stating the circumstances under which the person's condition was called to the attention of the officer, or other individual authorized by statute has probable cause to believe that the person is, as a result of mental disorder, a danger to others, or to himself or herself, or gravely disabled. If the probable cause is based on the statement of a person other than the officer, or other individual authorized by statute, such person shall be informed that they may be liable in a civil action for intentionally giving a statement which he or she knows to be false.

### 418.3   OFFICER CONSIDERATIONS AND RESPONSIBILITIES
Any officer responding to or handling a call involving a suspected or actual mentally disabled individual or "5150" commitment should carefully consider the following:

(a)   Any available information which might assist in determining the cause and nature of the mental illness or developmental disabilities

(b)   Conflict resolution and de-escalation techniques for potentially dangerous situations involving mentally disabled persons

(c)   Appropriate language usage when interacting with mentally disabled persons;

(d)   If circumstances permit, alternatives to lethal force when interacting with potentially dangerous mentally disabled persons

(e)   Community resources which may be readily available to assist with the mentally disabled individual(s)

(f)   Consultation with the P.E.T. (Psychological Evaluation Team) through the Los Angeles County Departmehnt of Mental Health. The P.E.T. hotline is 800/854-7771.

### 418.3.1   TRANSPORTATION
When transporting any individual for a "5150" commitment, the handling officer should have the Communications Center notify the receiving facility of the estimated time of arrival, the level of cooperation of the patient and whether or not any special medical care is needed.

Mental Illness Commitments - 216

2009/08/28 © 1995-2009 Lexipol, LLC

MARTINEZ00005

# Maywood Cudahy Police Department
## Policy Manual

*Mental Illness Commitments*

Officers may transport patients in the patrol unit and shall secure them in accordance with the handcuffing policy.  Violent patients or those that are medically unstable may be restrained and transported by ambulance and ambulance personnel.  The officer will escort the patient into the facility and place that person in a designated treatment room as directed by a staff member. As soon as a security staff member becomes available, he/she should relieve the officer and physically remain in the treatment room with the patient.

### 418.3.2   RESTRAINTS
If the patient is violent or potentially violent, the officer will notify the staff of this concern. The staff member in charge will have discretion as to whether soft-restraints will be used. If these restraints are desired, the officer will wait while they are being applied to help provide physical control of the patient, if needed.

### 418.3.3   MENTAL HEALTH DOCUMENTATION
The officer will complete an Application For 72-Hour Detention for Evaluation and Treatment form (MH-302) and provide it to the staff member assigned to that patient.  The officer will retain a copy of the 72-hour evaluation for inclusion in the case report.  The officer shall also provide a verbal summary to an emergency department staff member regarding the circumstances leading to the involuntary detention. The officer shall complete an "Injured Person" report with a case number detailing the 5150 hold.

### 418.3.4   SECURING OF WEAPONS
If a receiving and secured facility prohibits weapons or if an extraordinary event occurs in the treatment facility and officers determine a need to secure their firearms, the firearm shall be secured in the appropriate gun locker at the facility or in the police unit.

### 418.4   MENTALLY ILL PERSON CHARGED WITH A CRIME
When practical, any person charged with a crime who also appears to be mentally ill shall be booked at the Maywood Cudahy Police Department before being transported to the authorized facility. If the person has injuries or some other medical condition, he/she may be taken directly to the hospital with the approval of a supervisor.

### 418.5   CONFISCATION OF FIREARMS AND OTHER WEAPONS
Whenever a person has been detained or apprehended for examination pursuant to Welfare and Institutions Code § 5150 and is found to own, have in his or her possession or under his or her control, any firearm whatsoever or any other deadly weapon, the firearm or other deadly weapon shall be confiscated by the handling officer (Welfare and Institutions Code § 8102(a)).

Officers are cautioned that a search warrant may be needed before entering a residence to search unless lawful, warrantless entry has already been made (e.g., exigent circumstances, valid consent).

The handling officer shall further advise the person of the below described procedure for the return of any firearm or other deadly weapon which has been confiscated (Welfare and Institutions Code § 8102(a)). For purposes of this section deadly weapon means any weapon that the possession of or carrying while concealed is prohibited by Penal Code § 12020.

2009/08/28 © 1995-2009 Lexipol, LLC

Mental Illness Commitments - 217

MARTINEZ00006

# Maywood Cudahy Police Department
### Policy Manual

*Mental Illness Commitments*

---

**418.5.1   RETURN OF CONFISCATED FIREARMS AND WEAPONS**

(a)   Whenever the handling officer has cause to believe that the future return of any confiscated weapon(s) might endanger the person or others, the officer shall detail those facts and circumstances in a report.   The report shall be forwarded to the Detective Bureau which shall be responsible for initiating a petition to the superior court for a hearing in accordance with <u>Welfare and Institutions Code</u> § 8102(b), to determine whether or not the weapon(s) will be returned.

(b)   The petition to the Superior Court shall be initiated within 30 days of the release of the individual from whom such weapon(s) have been confiscated unless the Department makes an ex parte application to the court to extend the time to file such a petition, up to a maximum of 60 days.   At the time any such petition is initiated, the Department shall send written notice to the individual informing him or her of the right to a hearing on the issue and that he or she has 30 days to confirm with the court clerk any desire for a hearing and that the failure to do so will result in the forfeiture of any confiscated weapon(s).

(c)   If no petition is initiated within the above period, the Department shall make the weapon(s) available for return in accordance with subsection (d) below. If the person does not confirm a desire for a hearing within the prescribed 30 days, the Department may file a petition for an order of default.

(d)   Under no circumstances shall any firearm be returned to any individual unless and until such person presents valid identification and written notification from the California Department of Justice which conforms to the provisions of <u>Penal Code</u> § 12021.3(e).

(e)   In no case in which a firearm or other deadly weapon is not retained as evidence shall the Department be required to retain such firearms or other deadly weapon longer than 180 days after notice has been provided to the owner that such firearm or other deadly weapon is available for return. At the expiration of such period, the firearm or other deadly weapon may be processed for disposal in accordance with applicable law (<u>Penal Code</u> § 12021.3(g)).

**418.6   TRAINING**

As a part of advanced officer training programs, this agency will endeavor to include POST approved training on interaction with mentally disabled persons as provided by <u>Penal Code</u> § 13515.25.

2009/08/28 © 1995-2009 Lexipol, LLC

MARTINEZ00007



**Maywood Cudahy Police Department**
Policy Manual

# Briefing Training

### 404.1    PURPOSE AND SCOPE

Briefing training is generally conducted at the beginning of the officer's assigned shift. Briefing provides an opportunity for important exchange between employees and supervisors. A supervisor generally will conduct Briefing; however officers may conduct Briefing for training purposes with supervisor approval.

Briefing should accomplish, at a minimum, the following basic tasks:

(a)  Briefing officers with information regarding daily patrol activity, with particular attention given to unusual situations and changes in the status of wanted persons, stolen vehicles, and major investigations

(b)  Notifying officers of changes in schedules and assignments

(c)  Notifying officers of new Departmental Directives or changes in Departmental Directives

(d)  Reviewing recent incidents for training purposes

(e)  Providing training on a variety of subjects

### 404.2    PREPARATION OF MATERIALS

The supervisor conducting Briefing is responsible for preparation of the materials necessary for a constructive briefing. Supervisors may delegate this responsibility to a subordinate officer in his or her absence or for training purposes.

2009/08/28 © 1995-2009 Lexipol, LLC

MARTINEZ00008



**Maywood Cudahy Police Department**
Policy Manual

# Patrol Function

## 400.1   PURPOSE AND SCOPE
The purpose of this policy is to define the functions of the patrol unit of the Department to ensure intra-department cooperation and information sharing.

### 400.1.1   FUNCTION
Officers will generally patrol in clearly marked vehicles, patrol assigned jurisdictional areas of Maywood-Cudahy, respond to calls for assistance, act as a deterrent to crime, enforce state and local laws and respond to emergencies 24 hours per day seven days per week.

Patrol will generally provide the following services within the limits of available resources:

(a)   Patrol that is directed at the prevention of criminal acts, traffic violations and collisions, the maintenance of public order, and the discovery of hazardous situations or conditions

(b)   Crime prevention activities such as residential inspections, business inspections, community presentations, etc.

(c)   Calls for service, both routine and emergency in nature

(d)   Investigation of both criminal and non-criminal acts

(e)   The apprehension of criminal offenders

(f)   Community Oriented Policing and Problem Solving activities such as citizen assists and individual citizen contacts of a positive nature

(g)   The sharing of information between the Patrol and other division within the Department, as well as other outside governmental agencies

(h)   The application of resources to specific problems or situations within the community, which may be improved or resolved by Community Oriented Policing and problem solving strategies

(i)   Traffic direction and control

## 400.2   PATROL INFORMATION SHARING PROCEDURES
The following guidelines are intended to develop and maintain intra-department cooperation and information flow between the various divisions of the Maywood Cudahy Police Department.

### 400.2.1   CRIME REPORTS
A crime report may be completed by any patrol officer who receives criminal information. The report will be processed and forwarded to the appropriate bureau for retention or follow-up investigation.

### 400.2.2   PATROL BRIEFINGS
Patrol supervisors, detective sergeants, and special unit sergeants are encouraged to share information as much as possible. All supervisors and/or officers will be provided an opportunity to share information at the daily patrol [briefing]s as time permits.

Patrol Function - 200

2009/08/28 © 1995-2009 Lexipol, LLC

MARTINEZ00009

# Maywood Cudahy Police Department
Policy Manual

*Patrol Function*

## 400.2.3   INFORMATION CLIPBOARDS
Several information clipboards will be maintained in the [briefing] room and will be available for review by officers from all divisions within the Department. These will include, but not be limited to, the patrol check clipboard, the wanted persons clipboard and the written directive clipboard.

## 400.2.4   BULLETIN BOARDS
A bulletin board will be kept in the briefing room and the Detective Bureau for display of suspect information, intelligence reports and photographs. New Departmental Directives will be made available for patrol supervisors and will be discussed at briefings and shift meetings. A copy of the Departmental Directive will be placed on the briefing room bulletin board.

2009/08/28 © 1995-2009 Lexipol, LLC

MARTINEZ00010



| Policy | Maywood Cudahy Police Department |
| **322** | Policy Manual |

# Search & Seizure

## 322.1   PURPOSE AND SCOPE

Case law regarding search and seizure is ever changing and frequently subject to interpretation under the varying facts of each situation. This policy is intended to provide a few of the basic guidelines that may assist an officer in evaluating search and seizure issues. Specific situations should be handled according to current training and an officer's familiarity with clearly established case law.

## 322.2   REASONABLE EXPECTATION OF PRIVACY

Both the United States and the California Constitutions provide every individual with the right to be free from unreasonable governmental intrusion. As a general rule, members of this department should not physically enter any area where an individual has a reasonable expectation of privacy in order to conduct a search or seizure without one or more of the following:

- A valid search warrant
- Exigent circumstances
- Valid consent

### 322.2.1   SEARCH PROTOCOL

(a)   Members of this department will conduct person searches with dignity and courtesy.

(b)   Members of this department will conduct property searches in a manner that returns the condition of the property to its pre-search status as nearly as reasonably practical.

(c)   Members of this department should attempt to gain keys to locked property when a search is anticipated and the time and effort required to gain the keys makes it a practical option.

(d)   When the person to be searched is of the opposite sex of the officer, an officer of the like sex should be summoned to the scene to conduct the search.

(e)   A search may be undertaken of a member of the opposite sex when it is not practical to summon an officer of the like sex. In these instances the officers will adhere to the following guidelines:

   1.   A supervisor and/or one other officer should witness the search, if practical.

   2.   Officers will use the back side of their hands and fingers to search sensitive areas of the opposite sex to include the breast, crotch and buttocks areas.

(f)   The officer will explain to the person being searched the reason for the search and how the officer will conduct the search.

## 322.3   SPECIFIC SITUATIONS

### 322.3.1   RESIDENCE

Absent a valid search warrant, exigent circumstances, probation or parole authorization, or valid consent, every person has a reasonable expectation of privacy inside his/her home. Individuals do not, however, generally have a reasonable expectation of privacy in

Search & Seizure - 104

MARTINEZ00011

# Maywood Cudahy Police Department
### Policy Manual

*Search & Seizure*

areas around their home where the general public (e.g., mail carriers & solicitors) would reasonably be permitted to go.

### 322.3.2   PLAIN VIEW
Because an individual does not have an expectation of privacy as to items that are in plain view, no "search" has taken place in a constitutional sense when an object is viewed from a location where the officer has a right to be.

An item in plain view may generally be seized when all of the following conditions exist:

(a)   It was viewed from a lawful location

(b)   There is probable cause to believe that the item is linked to criminal activity

(c)   The location of the item can be legally accessed

It is important to note that the so-called "Nexus Rule" requires that even items in plain view must not be seized unless there is probable cause to believe that the item will aid in an investigation. Such a nexus should be included in any related reports.

### 322.3.3   EXIGENT CIRCUMSTANCES
Exigent circumstances permitting entry into premises without a warrant or valid consent generally include any of the following:

(a)   Imminent danger of injury or death

(b)   Serious damage to property

(c)   Imminent escape of a suspect

(d)   The destruction of evidence

An exigency created by the officer's own conduct as an excuse for a warrantless entry is not generally permitted.

### 322.4   CONSENT
Entry into a location for the purpose of conducting a search for any item reasonably believed relevant to any investigation is permitted once valid consent has been obtained. A search by consent is only valid if the following criteria are met:

- Voluntary (i.e., clear, specific, and unequivocal).
- Obtained from a person with authority to give the consent.
- Does not exceed the scope of the consent given.

Unless unusual circumstances would not otherwise prevent the use of the Department's Consent to Search form, officers should have the individual read the form, ensure he/she understands it, and provide them with a copy after he/she has signed it.

If unusual circumstances prevent the use of the Consent to Search form, officers should describe such circumstances in related report(s).

While there is no requirement that an individual be told of their right to refuse consent, such a warning and the use of the Consent to Search form provide strong support for the validity of any consent.

2009/08/28 © 1995-2009 Lexipol, LLC

MARTINEZ00012

# Maywood Cudahy Police Department
## Policy Manual

*Search & Seizure*

Consent must be obtained as the product of a free will. It cannot be obtained through submission to authority, expressed or implied.

A person with authority to consent to search should be present or otherwise in a position to communicate a withdrawal of consent should they so desire. Absent other legal justification, any related search should be discontinued at any point that consent is withdrawn.

2009/08/28 © 1995-2009 Lexipol, LLC

MARTINEZ00013

```
INQ30C10                         ADDRESS INQUIRY REPORT              Page:    1
Tue, Feb 23, 2010, 10:46 AM              FOR                   Req. By: 407
                                      3589 54TH


----------------------------         ADDRESS        ---------------------------

         Map Guide:              Reporting District: 4


----------------------------    PERSONS INVOLVED    ---------------------------
    Inv  Name                   S  R    DOB    Address
    VM02 BENITEZ, RENE          M  H  111885   3589    54TH

    RO01 LUENGAS, GERARDO                      3589    54TH

    VM04 LUENGAS, JERARDO       M  H  041783   3589    54TH

    SU01 LOPEZ, JOSE            M  H  011961   3589    54TH

    VM01 MARTINEZ, BERTHA       F  H  062864   3589    54TH

    CI01 LUENGAS, JERARDO       M  H  041783   3589    54TH

    CI01 LUENGAS, JERARDO       M  H  041783   3589    54TH

    CI01 LUENGAS, JERARDO       M  H  041783   3589    54TH

    CI01 LUENGAS, JERARDO       M  H  041783   3589    54TH

    RO01 MARTINEZ, BERTHA                      3589    54TH

    CI01 LUENGAS, JERARDO       M  H  041783   3589    54TH

    CI01 LUENGAS, JERARDO       M  H  041783   3589    54TH

    RP01 MARTINEZ, BERTHA       F  H  062864   3589    54TH

    RO01 MARTINEZ, BERTHA                      3589    54TH

    CI01 SANCHEZ, JOAQUIN OLVERA M  H  020881  3589    54TH

    FI01 LUENGAS, JERARDO       M  H  041783   3589    54TH

    RO01 LUENGAS, JERARDO                      3589    54TH

    CI01 LUENGAS, JERARDO       M  H  041783   3589    54TH

    CI01 LUENGAS, JERARDO       M  H  041783   3589    54TH
```

MARTINEZ00014

```
INQ30C10                    ADDRESS INQUIRY REPORT                    Page:    2
Tue, Feb 23, 2010, 10:46 AM          FOR                      Req. By: 407
                                  3589 54TH
```

```
--------------------------  PERSONS INVOLVED  --------------------------
No Inv  Name                    S  R   DOB   Address
   R001 BARRAGAN, BERTHA MARTINE                3589   54TH

   CI01 LUENGAS, JERARDO         M  H  041783 3589   54TH
```

```
--------------------------       CASES      --------------------------
   Case No      Inv  Date  Code        Description        Status
   CR091899         072509 PC 664/187  ASSAULT GUN CITIZE CLRD BY MULT ADLT AR

   CR081839         072208 PC 3056     PAROLE/PROB VIOL   CLRD BY SGL ADLT ARR

   CR071749         072207 VC 12500(A) UNLICENSED DRIVER  SUSPENDED-RECORDS

   CR062079         082506 PC 242      LOCAL MISD WARRANT CLRD BY SGL ADLT ARR

   CR061001         042906 PC 211      ROB-STRONG ARM HWY CLRD BY SGL ADLT ARR

   CR06841          041206 PC 664/187  ASSAULT GUN CITIZE ACTIVE

   CR053114         072905 MC 5-30.01  DRINKING IN PUBLIC SUSPENDED-RECORDS

   CR053115         072905 HS 11357    LOCAL MISD WARRANT CLRD BY SGL ADLT ARR
```

```
--------------------------  DOMESTIC VIOLENCE  --------------------------
   Case No      Inv  Date  Code        Description        Status
   CR042094         081604 PC 245      ASST W/DANG WEA-D. ADM CLOSURE
```

```
--------------------------   TRAFFIC CASES  --------------------------
   Case No      Inv  Date  Code        Description        Status
   CR092479         090409             TC INJ VEH         SUSPENDED-RECORDS
```

```
--------------------------     CITATION     --------------------------
   Case Number   Type Description        Name
   CI-05-98503    N   NON-VEH VIOLATIONS
   License/State:         Make/Model:              Color:
   Officer: 392       Name: GARCIA, F.      Date: 072905 Time: 1846

   MC -5-30.01MC
```

MARTINEZ00015

```
CIN01009                      INCIDENT INQUIRY   Tue, Feb 23, 2010, 10:47 AM
                                                 FOR: 407          Page:    1

Recv: 082608 1111            Address: 3589 54TH
Type: P/FU    FOLLOW UP      Reference:                           City: MW
                             Cross:    MAYWOOD
Beat: 1    Pol Dst: 4    Fir Dst: 4   Map Guide:        Census:

How Recv: OS                 Reporting Party's:
Priority: 4                        Address:
Dispo:   AST                         Phone:
                        hh mm
Time Stamps: Received: 11:11   hhhh mm ss          hhhh mm ss
             Dispatch: 11:11      :..:..  RC/AS:    :..:..
             Enroute:  11:11       :00:00  DI/AS:     :00:00
             At Scene: 11:11       :00:00  DI/CC:   3:05:09
             Close:    14:17     3:05:09

Comments:
291       |11:11:54|  INCIDENT NUMBER:8MW0008548
291       |11:12:07|  ASSISTING MARSHALLS AT LOC
291       |13:40:47|  PARAMEDICS NOTIFIED FOR 44 YR OLD FEMALE COMPLAINING OF
                      CHEST PAINS
291       |13:57:41|  FEMALE REFUSED TO BE TRANSPORTED AGAINST THE ADV OF THE
                      FIRE DEPT SHE WILL
291       |13:57:48|  SEEK HER OWN MEDICAL ATTENTION
291       |14:17:03|  CLOSED DISPO : ASSISTED

History:
Unit/Empl     Date  Time     Cmd Type  Location/Comments            User
-----------   ----- -------- --- ----  ---------------------------  -----
              08/26 11:11:54 FC  FU    3589 54TH                     291
11L/391       08/26 11:11:54 OS  FU    3589 54TH                     291
              08/26 11:12:12 MR  FU    AD:3589 54TH                  291
              08/26 11:12:12 MR  FU    BT:                           291
              08/26 11:12:12 MR  FU    PD:                           291
              08/26 11:12:12 MR  FU    PD:                           291
11L/391       08/26 11:12:12 MR  FU    3589 54TH                     291
11L/391       08/26 14:17:03 CC  FU    Dispo:AST                     291
              08/26 14:17:03 CC  FU    Dispo:AST                     291

-EOR-
```

MARTINEZ00016

```
CTN01003                          CAD Address Inquiry
MAYWOOD                         Tue, Feb 23, 2010, 10:48 AM
Address: 3589 54TH
Agency: P    Dates: 010108/090108   Types:
Date   Time Type    NOI            Dispo      RC/DI DI/AS AS/CC Incident   Address
082608 1111 FU       FOLLOW UP      AST                 99:99 8MW0008548 3589 54TH

291         |11:11:54| INCIDENT NUMBER:8MW0008548
291         |11:12:07| ASSISTING MARSHALLS AT LOC
291         |13:40:47| PARAMEDICS NOTIFIED FOR 44 YR OLD FEMALE COMPLAINING OF
                       CHEST PAINS
291         |13:57:41| FEMALE REFUSED TO BE TRANSPORTED AGAINST THE ADV OF THE
                       FIRE DEPT SHE WILL
291         |13:57:48| SEEK HER OWN MEDICAL ATTENTION
291         |14:17:03| CLOSED DISPO : ASSISTED


081508 0614 PARK     PARKING COMPLAI  PCI               21:31 8MW0008062 3589 54TH

310         |06:14:19| INCIDENT NUMBER:8MW0008062
310         |06:14:19| VEH PARKED ON LAWN
310         |06:35:50| CLOSED DISPO : PARKING CITE ISSUED


072208 1258 PED      PED CHECK/STOP   AA                99:99 8MW0007115 3589 54TH

291         |13:22:35| CASE NUMBER =  CR-08-00001839 (MW)
291         |13:22:38| CASE NUMBER =  AR-08-00000332 (MW)
291         |12:58:05| INCIDENT NUMBER:8MW0007115
291         |12:58:17| OUT W/ 1
291         |13:00:24| CWS/ RODRIGUEZ, HUMBERTO 9 12 81
291         |13:02:38| NO HITS, ON PAROLE FOR 186
291         |13:06:36| 10-15 W/ ONE
291         |14:00:09| CLOSED DISPO : ADULT ARREST
```

MARTINEZ00017

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 695 Town Center Drive, Suite 700, Costa Mesa, California 92626. On **March 5, 2010,** I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED:   **CITY OF MAYWOOD'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION AND IDENTIFICATION OF DOCUMENTS, SET ONE**

SERVED UPON:   **SEE ATTACHED SERVICE LIST**

☒   (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice of BOHM, MATSEN, KEGEL & AGUILERA, LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   (BY PERSONAL SERVICE) I **caused** the above-referenced documents to be personally delivered on the date listed below.

☐   (BY FEDERAL EXPRESS) I am readily familiar with the practice of BOHM, MATSEN, KEGEL & AGUILERA, LLP for the collection and processing of correspondence for overnight delivery and known that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☐   (BY FACSIMILE WHERE INDICATED)  The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(I), I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration.

☐   (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒   (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on **March 5, 2010,** at Costa Mesa, California.

Kym Smith

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>Service List</u>
*Martinez v. City of Maywood, et al.*
*United States District Court, Central District (Los Angeles),*
*Case Number CV09-06734 SJO (RCx)*

Shawna L. Parks, Esq.
Disability Rights Legal Center
919 Albany Street.
Los Angeles, CA 90015
(213) 736-1031 tel
Shawna.parks@lls.edu

Attorneys for Plaintiffs,
MARITZA SANCHEZ MARTINEZ, an
individual, by and through her mother and
guardian ad litem, BERTHA MARTINEZ,
BERTHA MARTINEZ and WENDY
SANCHEZ, an individual

Cynthia Anderson-Barker
Law Offices of Cynthia Anderson-Barker
3435 Wilshire Blvd., Ste. 2900
Los Angeles, CA 90010
(213) 381-3246 tel
(213) 252-0091 fax
cablaw@hotmail.com

Paul B. Beach, Esq.
Lawrence, Beach, Allen & Choi PC
1600 N. Broadway, Ste. 1010
Santa Ana, CA 92706
714-479-0180 tel
714-479-0181 fax
pbeach@lbaclaw.com

Attorneys for Defendant,
COUNTY OF LOS ANGELES

# EXHIBIT K

1  **BOHM, MATSEN, KEGEL & AGUILERA, LLP**
2  Lee A. Wood – Of Counsel (SBN 58676)
   Jonyson A. Pierce, Esq. (SBN 199354)
3  695 Town Center Drive, Suite 700
4  Costa Mesa, CA 92626
   Telephone: (714) 384-6500
5  Facsimile: (714) 384-6501
6
7  Attorneys for Defendants
   CITY OF MAYWOOD, MAYWOOD POLICE DEPARTMENT, ANDREW
8  SERRATA and FRANK GARCIA
9

10                 **UNITED STATES DISTRICT COURT**
11               **CENTRAL DISTRICT OF CALIFORNIA**
12

13  MARITZA SANCHEZ MARTINEZ,   )  Case No. CV09-06734 SJO (RCx)
14  an individual, by and through her )  Assigned For All Purposes To:
    mother and guardian ad litem,    )  Hon. S. James Otero
15  BERTHA MARTINEZ, BERTHA          )
16  MARTINEZ, an individual, and     )  **CITY OF MAYWOOD'S SECOND**
    WENDY SANCHEZ, an individual     )  **SUPPLEMENTAL RESPONSES**
17                                   )  **TO PLAINTIFFS' REQUEST**
18          Plaintiff,               )  **FOR PRODUCTION AND**
                                     )  **IDENTIFICATION OF**
19      vs.                          )  **DOCUMENTS, SET ONE**
20                                   )
21  CITY OF MAYWOOD, MAYWOOD )
22  POLICE DEPARTMENT, COUNTY )
    OF LOS ANGELES, ANDREW    )
23  SERRATA, MAYWOOD OFFICER  )
    GARCIA, DAVID ISHIBASHI and )
24  DOES 1 through 10, Inclusive,   )
25                                   )
26          Defendants.              )
27  _____ )  Complaint Filed: September 22, 2009
28

                                  1

PROPOUNDING PARTY:        Plaintiffs MARITZA S. MARTINEZ, et. al.

RESPONDING PARTY:         Defendant, CITY OF MAYWOOD

SET NO.:                  One (1)

## PRELIMINARY STATEMENT

1.    Defendant has not yet completed its investigation into the facts relevant to this controversy, this discovery, or this trial preparation.  Accordingly, defendant makes the supplemental responses to the Document Production Requests based on the information presently available to it and without prejudice to its right to amend or supplement its responses and to present evidence, which may hereafter be discovered to become available to it.

2.    By supplementally responding to these Requests for Production of Documents, defendant does not concede that the information sought is relevant.

3.    Defendant's supplemental responses to these Requests for Production are made without intending to waive or waiving but on the contrary intending to preserve and preserving;

    (a)    The right to object on any grounds to the use or introduction into evidence of the information provided in response to the Request for Production; and

    (b)    The right to object on any grounds at any time to other Request for Production or other discovery involving the subject matter of the Request for Production.

## SECOND SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTIONAND IDENTIFICATION OF DOCUMENTS, SET 1

### REQUEST FOR PRODUCTION OF DOCUMENT NO. 1:

All documents relating to you policies, including but not limited to draft policies, for providing accommodations to any person with a mental disability.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Objection, overbroad, burdensome, not reasonably calculation to lead to the discovery of admissible evidence, vague, and ambiguous. Without waiving the

2

1  foregoing objections, responding party responds as follows: If any such documents
2  exist, defendant will comply.
3  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 1:**
4       Without waiving the foregoing objections, responding party responds as
5  follows: Attached as Bates Nos. 00001-00008 are documents responsive to this
6  request.
7  **SECOND SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 1:**
8       Without waiving the foregoing objections, responding party responds as
9  follows: Defendant identifies documents attached as Bates Nos. 00055-00056 to the
10 City of Maywood's and Maywood-Cudahy Police Department's responses and
11 supplemental responses to plaintiff's Request for Production, Set 1. Defendant will
12 also be providing a document entitled "Regulations for the Accommodation of the
13 Disabled in Public Accommodations." Also, job postings with the City of Maywood
14 indicate that the City is an equal opportunity employer. Also, Agenda Meeting
15 postings advise individuals with special needs to contact the City Clerk if they need
16 special accommodations. Defendant is in the process of locating past and present job
17 listings and Agenda Meeting postings for production to this RFP, Set 1.
18 **REQUEST FOR PRODUCTION OF DOCUMENT NO. 2:**
19      All documents relating to you policies, including but not limited to draft
20 policies, for providing accommodations to any person with a disability, including any
21 person with a mental disability.
22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**
23      Objection, overbroad, burdensome, not reasonably calculation to lead to the
24 discovery of admissible evidence, vague, and ambiguous. Without waiving the
25 foregoing objections, responding party responds as follows: If any such documents
26 exist, defendant will comply.
27 ///
28 ///

CITY OF MAYWOOD'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUEST
FOR PRODUCTION AND IDENTIFICATION OF DOCUMENTS, SET ONE

1  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 2:**

2      Without waiving the foregoing objections, responding party responds as

3  follows: Attached as Bates Nos. 00001-00008 are documents responsive to this

4  request.

5  **SECOND SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 2:**

6      Without waiving the foregoing objections, responding party responds as

7  follows: Defendant identifies documents attached as Bates Nos. 00055-00056 to the

8  City of Maywood's and Maywood-Cudahy Police Department's responses and

9  supplemental responses to plaintiff's Request for Production, Set 1. Defendant will

10  also be providing a document entitled "Regulations for the Accommodation of the

11  Disabled in Public Accommodations." Also, job postings with the City of Maywood

12  indicate that the City is an equal opportunity employer. Also, Agenda Meeting

13  postings advise individuals with special needs to contact the City Clerk if they need

14  special accommodations. Defendant is in the process of locating past and present job

15  listings and Agenda Meeting postings for production to this RFP, Set 1.

16  **REQUEST FOR PRODUCTION OF DOCUMENT NO. 3:**

17      All documents relating to any training by or for you providing reasonable

18  accommodations to or interacting with any person with a mental disability.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

20      Objection, overbroad, burdensome, not reasonably calculation to lead to the

21  discovery of admissible evidence, vague, and ambiguous. Without waiving the

22  foregoing objections, responding party responds as follows: If any such documents

23  exist, defendant will comply.

24  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 3:**

25      Without waiving the foregoing objections, responding party responds as

26  follows: Attached as Bates Nos. 00001-00008 are documents responsive to this

27  request.

28  ///

**SECOND SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 3:**

Without waiving the foregoing objections, responding party responds as follows: Defendant identifies documents attached as Bates Nos. 00055-00056 to the City of Maywood's and Maywood-Cudahy Police Department's responses and supplemental responses to plaintiff's Request for Production, Set 1. Defendant will also be providing a document entitled "Regulations for the Accommodation of the Disabled in Public Accommodations." Also, job postings with the City of Maywood indicate that the City is an equal opportunity employer. Also, Agenda Meeting postings advise individuals with special needs to contact the City Clerk if they need special accommodations. Defendant is in the process of locating past and present job listings and Agenda Meeting postings for production to this RFP, Set 1.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 4:**

All documents relating to any training by or for you for providing accommodations to or interacting with any person with a disability, including any person with a mental disability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objection, overbroad, burdensome, not reasonably calculation to lead to the discovery of admissible evidence, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: If any such documents exist, defendant will comply.

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 4:**

Without waiving the foregoing objections, responding party responds as follows: Attached as Bates Nos. 00001-00008 are documents responsive to this request.

**SECOND SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 4:**

Without waiving the foregoing objections, responding party responds as follows: Defendant identifies documents attached as Bates Nos. 00055-00056 to the City of Maywood's and Maywood-Cudahy Police Department's responses and

1  supplemental responses to plaintiff's Request for Production, Set 1. Defendant will
2  also be providing a document entitled "Regulations for the Accommodation of the
3  Disabled in Public Accommodations." Also, job postings with the City of Maywood
4  indicate that the City is an equal opportunity employer. Also, Agenda Meeting
5  postings advise individuals with special needs to contact the City Clerk if they need
6  special accommodations. Defendant is in the process of locating past and present job
7  listings and Agenda Meeting postings for production to this RFP, Set 1.

8  **REQUEST FOR PRODUCTION OF DOCUMENT NO. 5:**

9     All documents relating to Plaintiffs in your possession.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

11    Objection, overbroad, burdensome, not reasonably calculation to lead to the
12 discovery of admissible evidence, vague, and ambiguous. Without waiving the
13 foregoing objections, responding party responds as follows: Defendant will comply.

14 **SUPPLEMENTAL RESPONSE FOR PRODUCTION: 5**

15    Without waiving the foregoing objections, responding party responds as
16 follows: With respect to I.A. File No. 2009-3 prepared as a result of the subject
17 incident, defendant will comply subject to the stipulated protective order to be filed
18 with the court. I.A. File No. 2009-3 will be produced as soon as the stipulated
19 protective order has been signed by the court. Also, attached as Bates Nos. 00014-
20 00017 are documents responsive to this request.

21 **SECOND SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 5:**

22    Without waiving the foregoing objections, responding party responds as
23 follows: Defendant produces I.A. File No. 2009-3 as Bates Nos. 00018-00054,
24 subject to the stipulated protective order, as being responsive to this request.

25 **REQUEST FOR PRODUCTION OF DOCUMENT NO. 6:**

26    All documents relating to any MPD activity at 3589 E. 54th Street in Maywood,
27 California on or about August 25, 2008.

28 ///

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection, vague and ambiguous. Without waiving the foregoing objections, responding party responds as follows: Defendant will comply.

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 6:**

Without waiving the foregoing objections, responding party responds as follows: With respect to I.A. File No. 2009-3 prepared as a result of the subject incident, defendant will comply subject to the stipulated protective order to be filed with the court. I.A. File No. 2009-3 will be produced as soon as the stipulated protective order has been signed by the court. Also, attached as Bates Nos. 00014-00017 are documents responsive to this request.

**SECOND SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 6:**

Without waiving the foregoing objections, responding party responds as follows: Defendant produces I.A. File No. 2009-3 as Bates Nos. 00018-00054, subject to the stipulated protective order, as being responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 7:**

All documents relating to any MPD activity at 3589 E. 54th Street in Maywood, California on or about August 20, 2008.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objection, vague and ambiguous. Without waiving the foregoing objections, responding party responds as follows: Defendant will comply.

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 7:**

Without waiving the foregoing objections, responding party responds as follows: With respect to I.A. File No. 2009-3 prepared as a result of the subject incident, defendant will comply subject to the stipulated protective order to be filed with the court. I.A. File No. 2009-3 will be produced as soon as the stipulated protective order has been signed by the court. Also, attached as Bates Nos. 00014-00017 are documents responsive to this request.

///

7

1  **SECOND SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 7:**

2      Without waiving the foregoing objections, responding party responds as

3  follows: Defendant produces I.A. File No. 2009-3 as Bates Nos. 00018-00054,

4  subject to the stipulated protective order, as being responsive to this request.

5  **REQUEST FOR PRODUCTION OF DOCUMENT NO. 8:**

6      All documents relating to any verbal or written complaint regarding the

7  accommodation provided to, or failed to be provided to, any person with a mental

8  disability.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

10      Objection, overbroad, burdensome, invasion of privacy, not reasonably

11  calculation to lead to the discovery of admissible evidence, vague, and ambiguous.

12  Without waiving the foregoing objections, responding party responds as follows: If

13  any such documents exist, defendant will comply with redaction of private

14  information.

15  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 8:**

16      Without waiving the foregoing objections, responding party responds as

17  follows: After a reasonable and diligent search and inquiry, there are no documents

18  responsive to this request given that defendant does not know of any complaints other

19  than those relating to the subject incident.

20  **REQUEST FOR PRODUCTION OF DOCUMENT NO. 9:**

21      All documents relating to any verbal or written complaint regarding the

22  accommodations provided to, or failed to be provided to, a person with a disability,

23  including any person with a mental disability.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

25      Objection, overbroad, burdensome, invasion of privacy, not reasonably

26  calculation to lead to the discovery of admissible evidence, vague, and ambiguous.

27  Without waiving the foregoing objections, responding party responds as follows: If

28  any such documents exist, defendant will comply with redaction of private

1  information.

2  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 9:**

3       Without waiving the foregoing objections, responding party responds as

4  follows: After a reasonable and diligent search and inquiry, there are no documents

5  responsive to this request given that defendant does not know of any complaints other

6  than those relating to the subject incident.

7  **REQUEST FOR PRODUCTION OF DOCUMENT NO. 10:**

8       All documents relating to requests for accommodations made by any individual

9  with a mental disability.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

11       Objection, overbroad, burdensome, invasion of privacy, not reasonably

12  calculation to lead to the discovery of admissible evidence, vague, and ambiguous.

13  Without waiving the foregoing objections, responding party responds as follows: If

14  any such documents exist, defendant will comply with redaction of private

15  information.

16  **SUPPLEMENAL RESPONSE TO PRODUCTION NO. 10:**

17       Without waiving the foregoing objections, responding party responds as

18  follows: After a reasonable and diligent search and inquiry, there are no documents

19  responsive to this request given that defendant does not know of any "requests for

20  accommodations…" other than those relating to the subject incident.

21  **REQUEST FOR PRODUCTION OF DOCUMENT NO. 11:**

22       All documents relating to request for accommodations made by individuals

23  with disabilities, including any individual with a mental disability.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

25       Objection, overbroad, burdensome, invasion of privacy, not reasonably

26  calculation to lead to the discovery of admissible evidence, vague, and ambiguous.

27  Without waiving the foregoing objections, responding party responds as follows: If

28  any such documents exist, defendant will comply with redaction of private

1 | information.

2 | **SUPPLEMENTAL RESPONSE FOR PRODUCTION NO. 11:**

3 | Without waiving the foregoing objections, responding party responds as

4 | follows: After a reasonable and diligent search and inquiry, there are no documents

5 | responsive to this request given that defendant does not know of any "requests for

6 | accommodations..." other than those relating to the subject incident.

7 | **REQUEST FOR PRODUCTION OF DODUCMENT NO. 12:**

8 | All documents relating to your refusal to provide accommodations to any

9 | individual with a mental disability.

10 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

11 | Objection, overbroad, burdensome, not reasonably calculation to lead to the

12 | discovery of admissible evidence, vague, and ambiguous. Without waiving the

13 | foregoing objections, responding party responds as follows: If any such documents

14 | exist, defendant will comply.

15 | **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 12:**

16 | Without waiving the foregoing objections, responding party responds as

17 | follows: After a reasonable and diligent search and inquiry, there are no documents

18 | responsive to this request given that defendant does not know of any "refusal to

19 | provide accommodations..." other than those relating to the subject incident.

20 | **REQUEST FOR PRODUCTION OF DOCUMENT NO. 13:**

21 | All documents relating to your refusal to provide accommodations to

22 | individuals with disabilities, including but not limited to any individual with a mental

23 | disability.

24 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

25 | Objection, overbroad, burdensome, not reasonably calculation to lead to the

26 | discovery of admissible evidence, vague, and ambiguous. Without waiving the

27 | foregoing objections, responding party responds as follows: If any such documents

28 | exist, defendant will comply.

1  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 13:**

2       Without waiving the foregoing objections, responding party responds as

3  follows: After a reasonable and diligent search and inquiry, there are no documents

4  responsive to this request given that defendant does not know of any "refusal to

5  provide accommodations…" other than those relating to the subject incident.

6  **REQUEST FOR PRODUCTION OF DOCUMENT NO. 14:**

7       All documents relating to your policies, including but not limited to draft

8  policies, for conducting searches of residence.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

10       Objection, overbroad, burdensome, not reasonably calculation to lead to the

11  discovery of admissible evidence, vague, and ambiguous. Without waiving the

12  foregoing objections, responding party responds as follows: Defendant will comply.

13  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 14:**

14       Without waiving the foregoing objections, responding party responds as

15  follows: Attached as Bates Nos. 00011-00013 are documents responsive to this

16  request.

17  **REQUEST FOR PRODUCTION OF DOCUMENT NO. 15:**

18       All documents relating to training provided to your personnel on conducting

19  searches.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

21       Objection, overbroad, burdensome, not reasonably calculation to lead to the

22  discovery of admissible evidence, vague, and ambiguous. Without waiving the

23  foregoing objections, responding party responds as follows: Defendant will comply.

24  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 15:**

25       Without waiving the foregoing objections, responding party responds as

26  follows: Attached as Bates Nos. 00011-00013 are documents responsive to this

27  request.

28  ///

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

All documents relating to your policies, including but not limited to draft policies, for conducting interrogations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection, overbroad, burdensome, not reasonably calculation to lead to the discovery of admissible evidence, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: Defendant will comply.

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 16:**

Without waiving the foregoing objections, responding party responds as follows: Attached as Bates Nos. 00001-00013 are documents responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 17:**

All documents relating to training provided to your personnel on conducting interrogations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Objection, overbroad, burdensome, not reasonably calculation to lead to the discovery of admissible evidence, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: Defendant will comply.

**SUPPLEMENTAL RESPONSES TO PRODUCTION NO. 17:**

Without waiving the foregoing objections, responding party responds as follows: Attached as Bates Nos. 00001-00013 are documents responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

All documents relating to your policies, including but not limited to draft policies, for conducting interrogations of individuals with a mental disabilities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objection, overbroad, burdensome, not reasonably calculation to lead to the discovery of admissible evidence, vague, and ambiguous. Without waiving the

12

1  foregoing objections, responding party responds as follows: If any such documents
2  exist, defendant will comply.
3  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 18:**
4       Without waiving the foregoing objections, responding party responds as
5  follows: Attached as Bates Nos. 00001-00007 are documents responsive to this
6  request.
7  **REQUEST FOR PRODUCTION OF DOCUMENT NO. 19:**
8       All documents relating to training provided to your personnel on conducting
9  interrogations of any individual with a mental disability.
10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**
11      Objection, overbroad, burdensome, not reasonably calculation to lead to the
12  discovery of admissible evidence, vague, and ambiguous. Without waiving the
13  foregoing objections, responding party responds as follows: If any such documents
14  exist, defendant will comply.
15  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 19:**
16      Without waiving the foregoing objections, responding party responds as
17  follows: Attached as Bates Nos. 00001-00007 are documents responsive to this
18  request.
19  **REQUEST FOR PRODUCTION OF DOCUMENT NO. 20:**
20      All documents relating to your policies, including but not limited to draft
21  policies, for conducting interrogations of individuals with a disability, including any
22  person with a mental disability.
23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**
24      Objection, overbroad, burdensome, not reasonably calculation to lead to the
25  discovery of admissible evidence, vague, and ambiguous. Without waiving the
26  foregoing objections, responding party responds as follows: If any such documents
27  exist, defendant will comply.
28  ///

13

1  **SUPPLEMENTAL RESPONSE FOR PRODUCTION NO. 20:**

2      Without waiving the foregoing objections, responding party responds as

3  follows: Attached as Bates Nos. 00001-00007 are documents responsive to this

4  request.

5  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:**

6      All documents relating to training provided to your personnel on conducting

7  interrogations of individuals with a disability, including any person with a mental

8  disability.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

10      Objection, overbroad, burdensome, not reasonably calculation to lead to the

11  discovery of admissible evidence, vague, and ambiguous. Without waiving the

12  foregoing objections, responding party responds as follows: If any such documents

13  exist, defendant will comply.

14  **SUPPLEMENTAL REPONSE TO PRODUCTION NO. 21:**

15      Without waiving the foregoing objections, responding party responds as

16  follows: Attached as Bates Nos. 00001-00007 are documents responsive to this

17  request.

18  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 22:**

19      All communications between you and any government body or administrative

20  agency, between January 1, 2005 and the present, relating to the provisions of

21  accommodations to any person with a mental disability.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

23      Objection, overbroad, burdensome, not reasonably calculation to lead to the

24  discovery of admissible evidence, vague, and ambiguous. Without waiving the

25  foregoing objections, responding party responds as follows: If any such documents

26  exist, defendant will comply.

27  ///

28  ///

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 22:**

Without waiving the foregoing objections, responding party responds as follows: After a reasonable and diligent search and inquiry, there are no documents responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23:**

All communications between you and any government body or administrative agency, between January 1, 2005 and the present, relating to the provision of accommodations to any person with a disability, including any person with a mental disability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection, overbroad, burdensome, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: If any such documents exist, defendant will comply.

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 23:**

Without waiving the foregoing objections, responding party responds as follows: After a reasonable and diligent search and inquiry, there are no documents responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 24:**

All documents relating to the qualifications of your ADA coordinator or other persons directly responsible for establishing policies regarding accommodations for persons with disabilities, including but not limited to, training, resumes, certifications, and/or credentials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection, overbroad, burdensome, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: If any such documents exist, defendant will comply.

///

///

**SUPPLEMENTAL RESPONSES TO PRODUCTION NO. 24:**

Without waiving the foregoing objections, responding party responds as follows: After a reasonable and diligent search and inquiry, there are no documents responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 25:**

All documents relating to the qualifications of your ADA coordinator or other persons directly responsible for establishing policies regarding accommodations for any person with mental disability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection, overbroad, burdensome, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: If any such documents exist, defendant will comply.

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 25:**

Without waiving the foregoing objections, responding party responds as follows: After a reasonable and diligent search and inquiry, there are no documents responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26:**

All documents relating to your communications with the news media or the general public regarding your provision of accommodations to any person with a disability, including but not limited to new releases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection, overbroad, burdensome, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: If any such documents exist, defendant will comply.

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 26:**

Without waiving the foregoing objections, responding party responds as follows: After a reasonable and diligent search and inquiry, there are no documents responsive to this request.

16

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 27:**

All documents relating to your communications with the news media or the general public regarding your provision of accommodations to any person with a mental disability, including but not limited to news releases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objection, overbroad, burdensome, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: If any such documents exist, defendant will comply.

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 27:**

Without waiving the foregoing objections, responding party responds as follows: After a reasonable and diligent search and inquiry, there are no documents responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 28:**

All documents relating to your website content developed and/or designed for individuals with disabilities, including persons with mental disabilities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection, overbroad, burdensome, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: If any such documents exist, defendant will comply.

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 28:**

Without waiving the foregoing objections, responding party responds as follows: After a reasonable and diligent search and inquiry, there are no documents responsive to this request, other than the City of Maywood's website: www.cityofmaywood.com.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 29:**

All documents relating to your brochures and/or displays, including special projects focusing on individuals with disabilities, including but not limited to providing accommodations to any individual with a mental disability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection, overbroad, burdensome, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: If any such documents exist, defendant will comply.

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 29:**

Without waiving the foregoing objections, responding party responds as follows: After a reasonable and diligent search and inquiry, there are no documents responsive to this request at the present time.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 30:**

All documents relating to oral, telephonic and/or written inquiries regarding your provision of accommodations to individuals with disabilities, including but not limited to any individual with a mental disability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Objection, overbroad, burdensome, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: If any such documents exist, defendant will comply.

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 30:**

Without waiving the foregoing objections, responding party responds as follows: After a reasonable and diligent search and inquiry, there are no documents responsive to this request.

DATED: May 3, 2010          BOHM, MATSEN, KEGEL & AGUILERA, LLP

By: _____
Jonyson A. Pierce
Attorneys for Defendants CITY OF MAYWOOD, MAYWOOD POLICE DEPARTMENT, ANDREW SERRATA and FRANK GARCIA

City of Maywood's 2ND Supp. Rsp to Phf RFP Set 1 FINAL (2.24.10)

CITY OF MAYWOOD'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION AND IDENTIFICATION OF DOCUMENTS, SET ONE



SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00018

# **Administrative Review**

**Description:** *IA #2009-03*

**Professional Standards: (Comments/Recommendation)**

*FOR REVIEW*

*JNR  11-16-09*
**Initials**

**Captain: (Comments/Recommendation)**

CONDUCT ALLEGATION / 340.3.2 (i)

SERGEANT F. GARCIA – " NOT SUSTAINED "
OFFICER  A. SERRATA – " NOT SUSTAINED "  *NA*
**Initials** 12/3/09

**Assistant Chief of Police: (Comments/Recommendation)**

*Concur with Copt. Aguirre.*

*RUtfahe  12-7-09*
**Initials**

**Chief of Police: (Comments/Recommendation)**

*Concur – Not Sustained ( See Attached Memo )*

12-30-09
**Initials**

SUBJECT TO PROTECTIVE ORDER

**MARTINEZ 00019**



# Maywood ☆☆☆ Cudahy Police Department
*Memorandum*

**To:**       FILE - (Officer Andrew Serrata #391 - IA #2009-03-C)

**From:**   Frank Hauptmann, Chief of Police

**Subject:**  Disposition - IA #2009-03-C

**Date:**    December 30, 20009

---

**Employee Involved:**       Officer Andrew Serrata #391

**Date Complaint Filed:**    February 27, 2009
**Date of Event:**           August 20, 2008

**Allegation:**              340.3.2 (k) – Discourteous or discriminatory treatment of any
                             member of the public or member of the Department.

**DISPOSITION -**            Not Sustained

I concur with the findings submitted by Captain Aguirre and Assistant Chief Hicks. The allegation(s) are "Not Sustained" since the facts and evidence cannot prove or disprove same.

Frank Hauptmann
Chief of Police

SUBJECT TO PROTECTIVE ORDER

**MARTINEZ 00020**



| | |
|---|---|
| | **Maywood Police Department**<br>*Interoffice Memorandum* |

**TO:**      **FRANK HAUPTMANN, CHIEF OF POLICE**

**FROM:**    **CAPTAIN AGUIRRE**

**SUBJECT:  INTERNAL AFFAIRS CASE #2009-03-C**

**DATE:      DECEMBER 3, 2009**

---

<u>Employee Involved:</u> Officer Andrew Serrata #391

<u>Date of Hire:</u> July 1, 2004

<u>Current Assignment:</u> Patrol

<u>Shift – Days Off:</u> 0600-1830 hours (WTFS-Days Off)

<u>Date of Violation:</u> August 26, 2008

<u>Prior Discipline:</u> None

**<u>ALLEGATION(S):</u>**

<u>Allegation:</u>  That Officer Serrata violated Policy Manual 340.3.2

Conduct.
    (i)  Discourteous, disrespectful or discriminatory treatment of any member of the
         public or any member of this Department.

**<u>FACTS:</u>**

On August 20, 2008, and August 26, 2008, search warrants were served at 3589 E.
54th Street in the City of Maywood. The law enforcement agencies that were
involved in both of these operations were part of the U.S. Marshal's Multi-Agency
Task Force (Los Angeles County Sheriff's Department, Los Angeles District
Attorney's Office, and the U.S. Marshal's Department). Gaudencio Lopez was
placed under arrest and is currently incarcerated.

During the service of the warrant that was conducted on August 26, 2008, the
Complainant (Bertha Martinez) alleges that Sergeant Garcia and Officer Serrata
were discourtesy, disrespectful and threatened to place Martinez's autistic daughter

SUBJECT TO PROTECTIVE ORDER

**MARTINEZ 00021**

I/A Case Number
2009-03-C

with Child Protective Services if she failed to cooperate with the investigation. Martinez also alleges that an officer threw a shirt in her face and that Sergeant Garcia separated her autistic daughter from her, causing her daughter severe emotional distress. It was subsequently discovered that her daughter had urinated her pants and when the officers were asked if Martinez could change the soiled clothing, they refused.

## INVESTIGATION:

Refer to the attached Internal Affairs investigative report for details.

## OPINIONS AND CONCLUSIONS:

- Officer Serrata denied the allegations of improper conduct during this incident. Based on the conflicting statements of Martinez, and Officer Serrata, it is my opinion that the investigation discloses insufficient evidence to prove or disprove the allegation.

## MITIGATING CIRCUMSTANCES:

- L.A. County District Attorney Senior Investigator David Ishibashi #183 declined to be interviewed in this matter, due to pending litigation. Not having the opportunity to interview Ishibashi or members of the Task Force, hindered PSU Manager Rubio's ability to complete a more thorough investigation.

- A review of the CAD Address Inquiry for 3589 E. 54th Street indicates that there were twenty (20) other incidents at the location. This included a shooting of two male Hispanic gang members who were in the driveway working on vehicle. The August 26, 2008, incident is the only incident that resulted in a citizen's complaint.

## RECOMMENDATIONS:

Allegation – I recommend the allegation of Conduct to be classified as "NOT SUSTAINED" for Officer Serrata.

*[signature]*

**HERBERT S. AGUIRRE III**
**Operations Division Commander**

2

SUBJECT TO PROTECTIVE ORDER

**MARTINEZ 00022**



# Maywood ★ ★ ★ Cudahy Police Department
### *Memorandum*

**To:**       FILE - (Sgt. Frank Garcia - IA #2009-03-C)

**From:**     Frank Hauptmann, Chief of Police

**Subject:**  Disposition - IA #2009-03-C

**Date:**     December 30, 20009

---

**Employee Involved:**        Sergeant Frank Garcia

**Date Complaint Filed:**     February 27, 2009
**Date of Event:**            August 20, 2008

**Allegation:**               340.3.2 (k) – Discourteous or discriminatory treatment of any member of the public or member of the Department.

**DISPOSITION –**             Not Sustained

I concur with the findings submitted by Captain Aguirre and Assistant Chief Hicks. The allegation(s) are "Not Sustained" since the facts and evidence cannot prove or disprove same.

Frank Hauptmann
Chief of Police

SUBJECT TO PROTECTIVE ORDER

**MARTINEZ 00023**

 **Maywood Police Department**
*Interoffice Memorandum*

**TO:**   **FRANK HAUPTMANN, CHIEF OF POLICE**

**FROM:**   **CAPTAIN AGUIRRE**

**SUBJECT:**   **INTERNAL AFFAIRS CASE #2009-03-C**

**DATE:**   **DECEMBER 3, 2009**

Employee Involved: Sergeant Frank Garcia #392

Date of Hire: July 1, 2004

Current Assignment: Detective Bureau

Shift – Days Off: 0700-1700 hours (FSS-Days Off)

Date of Violation: August 26, 2008

Prior Discipline: None

**ALLEGATION(S):**

Allegation:  That Sergeant Garcia violated Policy Manual 340.3.2

Conduct.
    (i) Discourteous, disrespectful or discriminatory treatment of any member of the
        public or any member of this Department.

**FACTS:**

On August 20, 2008, and August 26, 2008, search warrants were served at 3589 E.
54th Street in the City of Maywood. The law enforcement agencies that were
involved in both of these operations were part of the U.S. Marshal's Multi-Agency
Task Force (Los Angeles County Sheriff's Department, Los Angeles District
Attorney's Office, and the U.S. Marshal's Department). Gaudencio Lopez was
placed under arrest and is currently incarcerated.

During the service of the warrant that was conducted on August 26, 2008, the
Complainant (Bertha Martinez) alleges that Sergeant Garcia and Officer Serrata
were discourtesy, disrespectful and threatened to place Martinez's autistic daughter

**MARTINEZ 00024**

SUBJECT TO PROTECTIVE ORDER

I/A Case Number
2009-03-C

with Child Protective Services if she failed to cooperate with the investigation. Martinez also alleges that an officer threw a shirt in her face and that Sergeant Garcia separated her autistic daughter from her, causing her daughter severe emotional distress. It was subsequently discovered that her daughter had urinated her pants and when the officers were asked if Martinez could change the soiled clothing, they refused.

## INVESTIGATION:

Refer to the attached Internal Affairs Investigative report for details.

## OPINIONS AND CONCLUSIONS:

- Sergeant Garcia denied the allegations of improper conduct during this incident. Based on the conflicting statements of Martinez, and Sergeant Garcia, it is my opinion that the investigation discloses insufficient evidence to prove or disprove the allegation.

## MITIGATING CIRCUMSTANCES:

- L.A. County District Attorney Senior Investigator David Ishibashi #183 declined to be interviewed in this matter, due to pending litigation. Not having the opportunity to interview Ishibashi or members of the Task Force, hindered PSU Manager Rubio's ability to complete a more thorough investigation.

- A review of the CAD Address Inquiry for 3589 E. 54th Street indicates that there were twenty (20) other incidents at the location. This included a shooting of two male Hispanic gang members who were in the driveway working on vehicle. The August 26, 2008, incident is the only incident that resulted in a citizen's complaint.

## RECOMMENDATIONS:

Allegation – I recommend the allegation of Conduct to be classified as "NOT SUSTAINED" for Sergeant Garcia.

HERBERT S. AGUIRRE III
Operations Division Commander

2

SUBJECT TO PROTECTIVE ORDER

*Internal Affairs 2009-03-C*



# Maywood ☆☆ Cudahy Police Department
## *Memorandum*

**To:**      **Captain Herb Aguirre**

**From:**    **Jimmy Rubio, Professional Standards Manager and Detective
             Rob Patterson, Professional Standards Unit**

**Subject:** **Internal Affairs Investigation 2009-03-C**

**Date:**    **November 02, 2009**

---

## Allegations:

Maywood / Cudahy Police Department Policy violation:

340.3.2 (k)
Discourteous, disrespectful or discriminatory treatment of any member of the public
or any member of this department.

## Personnel Involved:

1. Officer Andrew Serrata
2. Sergeant Frank Garcia

## Summary of Facts:

On February 27, 2009, the City of Maywood Cudahy Police Department received a citizen's complaint in the mail. The letter was from the office of Cynthia Anderson-Barker, Attorney at Law. The contents of the envelope contained a City of Maywood Citizen's Complaint Form that appears to have been signed by a Bertha Hernandez. The complaint was detailed in an attached two page letter. The letter appears to have been completed by Anderson-Barker's office.

1

SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00026

*Internal Affairs 2009-03-C*

The complaint alleges misconduct on the part of Officer Serrata and Sergeant Garcia during the service of two search warrants at 3589 E. 54th St. in the City of Maywood on the dates of August 20, 2008 and August 25, 2008. (The actual date for the second search warrant service is August 26, 2008.)

While Serrata and Garcia were serving the warrants, the complainant alleges the following:

While officers from Los Angeles County Sheriff Department, Los Angeles DA's Office and Officer Serrata were executing a search warrant on August 20, 2008, residents Bertha Hernandez, Wendy Sanchez, Maritza Sanchez Martinez, Gaudencio Sanchez Lopez and Bertha's nephew Joaquin were present. Bertha Martinez states that she told the officers present that her daughter Maritza Sanchez Martinez was autistic and severely disabled. Bertha states that Maritza cannot speak and requires constant supervision. Gaudencio Lopez was subsequently arrested and incarcerated.

On August 25, 2008, Officer Serrata and Sergeant Garcia along with members of US Marshal's Multi Agency Task Force returned to the residence to serve another warrant. The US Marshal's Task Force consists of members from several Los Angeles County Police agencies, including members from the Los Angeles Sheriff Department and the Los Angeles County DA's Office.

During the service of this warrant, the complaint alleges officers asked Bertha Martinez if she had any rifles. She told the officers that she did not have any weapons, at which time Officer Serrata called her a liar.

Officer Garcia was alleged to have threatened Bertha Martinez that her daughter Maritza would be placed with Child Protective Services if she did not reveal the location of the rifle.

It is alleged that sometime during the service of the warrant, an officer threw a shirt in the face of Bertha Martinez.

Bertha Martinez alleges that Sergeant Garcia separated her daughter Maritza from her. She states that she told the officers that Maritza should not be separated due to her daughter's disability. Bertha Martinez states that she was taken to the backyard with Sergeant Garcia and her daughter Maritza was taken to the front yard. The complaint alleges that the officers knew or should have known that separating Maritza from her mother would cause her severe emotional distress. Bertha Martinez alleges that while in the front yard, Maritza was crying, shaking and screaming. She states that her other daughter Wendy showed up on scene. Wendy was alleged to have discovered that Maritza had urinated in her pants. She asked the officers if she could change the soiled clothing and she was refused.

2

SUBJECT TO PROTECTIVE ORDER

**MARTINEZ 00027**

*Internal Affairs 2009-03-C*

Sergeant Garcia is alleged to have told Wendy to pack Maritza's clothing because they were going to take Maritza away.  Wendy left the scene and went to the office of Council Member Felipe Aguirre and summoned him to the scene.

While in the backyard with Officer Serrata, Bertha Martinez was having trouble breathing.  Officer Serrata was alleged to have told Wendy to stay away from Bertha, as she was only faking. Medical aid was requested and responded.  Bertha Martinez refused medical treatment, citing the fact that she needed to stay with her disabled daughter.

## Summary of Statements:

### Bertha Hernandez

Hernandez was interviewed in the Professional Standards office on April 01, 2009 at 1046 hrs.  Also present during the interview were Jimmy Rubio, Wendy Sanchez, Attorney Cynthia Anderson-Barker.  Juanita Bravo was present for translation purposes.

Hernandez statements during the interview coincided with her writings on the complaint form.  She had no complaints regarding the first search warrant service on August 20, 2008.   During the service of the search warrant on 08/25/2009, she complained of misconduct on the part of Sergeant Garcia and Officer Serrata.  The complaints included Sergeant Garcia separating Hernandez from her autistic daughter, officers threatening to place her daughter with Child Protective Services if she did not turn over the weapons, and causing severe emotional stress to her daughter Maritza due to being separated from her mother.

### Officer Andrew Serrata

Serrata was interviewed on October 27, 2009 in the interview room of the Maywood/Cudahy Police Department.

On or about August 20, 2008, Officer Serrata recalls assisting Investigator Ishibashi's team with a search warrant at 3589 54th St. in the City of Maywood. He states he was called to the scene to search for any evidence of gang activity.  Upon his arrival, the warrant had already been served and a search was in progress.  Serrata recalled Bertha Martinez and her daughter Maritza being at the location.  Serrata said that Bertha Martinez was in the living room and Maritza was walking around different rooms in the house.  Serrata said that from past contact, he knew that Maritza had some type of disability.  He observed Maritza putting her fingers in her mouth and making indiscernible sounds from her mouth.  He stated that he has never seen Maritza in any form of distress.  While at the location, Serrata said that at no time did Bertha Martinez let him know that Maritza was seriously disabled and/or autistic.

Serrata photographed and documented evidence of gang writings.  He then left the location.

3

SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00028

*Internal Affairs 2009-03-C*

Serrata recalls returning to the same residence on or around August 25, 2008, again to assist Ishibashi and his team with a second search warrant. Upon his arrival, Serrata said that Bertha Martinez was in the back yard and Maritza was in the front yard. He did not separate the two, nor did he observe anyone do that.

Serrata said that he did not observe Maritza Martinez crying, shaking or screaming. He denied threatening to take Maritza away from her mother (Bertha Martinez) and place her with Child Protective Services. Serrata denied throwing or seeing anyone else throw a towel in the face of Bertha Martinez.

Serrata said that he was in the backyard of the residence with Bertha Martinez. He recalled Bertha Martinez' other daughter Wendy Sanchez arriving at some point. He said that Wendy came to the backyard and asked her mother if she was having difficult time breathing. Bertha responded by saying that she was fine. Serrata said that after 3-4 times of Wendy asking Bertha Martinez if she was having difficult time breathing, Bertha eventually began acting as if she was having difficult time breathing. Serrata said that he did not accuse Bertha of faking her illness, but rather called paramedics for her. He said that paramedics responded and checked on Bertha and determined that she was fine. The paramedics suggested she be transported to a hospital for further observation, but she refused.

Serrata recalls Felipe Aguirre arriving at the residence. To his knowledge, Aguirre remained in the front yard of the residence. Serrata said that he did not have any contact with Aguirre.

Sergeant Frank Garcia

Sergeant Frank Garcia was interviewed on October 29, 2009 in the Sergeant's office of the Maywood Cudahy Police Department.

Garcia recalls being at 3598 E. 54th St on or about August 25, 2008. He is not sure of the exact date. Garcia said he was there to assist Officer Serrata and Dave Ishibashi's Task Force at that location. Garcia was monitoring his radio and heard Officer Serrata put himself out on 54th St. He responded to assist with supervision.

Upon his arrival, Garcia said that he saw Maritza Martinez sitting on the front porch of 3598 E. 54th St. She was accompanied by an officer of the Task Force. The officer appeared to be trying to communicate with Maritza. Garcia said that he was familiar with Maritza from past contacts. He said that he was aware that she had some type of mental disability. Garcia said that Maritza was calm and did not appear to be in any form of distress. He did not have knowledge of Maritza urinating in her pants.

Sergeant Garcia recalls remaining in the front yard of the residence for the entire time he was on location. He estimated his total time on scene as approximately 10-15 minutes. (It

4

SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00029

*Internal Affairs 2009-03-C*

is unknown as to the exact length of Garcia's stay, as he did not put himself out on location with Dispatch.) He does not recall going inside the residence or the backyard of the residence.

Garcia said that Bertha's daughter Wendy showed up on scene with another female subject that said she was a reporter. Garcia said that he advised the two females that they were not allowed to go past the front yard because the officers were in the process of the search.

Sergeant Garcia recalls medical aid being summoned to 3598 E. 54th St. on or around August 25, 2008. He does not recall medical aid arriving. He said that he left prior to the other officers leaving and it is possible that medical aid showed up after he left.

Garcia said that he vaguely remembers seeing Officer Serrata at the residence. He does not recall speaking with Serrata.

Sergeant Garcia said he did not speak with Bertha Martinez or Maritza Martinez on August 25th. He stated that a few months prior to this incident, he assisted Officer Serrata who was chasing a subject at that location. The subject ran into backyard area of 3598 E. 54th St. Garcia said that on that occasion, Bertha Martinez came out of the residence with her daughter Maritza and unlocked the garage. Garcia said a search of the garage revealed a firearm. Garcia said that Maritza appeared frightened, due to the officers being outside with their guns drawn. He said that Bertha Martinez was screaming, adding to the distress of Maritza. The mother and daughter stayed together, they were not separated by the officers. Garcia said that on that occasion, he believes medical aid was summoned because either Bertha or Wendy said that they were having trouble breathing. Once medical aid arrived, treatment was refused. (It is possible that Sergeant Garcia is confused as to which incident medical aid was summoned.)

## Further Investigation:

On 10/29/2009, Senior Investigator D. Ishibashi #183 was contacted by telephone. He was asked if he would be available for an interview in regards to this investigation. Due to pending litigation, Ishibashi respectfully declined to be interviewed in this matter.

Ishisbashi was contacted again on 12/10/2009. He was asked if he maintained a log containing the names of the officers present during the search warrants at 3589 54th St. Ishibashi said that he did not maintain a log and due to pending litigation, he declined to disclose the names of any officers present.

An Incident Inquiry report was pulled regarding the incident on 08/26/2008. The report shows Officer Serrata assisting Marshalls at 3589 54th St. at 11:11 hours. The report shows Seratta clearing as "Assisted" at 14:17 hours. The report does not show Sergeant Garcia as being on scene.

5

SUBJECT TO PROTECTIVE ORDER

**MARTINEZ 00030**

*Internal Affairs 2009-03-C*

A CAD Address Inquiry was pulled. The inquiry included all Maywood/Cudahy Police Department contact at 3589 54th St. The report covered the time period of June 26, 2004 through August 26, 2008. In addition to the contact on August 26, 2008, there were twenty (20) other incidents reported at the location. The August 26, 2008 contact is the only incident that resulted in a citizen's complaint.

### Attachments:

1. Maywood ~ Cudahy Citizen's Complaint Form signed by Bertha Martinez
2. Confirmation of receipt of complaint letter sent to Bertha Martinez
3. Copies of officer notice forms addressed to Officer Seratta and Sergeant Garcia
4. CAD Address Inquiry spanning the dates of 06/26/2004 through 08/26/2008 detailing police activity at 3589 54th St. Maywood, CA
5. CAD Address Inquiry listing Maywood/Cudahy Police Department contact at 3589 54th St. covering the time period of June 26, 2004 through August 26, 2008.
6. Five (5) color copies of photos taken of the front and backyard of 3589 54th St. Maywood, CA.
7. CD ROM digital recording of Officer Serrata's interview
8. CC ROM digital recording of Sergeant Garcia's interview

Submitted by,

JIMMY RUBIO
PROFESSIONAL STANDARDS MANAGER

6

SUBJECT TO PROTECTIVE ORDER

**MARTINEZ 00031**



# Maywood ∴ Cudahy Police Department

**Frank Hauptmann**
*Chief of Police*
4317 East Slauson Avenue • Maywood, California 90270-2897
Business: (323) 562-5005 • Records: (323) 562-5026 • Fax: (323) 562-0557
*"Committed To Our Communities"*

December 5, 2009

Ms. Bertha Martinez

3589 E. 54th Street

Maywood, CA 90270

Re: Internal Affairs Case #2009-03-C

Dear Ms. Martinez,

The purpose of this letter is to inform you that the Maywood~Cudahy Police Department has reviewed your complaint against two of its Police Officers.

I wish to inform you that following a Police Department supervisor's thorough investigation of your complaint, I personally rendered the final decision in this matter.

As to the professional conduct allegation, the investigation revealed insufficient information to prove or disprove the alleged misconduct. This allegation was adjudicated as "Not Sustained."

If you have any questions concerning your case, please contact the Professional Standards Unit at (323) 562-5730.

Sincerely,

**HERBERT S. AGUIRRE III, Captain**

**Operations Division Commander**

SUBJECT TO PROTECTIVE ORDER

2005-03-C

## MAYWOOD–CUDAHY POLICE
## FORMULARIO DE QUEJAS CIUDADANAS

| | | | |
|---|---|---|---|
| NOMBRE (PRIMER, APELLIDO) Belina Martinez | FECHA DE NACIMIENTO 3-28-64 | TELEFONO | RAZA H/S |
| DIRECCION (CALLE, CIUDAD, ZONA POSTAL) 3589 E 59th St Maywood CA 90270 | | | TELEFONO DE NEGOCIO |
| TESTIGO (NOMBRE) Wendy Sanchez | | | FECHA DE NACIMIENTO |
| DIRECCION 3589 E 59th St Maywood 90270 | | | TELEFONO |
| TESTIGO (NOMBRE) | | | |
| DIRECCION | | | TELEFONO |
| SITIO DEL EVENTO 3589 E. 59th E Maywood | | FECHA 9m 21 09 9m 22 09 | HORA 11:42 am |
| OFICIAL INVOLUCRADO (NOMBRE) Officer Zegarra y Officer Garcia | | NUMERO DE PLACA | NUMERO DE CARRO |

POLIZA Y PROCEDIMIENTO ☐     EXPLICACION ☐

DESCRIPCION DE LOS HECHOS

See attached description of incident.

Yo certifico bajo pena de perjurio que la información de los hechos que declaro son verdaderos y correctos.

| FIRMA DEL ACUSADOR | FIRMA DEL PADRE (SI ES MENOR DE 18 AÑOS) |
|---|---|
| | FECHA 2-18-09 |
| PERSONA QUE RECIBIÓ LA ACUSACION | HORA |

MARTINEZ 00033

SUBJECT TO PROTECTIVE ORDER

RESUMEN DEL PROCESO DE QUEJAS

DESPUES DE QUE SU QUEJA SEA PROCESADA, UN MIEMBRO DEL DEPARTAMENTO DE POLICIA SERA ASIGNADO POR EL JEFE DE LA POLICIA, EL CUAL SE PONDRA EN CONTACTO CON TODOS LOS TESTIGOS RELACIONADOS CON EL CASO EXAMINARA CUALQUIER EVIDENCIA FISICA REUNIRA TODA LA INFORMACION PERTINENTE A CADA ALEGATO DE MALA CONDUCTA DE LA QUEJA. LA RESOLUCION FINAL SOBRE EL CASO SERA DECIDIDA POR EL JEFE DE POLICIA. USTED SERA NOTIFICADO POR CARTA DE LA CONCLUSION DE LA INVESTIGACION. CUANDO LAS QUEJAS SON FUNDADAS PARA SER SUSTENTADAS, EL JEFE DE LA POLICA DEBE DETERMINAR Y APLICAR LA ACCION CORRECTA Y APROPIADA.

USTED TIENE EL DERECHO DE HACER UNA QUEJA CONTRA UN OFICIAL DE POLICIA POR CUALQUIER CONDUCTA INAPROPIADA. LA LEY DE CALIFORNIA REQUIERE A ESTA AGENCIA INVESTIGAR LAS QUEJAS DE SUS CIUDADANOS. USTED TIENE EL DERECHO A UNA DESCRIPCION ESCRITA DE ESTA INVESTIGACION. ESTA AGENCIA PUEDE DECLARAR DESPUES DE LA INVESTIGACION QUE NO HAY SUFICIENTE EVIDENCIA PARA JUSTIFICAR SU QUEJA SI ESTE FUERA EL CASO. USTED TIENE EL DERECHO DE HACER LA QUEJA Y SERA INVESTIGADA SI USTED CREE QUE UN OFICIAL SE HA COMPORTADO INAPROPIADAMENTE. LAS QUEJAS DE LOS CIUDADANOS Y CUALQUIER REPORTE RELACIONADO A QUEJAS DEBERA SER CONSERVADO POR LA AGENCIA POR LOS ULTIMOS 5 AÑOS.

☐ QUEJA POR TELEFONO
☐ QUEJA PERSONALMENTE

PERSONA QUE RECIBE LA QUEJA

Personnel Complaint
Page 1

On August 20, 2008, at approximately 2:15 a.m. Bertha Martinez was at home with her two daughters, Wendy Sanchez and Maritza Sanchez Martinez, Bertha's husband, Gaudencio Sanchez Lopez , and her nephew Joaquin. A search warrant was executed and Mr. Sanchez Lopez was taken into custody. Officer Seratta from the Maywood police department was one of the officers on the scene. Also present were unidentified officers from the Los Angeles County Sheriff's Department and an investigator for the Los Angeles District Attorney's office. Mr. Sanchez Lopez's 19 year old severely autistic daughter Maritza Sanchez Martinez was present during the execution of the warrant. She can not speak and requires constant supervision because of the severity of her disability. Officer Seratta and other unidentified officers were informed that Maritza Sanchez Martinez is autistic and severely disabled.

On August 25, 2008, at approximately 11:47 a.m. Officer Seratta and Officer Garcia from the Maywood Police Department, and numerous other unidentified officers from the Los Angeles County Sheriff's Department and the District Attorney's office returned to the residence of Ms. Martinez and her daughters with a search warrant. At the time the warrant was executed, Gaudencio Sanchez Lopez was in custody. His daughter, Wendy Sanchez, was at work. Only Bertha Martinez, her daughter, Maritza Sanchez Martinez, and her nephew Joaquin were at home. An investigator asked Mrs. Martinez if she had any rifles. She replied that no guns were in the house. Officer Seratta then called her a liar.

Mrs. Martinez's autistic daughter Maritza was terrified holding onto her mother. Officer Garcia told Bertha Martinez he would call Child Protective Services and have Maritza taken away if she did not tell him where the guns were. Mrs. Martinez explained that she was a good mother and works at home so she can be with her disabled daughter. The officers threatened to take her daughter away. They told her she would not know where her daughter was located and she would not be able to get her daughter back. During the interrogation one of the officers threw a white shirt in Mrs. Martinez's face and called her a liar.

Officer Garcia then separated Mrs. Martinez from Maritza. Mrs. Martinez informed the officers that her daughter should not be separated from her due to her disability. The officers ignored the request and took Maritza to the front of the house and Mrs. Martinez to the back of the house. In the back yard Officer Garcia continued to harass, frighten, abuse and threaten Mrs. Martinez that he would take her away her daughter if she did not give him the information he wanted. The officers knew or should have known that their conduct would cause Mrs. Martinez and her daughter Maritza severe emotional distress and that the autistic child's developmental and mental health would rapidly deteriorate. Yet they continued their harassment and detention of Mrs. Martinez and Maritza. Officer Garcia then asked Mrs. Martinez where Maritza's clothing was located in the house. He told Mrs. Martinez, "If your daughter uses menstrual pads, tell me where they are so I can put them in her bag of clothes." Mrs. Martinez was shocked and horrified. She pleaded with Officer Garcia not to take her daughter away.

**MARTINEZ 00034**

SUBJECT TO PROTECTIVE ORDER

Personnel Complaint
Page 2

Maritza and her mother were separated and detained for over two hours while the police illegally searched their house and Wendy Sanchez's car. Nothing was found in the house or the car. Maritza was detained in the front yard crying, shaking and screaming.  Meanwhile, Officer Garcia continued to threaten Mrs. Martinez in the backyard. Consequently, Mrs. Martinez began to have trouble breathing. She was frantic about her daughter. Then, her older daughter Wendy Sanchez arrived at the house. A neighbor had called Wendy at work to inform her that the police were at her home. Wendy insisted that she be allowed to comfort her younger sister Maritza. She hugged and consoled her trembling, shaking sister.

Wendy then discovered that Maritza had urinated in her pants while she was detained in the front of the house. She asked the officers if she could change Maritza's soiled clothes in the house but they refused to allow her to do so. Wendy asked the police where her mother was located. The officers blocked Wendy when she attempted to go to the backyard. When Maritza also attempted to get up to go to her mother, the officers told Wendy to control her sister. Wendy again told the officers that Maritza had urinated on herself and she asked if she could go inside and change her clothes. The officers did not permit Wendy to assist Maritza with her soiled clothes knowing that Maritza was autistic and that she had to be cared for.

Officer Garcia then approached Wendy and told her to pack her sister's clothes because they were taking Maritza away. Wendy informed the officers that they should not take Maritza away because she is autistic, claustrophobic and can not be in closed places. Concerned about her sister's and her mother's safety, Wendy decided to leave and get help from the Mayor of Maywood, Felipe Aguirre. She went to Felipe Aguirre's office and told him what was going on at her home. When she got back to the house with Mr. Aguirre, the police were searching her car. Her sister was shaking uncontrollably–still detained in the front yard. An officer from the Sheriff's Department finally told Wendy, "I know you guys are good people. I know you are not like them whores. You have a good family. I have seen your degrees. You can go back now and see your mom."

Maywood Officer Seratta was in the backyard with Martha Martinez. Wendy saw that her mother was having trouble breathing. Her mother was crying and said that the officers were going to take Maritza away. Officer Seratta told Wendy to get away from her mother. He said Mrs. Martinez was just acting. Officer Seratta told Wendy to leave her mother and go to the front of the house. Wendy was extremely distraught, frightened, anxious and in fear for her mother and sister's life and safety. .Shortly after, a Filipino officer suggested calling an ambulance. The ambulance arrived but Mrs. Martinez could not abandon her severely disabled autistic daughter Maritza as she knew that Maritza's mental health condition had deteriorated due to the officers abuse. She also felt Maritza was in immediate need of her urgent care and attention. During the detention, Wendy again asked to go inside and change her sister's clothes. Officer Seratta refused. The officers remained on the scene an additional 20 minutes. They left without finding anything in the house.

SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00035

MARTINEZ 00036

CYNTHIA ANDERSON-BARKER
ATTORNEY AT LAW
8485 WILSHIRE BLVD.  SUITE 2900
LOS ANGELES, CA 90010



LOS ANGELES, CA 900

26 FEB 2008   PM 4 T

RECEIVED

FEB 27 2008

Jimmy R. Rubio
Maywood Police Department
4317 E. Slauson Ave.
Maywood, CA  90270

SUBJECT TO PROTECTIVE ORDER



Frank Hauptmann
*Chief of Police*
4317 East Slauson Avenue • Maywood, California 90270-2897
Business: (323) 562-5005 • Records: (323) 562-5026 • Fax: (323) 562-0557
*"Committed To Our Communities"*

March 5, 2009

Bertha Martínez
3589 E. 54th Street
Maywood, CA 90270

Dear Ms./Sra. Martínez,

I am in receipt of your written complaint dated February 18, 2009, alleging misconduct by Officers of the Maywood Police Department. The complaint was forwarded to me in your behalf, by Cynthia Anderson-Barker, Attorney at Law.

Because your complaint form did not have a home telephone and/or any other contact number, please accept this letter as formal notice of contact. In an effort to further my investigation, I am asking that you please contact me at your earliest convenience so that I can make arrangements to interview you, Wendy Sanchez and any other member of your family who were witness to the alleged incident that occurred on August 25, 2008 at 3589 E. 54th Street, Maywood, California.

Estoy en recepción de su queja por escrito con fecha de 18 de febrero de 2009, alegando mala conducta por oficiales del Departamento de Policía de Maywood. La denuncia fue remitida a mi persona en su nombre, por Cynthia Anderson-Barker, Abogado.

Debido a que su forma de queja no tiene su número de teléfono y/o cualquier otro numero de contacto, por favor, aceptar esta carta como notificación formal de contacto. En un esfuerzo por avanzar en mi investigación, les pido que por favor se ponga en contacto conmigo lo antes posible para que yo pueda hacer arreglos necesarios para que la entreviste, Wendy Sánchez y cualquier otro miembro de su familia que fueron testigos del supuesto incidente que ocurrió el 25 de agosto del 2008 en 3589 E. 54, Maywood, California.

Thank you/Gracias,

Jimmy Rubio
Professional Standards Manager
Maywood Police Department
323-562-5730

Cc: Cynthia Anderson-Barker, Attorney At Law

MARTINEZ 00037

SUBJECT TO PROTECTIVE ORDER



| | |
|---|---|
| **Maywood Police Department** | |
| *Interoffice Memorandum* | |

**To:** Sergeant Frank Garcia

**Cc:** Captain Aguirre

**From:** Jimmy Rubio, Professional Standards

**Subject:** Conduct Unbecoming of an Officer IA # 2009-03-C

**Date:** August 13, 2009

Please contact me as soon as possible to make arrangements for an interview reference Internal Affairs Investigation 2009-03-C. The incident occurred on June 28, 2008 while serving a search warrant within the City of Maywood. The complaint was filed by the complainant on February 18, 2009.

Because you are a subject of the investigation, you have the right to legal representation during the course of the interview.

I would like to schedule an interview with you between 0900 and 1700 hours, anytime during the week of Monday, August 24, 2009 to Thursday, August 27, 2009. Please select a day and time that fits your schedule.

Should you have any questions please feel free to contact me at 562-5730.



SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00038



## Maywood Police Department
*Interoffice Memorandum*

**To:**       Officer Andrew Serrata

**Cc:**       Captain Aguirre

**From:**     Jimmy Rubio, Professional Standards

**Subject:**  Conduct Unbecoming of an Officer IA # 2009-03-C

**Date:**     August 13, 2009

Please contact me as soon as possible to make arrangements for an interview reference Internal Affairs Investigation 2009-03-C. The incident occurred on June 28, 2008 while serving a search warrant within the City of Maywood. The complaint was filed by the complainant on February 18, 2009.

Because you are a subject of the investigation, you have the right to legal representation during the course of the interview.

I would like to schedule an interview with you between 0900 and 1700 hours, anytime during the week of Monday, August 24, 2009 to Thursday, August 27, 2009. Please select a day and time that fits your schedule.

Should you have any questions please feel free to contact me at 562-5730.



MARTINEZ 00039

SUBJECT TO PROTECTIVE ORDER

```
CIN01009                       INCIDENT INQUIRY    Thu, Oct 29, 2009, 9:50 AM
                                                   FOR: 407      Page:    1

Recv: 082608 1111              Address: 3589 54TH
Type: P/FU     FOLLOW UP       Reference:                         City: MW
                               Cross:    MAYWOOD
Beat: 1     Pol Dst: 4     Fir Dst: 4   Map Guide:      Census:

How Recv: OS                   Reporting Party's:
Priority: 4                      Address:
Dispo:    AST                    Phone:
                          hh mm
Time Stamps: Received: 11:11    hhhh mm ss        hhhh mm ss
             Dispatch: 11:11       :..:..  RC/AS:    :..:..
             Enroute:  11:11       :00:00  DI/AS:    :00:00
             At Scene: 11:11       :00:00  DI/CC:   3:05:09
             Close:    14:17      3:05:09

Comments:
291      |11:11:54| INCIDENT NUMBER:8MW0008548
291      |11:12:07| ASSISTING MARSHALLS AT LOC
291      |13:40:47| PARAMEDICS NOTIFIED FOR 44 YR OLD FEMALE COMPLAINING OF
                    CHEST PAINS
291      |13:57:41| FEMALE REFUSED TO BE TRANSPORTED AGAINST THE ADV OF THE
                    FIRE DEPT SHE WILL
291      |13:57:48| SEEK HER OWN MEDICAL ATTENTION
291      |14:17:03|CLOSED DISPO : ASSISTED

History:
Unit/Empl     Date  Time    Cmd Type  Location/Comments              User
-----------   ----- ------- --- ----- ----------------------------   ------
11L/391       08/26 11:11:54 OS  FU   3589 54TH                       291
              08/26 11:11:54 FC  FU   3589 54TH                       291
11L/391       08/26 11:12:12 MR  FU   3589 54TH                       291
              08/26 11:12:12 MR  FU   FD:                             291
              08/26 11:12:12 MR  FU   PD:                             291
              08/26 11:12:12 MR  FU   BT:                             291
              08/26 11:12:12 MR  FU   AD:3589 54TH                    291
              08/26 14:17:03 CC  FU   Dispo:AST                       291
11L/391       08/26 14:17:03 CC  FU   Dispo:AST                       291
-EOR-
```

**MARTINEZ 00040**

SUBJECT TO PROTECTIVE ORDER

```
CIN01003                          CAD Address Inquiry
MAYWOOD                           Fri, Jun 19, 2009, 1:55 PM
Address: 3589 54TH
Agency: P   Dates: 010101/061909   Types:
Date   Time Type  NOI              Dispo      RC/DI DI/AS AS/CC Incident    Address
082608 1111 FU     FOLLOW UP        AST                 99:99 8MW0008548 3589 54TH

291         |11:11:54| INCIDENT NUMBER:8MW0008548
291         |11:12:07| ASSISTING MARSHALLS AT LOC
291         |13:40:47| PARAMEDICS NOTIFIED FOR 44 YR OLD FEMALE COMPLAINING OF
                       CHEST PAINS
291         |13:57:41| FEMALE REFUSED TO BE TRANSPORTED AGAINST THE ADV OF THE
                       FIRE DEPT SHE WILL
291         |13:57:48| SEEK HER OWN MEDICAL ATTENTION
291         |14:17:03|CLOSED DISPO : ASSISTED


081508 0614 PARK   PARKING COMPLAI  PCI                 21:31 8MW0008062 3589 54TH

310         |06:14:19| INCIDENT NUMBER:8MW0008062
310         |06:14:19| VEH PARKED ON LAWN
310         |06:35:50| CLOSED DISPO : PARKING CITE ISSUED


072208 1258 PED    PED CHECK/STOP   AA                  99:99 8MW0007115 3589 54TH

291         |13:22:35| CASE NUMBER = CR-08-00001839 (MW)
291         |13:22:38| CASE NUMBER = AR-08-00000332 (MW)
291         |12:58:05| INCIDENT NUMBER:8MW0007115
291         |12:58:17| OUT W/ 1
291         |13:00:24| CWS/ RODRIGUEZ, HUMBERTO 9 12 81
291         |13:02:38| NO HITS, ON PAROLE FOR 186
291         |13:06:36| 10-15 W/ ONE
291         |14:00:09|CLOSED DISPO : ADULT ARREST


110307 0006 SHOTS  SHOTS FIRED      OK         01:03 02:30 23:01 7MW0011500 3589 54TH

398         |00:06:51| INCIDENT NUMBER:7MW0011500
398         |00:07:40| ONE SHOT HEARD AND SUBJECTS ARGUING AT THE LOC.
398         |00:07:52| RP WANTS TO REMAIN ANON
398         |00:09:46| 11L WILL COME OFF OF MAYWOOD AND 6S WILL SET UP OFF 53RD/
                       EVERETT
398         |00:11:06| 31L AND 32L WILL WALK IN FROM 55TH
310         |00:11:44| 10-33 THE AIR
398         |00:11:48| 10-33 ON MAIN FOR UNITS
310         |00:14:40| TENTATIVE C4 / 31L DETAINING ONE
39B         |00:16:41| 32L- REQ 2 RUN 2 VINS  1. VIN# 3GNEC12027G13S218 & VIN#
                       1GNEC13V23R243553
398         |00:17:22| W9=B8787604, QUIROGA ALEJANDRO 01/14/1983 NUMBERS ON
                       MAYWOOD
398         |00:17:28| NO HITS/ VALID DL
398         |00:33:01| ALL SUBJECTS CHECKED OK, NO EVIDENCE OF SHOTS FIRED
398         |00:33:20| THE SUBJECT WAS ADV/SOW
398         |00:33:25|CLOSED DISPO : CHECKS OKAY


072207 1903 TS     TRAFFIC STOP     TOW                 29:25 7MW0007603 3589 54TH

310         |19:11:00| CASE NUMBER = CR-07-00001749 (MW)
JOB         |19:03:00| INCIDENT NUMBER: 7MW0007603
310         |19:03:00| OUT TRAFFIC ON VEHICLE IN DRIVEWAY
310         |19:03:00| C4 DETAINING ONE
310         |19:05:00| CANELA8
310         |19:08:00| C4
310         |19:09:00| W9 - SANCHEZ JOAQUIN ALVERA MH 02 08 81 358 MWYD
310         |19:10:00| SANCHEZ - NO HITS/ NO MATCH
310         |19:32:00| CLOSED DISPO : VEHICLE TOWED


060207 2233 PED    PED CHECK/STOP   PCI                 12:42 7MW0005831 3589 54TH

JOB         |22:33:00| INCIDENT NUMBER: 7MW0005831
221         |22:34:00|OUT W/1.
```

Page: 1

SUBJECT TO PROTECTIVE ORDER

**MARTINEZ 00041**

```
CIN01003                              CAD Address Inquiry
MAYWOOD                            Fri, Jun 19, 2009, 1:55 PM
Address: 3589 54TH
Agency: P   Dates: 010101/061909   Types:
Date   Time Type NOI          Dispo      RC/DI DI/AS AS/CC Incident   Address
221         |22:34:00|31L ENROUTE TO BACK.
221         |22:34:00|DETAINING 1.
221         |22:37:00|VIN:3GNEC12027G135218 = NO HITS, 2007 CHEVY.
310         |22:37:00| W9 - B8787604 QUIROGA ALEJANDRO 01 14 83
310         |22:38:00| QUIROGA - NO HITS/VALID
310         |22:46:00| SUBJ SOW
310         |22:46:00| CLOSED DISPO : PARKING CITE ISSUED


082506 0040 PED     PED CHECK/STOP    AA                27:11 6MW0009387 3589 54TH

422         |01:05:00| CASE NUMBER =  CR-06-00002079 (MW)
422         |01:05:00| CASE NUMBER =  AR-06-00000412 (MW)
JOB         |00:40:00| INCIDENT NUMBER: 6MW0009387
422         |00:40:00|OUT W/ 3
363         |00:45:00|C4
363         |00:48:00|CWS/D7995017/ALEMAN, ANDRES 02-12-86
363         |00:48:00|3650 MWD, MH
363         |00:48:00|CWS/SANCHEZ, JESSE 06-1-87MH, 3615 MWD
363         |00:49:00|CWS/VILLARREAL, HEATHER FH, 02-26-91
422         |00:52:00|ALEMAN= 10-35M $10,000.00 MWD FOR 242PC
422         |00:52:00|SANCHEZ=NO MATCH / NO HITS
363         |00:52:00|VILLARREAL=NO HITS, NO HITS IS MPS, INDEX# X5947383
422         |00:52:00|ALEMAN = ID CARD ONLY
363         |00:53:00|ON PROBATION FOR 12101A 1 PC
363         |00:54:00|ATTEMPT TO CONTACT MOTHER LAINIE 323 403-3282
363         |00:54:00|AND SEE IF SHE KNOWS THE WAREABOUTS OF HER DAUGHTER
363         |00:54:00|VILLARREAL, NO ANSWER ON CALL, NO MESSAGE WAS LEFT
422         |00:56:00|ABOVE PRBATION STATUS IS FOR VILLAREAL
422         |01:03:00|10-15 W/ ONE FOR WARRANT THE OTHER TWO SUBJ'S WERE
422         |01:03:00|SOW
422         |01:07:00|CLOSED DISPO : ADULT ARREST


070906 0109 MUSIC  LOUD MUSIC/PART  UTL         02:46 00:56 01:42 6MW0007483 3589 54TH

422         |01:09:00|X-ST = MAYWOOD          COMMON-NAME =
JOB         |01:09:00| INCIDENT NUMBER: 6MW0007483
422         |01:09:00|415 LOUD MUSIC AT LOCATION
422         |01:15:00|CLOSED DISPO : UNABLE TO LOCATE


070806 2317 MUSIC  LOUD MUSIC/PART  UTL       19:07 05:00 05:01 6MW0007477 3589 54TH

398         |23:17:00|X-ST = MAYWOOD          COMMON-NAME =
JOB         |23:17:00| INCIDENT NUMBER: 6MW0007477
398         |23:17:00|415 LOUD MUSIC AND SUBJ'S TO THE REAR OF LOCATION
422         |23:46:00|CLOSED DISPO : UNABLE TO LOCATE


060406 0034 MUSIC  LOUD MUSIC/PART  UTL         05:40 01:43 03:29 6MW0005928 3589 54TH

422         |00:34:00|X-ST = MAYWOOD          COMMON-NAME =
JOB         |00:34:00| INCIDENT NUMBER: 6MW0005928
422         |00:34:00|415 LOUD PARTY AT LOCATION
422         |00:45:00|CLOSED DISPO : UNABLE TO LOCATE


041206 1038 SHOTS  SHOTS FIRED        RPT        00:04 03:29 40:44 6MW0003708 3589 54TH

221         |11:06:00| CASE NUMBER =  CR-06-00000841 (MW)
221         |10:38:00|X-ST = MAYWOOD          COMMON-NAME =
JOB         |10:38:00| INCIDENT NUMBER: 6MW0003708
221         |10:41:00|DRIVEBY J/O.  SUSP VEH/BLK IN COLOR, LEFT W/B ON 54TH
221         |10:41:00|HAVE MAN DOWN IN FRONT OF OF 3589 E. 54TH
221         |10:41:00|LACOFD NOTIFIED & ENROUTE.
221         |10:41:00|VERNON PD NOTIFIED.
221         |10:42:00|SUSP VEH IS A 4DR BLK HONDA WITH TINTED WINDOWS.
221         |10:42:00|UPDATE - VEH IS DARK BLU W/CHROME RIMS.
```

Page: 2

**MARTINEZ 00042**

SUBJECT TO PROTECTIVE ORDER

```
CIN01003                              CAD Address Inquiry
MAYWOOD                              Fri, Jun 19, 2009, 1:55 PM
Address: 3589 54TH
Agency: P   Dates: 010101/061909   Types:
Date   Time Type   NOI              Dispo      RC/DI DI/AS AS/CC Incident   Address
221          |10:44:00| SUSP/2MALES, BALD, NFD.
221          |10:44:00| AREA TT SENT.
221          |10:46:00| PAGER NOTIFICATIONS SENT.
221          |10:46:00| DETECTIVES NOTIFIED - ENROUTE FROM THE STATION.
221          |10:47:00| PER 2C, NOTIFY BELL HS SCHOOL POLICE - THERE ARE 3
221          |10:48:00| YOUNG PEOPLE OUT THERE WHO SHOULD BE IN SCHOOL.  HAVE
221          |10:48:00| THEM RESPOND TO GET THEM.
221          |10:49:00| VIN/2GCEC19V661286256 = NO HTIS, VIN RECORD NOT ON FILE.
291          |10:51:00| PER BELL HIGH, THE SINGLE OFFICER ON DUTY IS ON PATROL
291          |10:51:00| AND NOT ABLE TO LEAVE
291          |10:51:00| PER 242, MADE CONTACT W/ SCHOOL OFFICER CHANG HE WILL
291          |10:51:00| BE ENROUTE TO LOC
291          |11:23:00| CLOSED DISPO : REPORT TAKEN


010906 0645 WRNT   WARRANT SERV-P/  UTL           04:24 6MW0000212 3589 54TH

JOB          |06:45:00| INCIDENT NUMBER: 6MW0000212
363          |06:45:00| ATTEMPT WRNT SERVICE
363          |06:46:00| ELA4EL1108201, 242 PC $26,000
363          |06:47:00| MORALES, RAMON  05-27-80
363          |06:49:00| SUBJ NOT HOME
363          |06:49:00| MOVED TO TEXAS 2 YRS AGO, NO NEW ADDRESS
363          |06:49:00| CLOSED DISPO : UNABLE TO LOCATE


010806 1309 417    BRANDISH GUN        ADV      00:08 04:50 10:50 6MW0000198 3589 54TH

291          |13:09:00| X-ST = MAYWOOD            COMMON-NAME =
JOB          |13:09:00| INCIDENT NUMBER: 6MW0000198
291          |13:10:00| POSS MAN W/ GUN. RP DROVE BY LOC AND ADVISES THERE IS
291          |13:10:00| A GROUP OF SUBJECT IN FRONT ONE HAD A GUN HE WAS
291          |13:10:00| POINTING IN THE AIR. MH, 35, LT BLU SHIRT, DARK BLU
291          |13:10:00| JEANS. GUN IS NOW IN HIS FRONT POCKET
291          |13:19:00| C4, DETAINING 2
291          |13:25:00| 2 SUBJECTS DETAINED IN FRONT OF LOC, DUANAS AND GARCIA
291          |13:25:00| ADV
291          |13:25:00| CLOSED DISPO : ADVISED


072905 1841 PED    PED CHECK/STOP      AA           35:29 5MW0011571 3589 54TH

310          |18:50:00| CASE NUMBER = CR-05-00003114 (MW)
310          |19:04:00| CASE NUMBER = CR-05-00003115 (MW)
310          |19:04:00| CASE NUMBER = AR-05-00000432 (MW)
JOB          |18:41:00| INCIDENT NUMBER: 5MW0011571
310          |18:41:00| OUT WITH 3
310          |18:46:00| W9 - LUENGAS GERARDO 4 17 83   358 MWYD
310          |18:48:00| LUENGAS - NO HITS / NO MATCH
310          |18:48:00| D2836517
310          |18:50:00| W9 - D4498954 VALDIVIA NOE 9 12 84 112 EL MONTE
310          |18:51:00| LUENGAS JERARDO - NO HITS/VALID
310          |18:55:00| VALDIVIA - WARRANTS APPROX $76,000. (4) / VALID
310          |18:56:00| 3D 10-15 W/1
310          |19:17:00| ARRESTEE - VALDIVIA, NOE PEREIDA DOB: 9 12 84 D4498954
310          |19:17:00| CHG: WARRANTS
310          |19:17:00| CLOSED DISPO : ADULT ARREST


070305 0055 MUSIC  LOUD MUSIC/PART ADV        00:23 01:04 06:54 5MW0010037 3589 54TH

291          |00:55:00| X-ST = MAYWOOD            COMMON-NAME =
JOB          |00:55:00| INCIDENT NUMBER: 5MW0010037
291          |00:55:00| 415 LOUD MUSIC IN THE AREA OF RP
291          |01:03:00| WENDY SANCHEZ ADV, SHE TURNED DOWN THE MUSIC
221          |01:03:00| CLOSED DISPO : ADVISED


111304 1502 RECKLS RECKLESS DRIVER  UTL      00:03 53:03 00:04 4MW0016754 3589 54TH
```

Page: 3

**MARTINEZ 00043**

SUBJECT TO PROTECTIVE ORDER

```
CIN01003                              CAD Address Inquiry
MAYWOOD                            Fri, Jun 19, 2009, 1:55 PM
Address: 3589 54TH
Agency: P   Dates: 010101/061909   Types:
Date   Time Type  NOI              Dispo    RC/DI DI/AS AS/CC Incident   Address

398          |15:02:00|X-ST = MAYWOOD            COMMON-NAME =
JOB          |15:02:00| INCIDENT NUMBER: 4MW0016754
398          |15:02:00|BLK VEHICLE CA LIC# 3NNK969 IS DRIVING UP AND DOWN THE
                       STREET
398          |15:02:00|BURNING TIRES. SUBJECT IS DRIVING  AND POSSIBLY DRINKING
                       BEER.
398          |15:55:00|CLOSED DISPO : UNABLE TO LOCATE


092804 1833 415    OTHER 415        ADV      00:18 03:43 04:16 4MW0014180 3589 54TH

310          |18:33:00|X-ST = MAYWOOD            COMMON-NAME =
JOB          |18:33:00| INCIDENT NUMBER: 4MW0014180
310          |18:33:00|415 FEMALES COULD HEAR THEM YELLING IN BACKGROUND.
310          |18:41:00|C4 1/2 WAS GOA PRIOR TO ARRIVAL OVER MONEY ISSUE
310          |18:41:00|CLOSED DISPO : ADVISED


090504 1807 VERBAL VERBAL ARGUMENT  ADV      00:18 05:26 15:02 4MW0012892 3589 54TH

310          |18:07:00|X-ST = MAYWOOD            COMMON-NAME =
310          |18:07:00|E911 - RP:RESD/ROMERO TERESA            /581-1329
JOB          |18:07:00| INCIDENT NUMBER: 4MW0012892
310          |18:19:00|C N4
363          |18:19:00|C4
310          |18:27:00| 415 VERBAL ONLY BERTHA MARTINEZ / JOSE SANCHEZ ADV
310          |18:28:00|CLOSED DISPO : ADVISED


090404 1438 VERBAL VERBAL ARGUMENT  ADV      01:58 01:34 11:39 4MW0012762 3589 54TH

291          |14:38:00|X-ST = MAYWOOD            COMMON-NAME =
JOB          |14:38:00| INCIDENT NUMBER: 4MW0012762
291          |14:41:00| 415 COUPLE, RP IS A FAMILY MEMBER AT LOC
291          |14:53:00|CLOSED DISPO : ADVISED


082704 2348 925V   SUSP PERSON      UTL      02:47 02:06 02:58 4MW0012297 3589 54TH

398          |23:48:00|X-ST = MAYWOOD            COMMON-NAME =
JOB          |23:48:00| INCIDENT NUMBER: 4MW0012297
398          |23:48:00|RP ADVISED A BLK P/K TO THE FRONT OF THE LOC. SUBJECT WERE
                       DRINKING BEERS
398          |23:48:00|AND BREAKING BOTTLES.
310          |23:56:00| UTL
310          |23:56:00|CLOSED DISPO : UNABLE TO LOCATE


081204 0721 FU     FOLLOW UP        INFO            03:37 4MW0011339 3589 54TH

JOB          |07:21:00| INCIDENT NUMBER: 4MW0011339
363          |07:21:00|OUT ON A FOLLOW UP
363          |07:25:00|CLOSED DISPO : INFORMATION ONLY


062604 2112 911H   HANGUP/UNK PROB  RPT      01:25 02:12 17:35 4MW0009053 3589 54TH

398          |21:29:00| CASE NUMBER = CR-04-00002094 (MW)
398          |21:12:00|X-ST = MAYWOOD            COMMON-NAME =
398          |21:12:00|E911 - RP:RESD/ROMERO TERESA            /581-1329
JOB          |21:12:00| INCIDENT NUMBER: 4MW0009053
398          |21:13:00|RP CRYING / AND DISCONNECTED
398          |21:14:00|12A-RESPONDING CODE-3
398          |21:14:00|NO ANSWER ON RECALL
398          |21:15:00| ATTEMPTED LANGUAGE TRANSLATOR//RES DISCONNECTED
398          |21:19:00|CODE-4 AT THE LOC
398          |21:33:00|245/ AND 243 E 1 REPORT TAKEN AT THE LOC
398          |21:34:00|CLOSED DISPO : REPORT TAKEN
```

MARTINEZ 00044

SUBJECT TO PROTECTIVE ORDER

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CYNTHIA ANDERSON-BARKER
ATTORNEY AT LAW
3425 WILSHIRE BLVD.
SUITE 2900
LOS ANGELES, CA.
ATT: BERTHA MARTINEZ 90010

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Brian Brinly   ☐ Agent  ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
GORMLEY

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7007 2560 0001 8643 7624

PS Form 3811, February 2004   Domestic Return Receipt   ATTN: BERTHA MARTINEZ   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BERTHA MARTINEZ
3589 E. 54TH ST
MAYWOOD, CA. 90270

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X   ☐ Agent  ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
B. Martinez   2/16/09

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7007 2560 0001 8643 7617

PS Form 3811, February 2004   Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.32 |

Sent To CYNTHIA ANDERSON-BARKER ATTORNEY AT LAW
Street, Apt. No.; or PO Box No. 3425 WILSHIRE BLVD STE 2900
City, State, ZIP+4 LOS ANGELES, CA. 90010

PS Form 3800, August 2006   See Reverse for Instructions

7007 2560 0001 8643 7624

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.32 |

Sent To BERTHA MARTINEZ
Street, Apt. No.; or PO Box No. 3589 E 54TH ST
City, State, ZIP+4 MAYWOOD, CA. 90270

PS Form 3800, August 2006   See Reverse for Instructions

7007 2560 0001 8643 7617

SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00045

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

MAYWOOD-CUDAHY
POLICE DEPARTMENT
4317 Slauson Avenue
Maywood, California 90270

**Certified Mail Provides:**
- A mailing receipt
- A unique identifier for your mailpiece
- A record of delivery kept by the Postal Service for two years

*Important Reminders:*
- Certified Mail may ONLY be combined with First-Class Mail® or Priority Mail®.
- Certified Mail is not available for any class of international mail.
- NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.
- For an additional fee, a Return Receipt may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (PS Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS® postmark on your Certified Mail receipt is required.
- For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement "Restricted Delivery".
- If a postmark on the Certified Mail receipt is desired, please present the article at the post office for postmarking. If a postmark on this Certified Mail receipt is not needed, detach and affix label with postage and mail.

IMPORTANT: Save this receipt and present it when making an inquiry.
PS Form 3800, August 2006 (Reverse) PSN 7530-02-000-9047

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

MAYWOOD-CUDAHY
POLICE DEPARTMENT
4317 Slauson Avenue
Maywood, California 90270   RECEIVED
MAR 17 2009
MAYWOOD POLICE DEPT.

ATTN: JIMMY RUBIO

**Certified Mail Provides:**
- A mailing receipt
- A unique identifier for your mailpiece
- A record of delivery kept by the Postal Service for two years

*Important Reminders:*
- Certified Mail may ONLY be combined with First-Class Mail® or Priority Mail®.
- Certified Mail is not available for any class of international mail.
- NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.
- For an additional fee, a Return Receipt may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (PS Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS® postmark on your Certified Mail receipt is required.
- For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement "Restricted Delivery".
- If a postmark on the Certified Mail receipt is desired, please present the article at the post office for postmarking. If a postmark on this Certified Mail receipt is not needed, detach and affix label with postage and mail.

IMPORTANT: Save this receipt and present it when making an inquiry.
PS Form 3800, August 2006 (Reverse) PSN 7530-02-000-9047

SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00046



SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00047



SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00048



SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00049



SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00050



SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00051



SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00052



SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00053



SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00054



**Maywood Cudahy Police Department**
Policy Manual

Policy
**354**

# Handcuff Policy

### 354.1   PURPOSE AND SCOPE
This procedure provides guidelines for handling situations involving handcuffing during detentions and arrests. This policy is also applicable to Flexcuffs, which will be considered synonymous with handcuffs for purposes of this policy.

### 354.2   HANDCUFFING POLICY
Although recommended for most arrest situations, handcuffing is a discretionary procedure and not an absolute rule of the Department. When deciding whether to handcuff an arrestee, officers should carefully balance officer safety concerns with factors including, but not limited to the following:

- The circumstances leading to the arrest.
- The attitude and behavior of the arrested person.
- The age, sex and health of the person.
- Whether the person has a hearing or speaking disability. In such cases consideration should be given, safety permitting, to handcuffing to the front in order to allow the person to sign or write notes.
- Whether the person has any other apparent disability.

It is not the intent of the Department to dissuade officers from handcuffing all persons they believe warrant that degree of restraint, nor is it the intent of this policy to create the atmosphere that in order to avoid risk, an officer should handcuff all persons regardless of the circumstances. In most situations handcuffs should be applied with the hands behind the person. Handcuffs should be removed as soon as the arrested person is safely confined within the jail.

### 354.2.1   IMPROPER USE OF HANDCUFFS
Handcuffing is never done to punish, to display authority, or as a show of force. Persons are handcuffed only to restrain their hands to ensure officer safety. When practical, handcuffs shall be double locked to prevent tightening which may cause undue discomfort or injury to the hands or wrists. The physical stature of an individual shall be taken into consideration when applying handcuffs. Individuals who are physically incapable of bringing their hands into cuffing position behind their back may require application of more than one pair of handcuffs, or cuffing in front.

Handcuffs, like any mechanical device are subject to failure, and therefore a possible officer safety issue. Properly applied handcuffs should secure an individuals hands, and not create injuries.

### 354.2.2   JUVENILES
Juveniles 14-years of age or older may be handcuffed when the act committed is of a felonious nature or when their acts have amounted to crimes where the officer has a reasonable suspicion the suspect may have a desire to escape, injure themselves, injure the officer, or destroy property.

Handcuff Policy - 160

MARTINEZ00055

# Maywood Cudahy Police Department
Policy Manual

*Handcuff Policy*

Juveniles under 14-years of age generally will not be handcuffed unless their acts have amounted to a dangerous felony or when they are of a state of mind which suggests a reasonable probability of their desire to escape, injure themselves, the officer, or to destroy property.

### 354.2.3   HANDCUFFING OF DETAINEES

Situations may arise where it may be reasonable to handcuff an individual who may, after subsequent investigation, be released prior to arrest.  Such a situation is considered a detention, rather than an actual arrest. Unless arrested, the use of handcuffs on detainees should continue for only as long as is reasonably necessary to assure the safety of officers and others.  Officers should continuously weigh the safety interests at hand against the intrusion upon the detainee when deciding to remove handcuffs from a detainee.

When an individual is handcuffed and released without an arrest, a written report of the incident shall be made to document the details of the detention and need for use of handcuffs.

2009/08/28 © 1995-2009 Lexipol, LLC

MARTINEZ00056

<u>**PROOF OF SERVICE**</u>

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 695 Town Center Drive, Suite 700, Costa Mesa, California 92626. On **May 3, 2010**, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED:   **<u>CITY OF MAYWOOD'S (ERRONEOUSLY NAMED AS "MAYWOOD POLICE DEPARTMENT") SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION AND IDENTIFICATION OF DOCUMENTS, SET ONE</u>**

SERVED UPON:            **SEE ATTACHED SERVICE LIST**

☒   (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice of BOHM, MATSEN, KEGEL & AGUILERA, LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   (BY PERSONAL SERVICE) I **caused** the above-referenced documents to be personally delivered on the date listed below.

☐   (BY FEDERAL EXPRESS) I am readily familiar with the practice of BOHM, MATSEN, KEGEL & AGUILERA, LLP for the collection and processing of correspondence for overnight delivery and known that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☐   (BY FACSIMILE WHERE INDICATED) The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(I), I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration.

☐   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on **May 3, 2010**, at Costa Mesa, California.

_____
Brittney Sanchez

1
PROOF OF SERVICE

1

2

3

4

5
·
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>Service List</u>
*Martinez v. City of Maywood, et al.*
*United States District Court, Central District (Los Angeles),*
*Case Number CV09-06734 SJO (RCx)*

Shawna L. Parks, Esq.
Disability Rights Legal Center
919 Albany Street.
Los Angeles, CA 90015
(213) 736-1031 tel
Shawna.parks@lls.edu

Cynthia Anderson-Barker
Law Offices of Cynthia Anderson-Barker
3435 Wilshire Blvd., Ste. 2900
Los Angeles, CA 90010
(213) 381-3246 tel
(213) 252-0091 fax
cablaw@hotmail.com

Paul B. Beach, Esq.
Lawrence, Beach, Allen & Choi PC
1600 N. Broadway, Ste. 1010
Santa Ana, CA 92706
714-479-0180 tel
714-479-0181 fax
pbeach@lbaclaw.com

Attorneys for Plaintiffs,
MARITZA SANCHEZ MARTINEZ, an
individual, by and through her mother and
guardian ad litem, BERTHA MARTINEZ,
BERTHA MARTINEZ and WENDY
SANCHEZ, an individual

Attorneys for Defendant,
COUNTY OF LOS ANGELES

PROOF OF SERVICE