# EXHIBIT K

1  **BOHM, MATSEN, KEGEL & AGUILERA, LLP**
2  Lee A. Wood – Of Counsel (SBN 58676)
   Jonyson A. Pierce, Esq. (SBN 199354)
3  695 Town Center Drive, Suite 700
4  Costa Mesa, CA 92626
   Telephone: (714) 384-6500
5  Facsimile: (714) 384-6501

6
7  Attorneys for Defendants
   CITY OF MAYWOOD, MAYWOOD POLICE DEPARTMENT, ANDREW
8  SERRATA and FRANK GARCIA

9

10             **UNITED STATES DISTRICT COURT**
11             **CENTRAL DISTRICT OF CALIFORNIA**
12

13  MARITZA SANCHEZ MARTINEZ,      )  Case No. CV09-06734 SJO (RCx)
14  an individual, by and through her )  Assigned For All Purposes To:
    mother and guardian ad litem,    )  Hon. S. James Otero
15  BERTHA MARTINEZ, BERTHA          )
16  MARTINEZ, an individual, and     )  **CITY OF MAYWOOD'S SECOND**
    WENDY SANCHEZ, an individual     )  **SUPPLEMENTAL RESPONSES**
17                                   )  **TO PLAINTIFFS' REQUEST**
18            Plaintiff,             )  **FOR PRODUCTION AND**
                                     )  **IDENTIFICATION OF**
19      vs.                          )  **DOCUMENTS, SET ONE**
                                     )
20                                   )
21  CITY OF MAYWOOD, MAYWOOD         )
    POLICE DEPARTMENT, COUNTY        )
22  OF LOS ANGELES, ANDREW           )
23  SERRATA, MAYWOOD OFFICER         )
    GARCIA, DAVID ISHIBASHI and      )
24  DOES 1 through 10, Inclusive,    )
                                     )
25                                   )
26            Defendants.            )
                                     )  Complaint Filed: September 22, 2009
27  _____ )
28

                                    1

1  PROPOUNDING PARTY:      Plaintiffs  MARITZA S. MARTINEZ, et. al.

2  RESPONDING PARTY:       Defendant, CITY OF MAYWOOD

3  SET NO.:                One (1)

4  ## PRELIMINARY STATEMENT

5      1.     Defendant has not yet completed its investigation into the facts relevant

6  to this controversy, this discovery, or this trial preparation.  Accordingly, defendant

7  makes the supplemental responses to the Document Production Requests based on the

8  information presently available to it and without prejudice to its right to amend or

9  supplement its responses and to present evidence, which may hereafter be discovered

10 to become available to it.

11     2.     By supplementally responding to these Requests for Production of

12 Documents, defendant does not concede that the information sought is relevant.

13     3.     Defendant's supplemental responses to these Requests for Production are

14 made without intending to waive or waiving but on the contrary intending to preserve

15 and preserving;

16         (a)     The right to object on any grounds to the use or introduction into

17 evidence of the information provided in response to the Request for Production; and

18         (b)     The right to object on any grounds at any time to other Request for

19 Production or other discovery involving the subject matter of the Request for

20 Production.

21     ## SECOND SUPPLEMENTAL RESPONSES TO REQUEST FOR

22     ## PRODUCTIONAND IDENTIFICATION OF DOCUMENTS, SET 1

23 **REQUEST FOR PRODUCTION OF DOCUMENT NO. 1:**

24     All documents relating to you policies, including but not limited to draft

25 policies, for providing accommodations to any person with a mental disability.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

27     Objection, overbroad, burdensome, not reasonably calculation to lead to the

28 discovery of admissible evidence, vague, and ambiguous. Without waiving the

2

CITY OF MAYWOOD'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUEST
FOR PRODUCTION AND IDENTIFICATION OF DOCUMENTS, SET ONE

1  foregoing objections, responding party responds as follows: If any such documents
2  exist, defendant will comply.

3  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 1:**

4      Without waiving the foregoing objections, responding party responds as
5  follows: Attached as Bates Nos. 00001-00008 are documents responsive to this
6  request.

7  **SECOND SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 1:**

8      Without waiving the foregoing objections, responding party responds as
9  follows: Defendant identifies documents attached as Bates Nos. 00055-00056 to the
10 City of Maywood's and Maywood-Cudahy Police Department's responses and
11 supplemental responses to plaintiff's Request for Production, Set 1. Defendant will
12 also be providing a document entitled "Regulations for the Accommodation of the
13 Disabled in Public Accommodations." Also, job postings with the City of Maywood
14 indicate that the City is an equal opportunity employer. Also, Agenda Meeting
15 postings advise individuals with special needs to contact the City Clerk if they need
16 special accommodations. Defendant is in the process of locating past and present job
17 listings and Agenda Meeting postings for production to this RFP, Set 1.

18 **REQUEST FOR PRODUCTION OF DOCUMENT NO. 2:**

19     All documents relating to you policies, including but not limited to draft
20 policies, for providing accommodations to any person with a disability, including any
21 person with a mental disability.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

23     Objection, overbroad, burdensome, not reasonably calculation to lead to the
24 discovery of admissible evidence, vague, and ambiguous. Without waiving the
25 foregoing objections, responding party responds as follows: If any such documents
26 exist, defendant will comply.

27 ///

28 ///

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 2:**

Without waiving the foregoing objections, responding party responds as follows: Attached as Bates Nos. 00001-00008 are documents responsive to this request.

**SECOND SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 2:**

Without waiving the foregoing objections, responding party responds as follows: Defendant identifies documents attached as Bates Nos. 00055-00056 to the City of Maywood's and Maywood-Cudahy Police Department's responses and supplemental responses to plaintiff's Request for Production, Set 1. Defendant will also be providing a document entitled "Regulations for the Accommodation of the Disabled in Public Accommodations." Also, job postings with the City of Maywood indicate that the City is an equal opportunity employer. Also, Agenda Meeting postings advise individuals with special needs to contact the City Clerk if they need special accommodations. Defendant is in the process of locating past and present job listings and Agenda Meeting postings for production to this RFP, Set 1.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 3:**

All documents relating to any training by or for you providing reasonable accommodations to or interacting with any person with a mental disability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection, overbroad, burdensome, not reasonably calculation to lead to the discovery of admissible evidence, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: If any such documents exist, defendant will comply.

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 3:**

Without waiving the foregoing objections, responding party responds as follows: Attached as Bates Nos. 00001-00008 are documents responsive to this request.

///

4

**SECOND SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 3:**

Without waiving the foregoing objections, responding party responds as follows: Defendant identifies documents attached as Bates Nos. 00055-00056 to the City of Maywood's and Maywood-Cudahy Police Department's responses and supplemental responses to plaintiff's Request for Production, Set 1. Defendant will also be providing a document entitled "Regulations for the Accommodation of the Disabled in Public Accommodations." Also, job postings with the City of Maywood indicate that the City is an equal opportunity employer. Also, Agenda Meeting postings advise individuals with special needs to contact the City Clerk if they need special accommodations. Defendant is in the process of locating past and present job listings and Agenda Meeting postings for production to this RFP, Set 1.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 4:**

All documents relating to any training by or for you for providing accommodations to or interacting with any person with a disability, including any person with a mental disability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objection, overbroad, burdensome, not reasonably calculation to lead to the discovery of admissible evidence, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: If any such documents exist, defendant will comply.

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 4:**

Without waiving the foregoing objections, responding party responds as follows: Attached as Bates Nos. 00001-00008 are documents responsive to this request.

**SECOND SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 4:**

Without waiving the foregoing objections, responding party responds as follows: Defendant identifies documents attached as Bates Nos. 00055-00056 to the City of Maywood's and Maywood-Cudahy Police Department's responses and

CITY OF MAYWOOD'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUEST
FOR PRODUCTION AND IDENTIFICATION OF DOCUMENTS, SET ONE

1  supplemental responses to plaintiff's Request for Production, Set 1. Defendant will

2  also be providing a document entitled "Regulations for the Accommodation of the

3  Disabled in Public Accommodations." Also, job postings with the City of Maywood

4  indicate that the City is an equal opportunity employer. Also, Agenda Meeting

5  postings advise individuals with special needs to contact the City Clerk if they need

6  special accommodations. Defendant is in the process of locating past and present job

7  listings and Agenda Meeting postings for production to this RFP, Set 1.

8  **REQUEST FOR PRODUCTION OF DOCUMENT NO. 5:**

9      All documents relating to Plaintiffs in your possession.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

11      Objection, overbroad, burdensome, not reasonably calculation to lead to the

12  discovery of admissible evidence, vague, and ambiguous. Without waiving the

13  foregoing objections, responding party responds as follows: Defendant will comply.

14  **SUPPLEMENTAL RESPONSE FOR PRODUCTION: 5**

15      Without waiving the foregoing objections, responding party responds as

16  follows: With respect to I.A. File No. 2009-3 prepared as a result of the subject

17  incident, defendant will comply subject to the stipulated protective order to be filed

18  with the court. I.A. File No. 2009-3 will be produced as soon as the stipulated

19  protective order has been signed by the court. Also, attached as Bates Nos. 00014-

20  00017 are documents responsive to this request.

21  **SECOND SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 5:**

22      Without waiving the foregoing objections, responding party responds as

23  follows: Defendant produces I.A. File No. 2009-3 as Bates Nos. 00018-00054,

24  subject to the stipulated protective order, as being responsive to this request.

25  **REQUEST FOR PRODUCTION OF DOCUMENT NO. 6:**

26      All documents relating to any MPD activity at 3589 E. 54th Street in Maywood,

27  California on or about August 25, 2008.

28  ///

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection, vague and ambiguous. Without waiving the foregoing objections, responding party responds as follows: Defendant will comply.

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 6:**

Without waiving the foregoing objections, responding party responds as follows: With respect to I.A. File No. 2009-3 prepared as a result of the subject incident, defendant will comply subject to the stipulated protective order to be filed with the court. I.A. File No. 2009-3 will be produced as soon as the stipulated protective order has been signed by the court. Also, attached as Bates Nos. 00014-00017 are documents responsive to this request.

**SECOND SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 6:**

Without waiving the foregoing objections, responding party responds as follows: Defendant produces I.A. File No. 2009-3 as Bates Nos. 00018-00054, subject to the stipulated protective order, as being responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 7:**

All documents relating to any MPD activity at 3589 E. 54th Street in Maywood, California on or about August 20, 2008.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objection, vague and ambiguous. Without waiving the foregoing objections, responding party responds as follows: Defendant will comply.

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 7:**

Without waiving the foregoing objections, responding party responds as follows: With respect to I.A. File No. 2009-3 prepared as a result of the subject incident, defendant will comply subject to the stipulated protective order to be filed with the court. I.A. File No. 2009-3 will be produced as soon as the stipulated protective order has been signed by the court. Also, attached as Bates Nos. 00014-00017 are documents responsive to this request.

///

1    **SECOND SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 7:**

2    Without waiving the foregoing objections, responding party responds as

3 follows: Defendant produces I.A. File No. 2009-3 as Bates Nos. 00018-00054,

4 subject to the stipulated protective order, as being responsive to this request.

5    **REQUEST FOR PRODUCTION OF DOCUMENT NO. 8:**

6    All documents relating to any verbal or written complaint regarding the

7 accommodation provided to, or failed to be provided to, any person with a mental

8 disability.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

10    Objection, overbroad, burdensome, invasion of privacy, not reasonably

11 calculation to lead to the discovery of admissible evidence, vague, and ambiguous.

12 Without waiving the foregoing objections, responding party responds as follows: If

13 any such documents exist, defendant will comply with redaction of private

14 information.

15    **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 8:**

16    Without waiving the foregoing objections, responding party responds as

17 follows: After a reasonable and diligent search and inquiry, there are no documents

18 responsive to this request given that defendant does not know of any complaints other

19 than those relating to the subject incident.

20    **REQUEST FOR PRODUCTION OF DOCUMENT NO. 9:**

21    All documents relating to any verbal or written complaint regarding the

22 accommodations provided to, or failed to be provided to, a person with a disability,

23 including any person with a mental disability.

24    **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

25    Objection, overbroad, burdensome, invasion of privacy, not reasonably

26 calculation to lead to the discovery of admissible evidence, vague, and ambiguous.

27 Without waiving the foregoing objections, responding party responds as follows: If

28 any such documents exist, defendant will comply with redaction of private

8

CITY OF MAYWOOD'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUEST
FOR PRODUCTION AND IDENTIFICATION OF DOCUMENTS, SET ONE

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 10 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 53-1#:1478   Filed 08/09/10   Page 46 of 96   Page ID
#:1445

1  information.

2  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 9:**

3       Without waiving the foregoing objections, responding party responds as

4  follows: After a reasonable and diligent search and inquiry, there are no documents

5  responsive to this request given that defendant does not know of any complaints other

6  than those relating to the subject incident.

7  **REQUEST FOR PRODUCTION OF DOCUMENT NO. 10:**

8       All documents relating to requests for accommodations made by any individual

9  with a mental disability.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

11       Objection, overbroad, burdensome, invasion of privacy, not reasonably

12  calculation to lead to the discovery of admissible evidence, vague, and ambiguous.

13  Without waiving the foregoing objections, responding party responds as follows: If

14  any such documents exist, defendant will comply with redaction of private

15  information.

16  **SUPPLEMENAL RESPONSE TO PRODUCTION NO. 10:**

17       Without waiving the foregoing objections, responding party responds as

18  follows: After a reasonable and diligent search and inquiry, there are no documents

19  responsive to this request given that defendant does not know of any "requests for

20  accommodations…" other than those relating to the subject incident.

21  **REQUEST FOR PRODUCTION OF DOCUMENT NO. 11:**

22       All documents relating to request for accommodations made by individuals

23  with disabilities, including any individual with a mental disability.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

25       Objection, overbroad, burdensome, invasion of privacy, not reasonably

26  calculation to lead to the discovery of admissible evidence, vague, and ambiguous.

27  Without waiving the foregoing objections, responding party responds as follows: If

28  any such documents exist, defendant will comply with redaction of private

Case 2:09-cv-06734-SJO-RC Document 65-5 Filed 08/16/10 Page 11 of 60 Page ID
Case 2:09-cv-06734-SJO-RC Document 58-9 Filed 08/09/10 Page 47 of 96 Page ID
#:1446

1   information.

2   **SUPPLEMENTAL RESPONSE FOR PRODUCTION NO. 11:**

3        Without waiving the foregoing objections, responding party responds as

4   follows: After a reasonable and diligent search and inquiry, there are no documents

5   responsive to this request given that defendant does not know of any "requests for

6   accommodations…" other than those relating to the subject incident.

7   **REQUEST FOR PRODUCTION OF DODUCMENT NO. 12:**

8        All documents relating to your refusal to provide accommodations to any

9   individual with a mental disability.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

11        Objection, overbroad, burdensome, not reasonably calculation to lead to the

12   discovery of admissible evidence, vague, and ambiguous. Without waiving the

13   foregoing objections, responding party responds as follows: If any such documents

14   exist, defendant will comply.

15   **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 12:**

16        Without waiving the foregoing objections, responding party responds as

17   follows: After a reasonable and diligent search and inquiry, there are no documents

18   responsive to this request given that defendant does not know of any "refusal to

19   provide accommodations…" other than those relating to the subject incident.

20   **REQUEST FOR PRODUCTION OF DOCUMENT NO. 13:**

21        All documents relating to your refusal to provide accommodations to

22   individuals with disabilities, including but not limited to any individual with a mental

23   disability.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

25        Objection, overbroad, burdensome, not reasonably calculation to lead to the

26   discovery of admissible evidence, vague, and ambiguous. Without waiving the

27   foregoing objections, responding party responds as follows: If any such documents

28   exist, defendant will comply.

CITY OF MAYWOOD'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUEST
FOR PRODUCTION AND IDENTIFICATION OF DOCUMENTS, SET ONE

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 12 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-180   Filed 08/09/10   Page 48 of 96   Page ID
#:1447

1  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 13:**

2       Without waiving the foregoing objections, responding party responds as

3  follows: After a reasonable and diligent search and inquiry, there are no documents

4  responsive to this request given that defendant does not know of any "refusal to

5  provide accommodations…" other than those relating to the subject incident.

6  **REQUEST FOR PRODUCTION OF DOCUMENT NO. 14:**

7       All documents relating to your policies, including but not limited to draft

8  policies, for conducting searches of residence.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

10       Objection, overbroad, burdensome, not reasonably calculation to lead to the

11  discovery of admissible evidence, vague, and ambiguous. Without waiving the

12  foregoing objections, responding party responds as follows: Defendant will comply.

13  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 14:**

14       Without waiving the foregoing objections, responding party responds as

15  follows: Attached as Bates Nos. 00011-00013 are documents responsive to this

16  request.

17  **REQUEST FOR PRODUCTION OF DOCUMENT NO. 15:**

18       All documents relating to training provided to your personnel on conducting

19  searches.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

21       Objection, overbroad, burdensome, not reasonably calculation to lead to the

22  discovery of admissible evidence, vague, and ambiguous. Without waiving the

23  foregoing objections, responding party responds as follows: Defendant will comply.

24  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 15:**

25       Without waiving the foregoing objections, responding party responds as

26  follows: Attached as Bates Nos. 00011-00013 are documents responsive to this

27  request.

28  ///

CITY OF MAYWOOD'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUEST
FOR PRODUCTION AND IDENTIFICATION OF DOCUMENTS, SET ONE

Case 2:09-cv-06734-SJO-RC  Document 65-5  Filed 08/16/10  Page 13 of 60  Page ID
Case 2:09-cv-06734-SJO-RC  Document 58-1  Filed 08/09/10  Page 49 of 96  Page ID
#:1448

1     **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

2        All documents relating to your policies, including but not limited to draft

3     policies, for conducting interrogations.

4     **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

5        Objection, overbroad, burdensome, not reasonably calculation to lead to the

6     discovery of admissible evidence, vague, and ambiguous. Without waiving the

7     foregoing objections, responding party responds as follows: Defendant will comply.

8     **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 16:**

9        Without waiving the foregoing objections, responding party responds as

10     follows: Attached as Bates Nos. 00001-00013 are documents responsive to this

11     request.

12     **REQUEST FOR PRODUCTION OF DOCUMENT NO. 17:**

13        All documents relating to training provided to your personnel on conducting

14     interrogations.

15     **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

16        Objection, overbroad, burdensome, not reasonably calculation to lead to the

17     discovery of admissible evidence, vague, and ambiguous. Without waiving the

18     foregoing objections, responding party responds as follows: Defendant will comply.

19     **SUPPLEMENTAL RESPONSES TO PRODUCTION NO. 17:**

20        Without waiving the foregoing objections, responding party responds as

21     follows: Attached as Bates Nos. 00001-00013 are documents responsive to this

22     request.

23     **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

24        All documents relating to your policies, including but not limited to draft

25     policies, for conducting interrogations of individuals with a mental disabilities.

26     **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

27        Objection, overbroad, burdensome, not reasonably calculation to lead to the

28     discovery of admissible evidence, vague, and ambiguous. Without waiving the

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 14 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-2   Filed 08/09/10   Page 50 of 96   Page ID
#:1449

1  foregoing objections, responding party responds as follows: If any such documents

2  exist, defendant will comply.

3  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 18:**

4  Without waiving the foregoing objections, responding party responds as

5  follows: Attached as Bates Nos. 00001-00007 are documents responsive to this

6  request.

7  **REQUEST FOR PRODUCTION OF DOCUMENT NO. 19:**

8  All documents relating to training provided to your personnel on conducting

9  interrogations of any individual with a mental disability.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

11  Objection, overbroad, burdensome, not reasonably calculation to lead to the

12  discovery of admissible evidence, vague, and ambiguous. Without waiving the

13  foregoing objections, responding party responds as follows: If any such documents

14  exist, defendant will comply.

15  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 19:**

16  Without waiving the foregoing objections, responding party responds as

17  follows: Attached as Bates Nos. 00001-00007 are documents responsive to this

18  request.

19  **REQUEST FOR PRODUCTION OF DOCUMENT NO. 20:**

20  All documents relating to your policies, including but not limited to draft

21  policies, for conducting interrogations of individuals with a disability, including any

22  person with a mental disability.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

24  Objection, overbroad, burdensome, not reasonably calculation to lead to the

25  discovery of admissible evidence, vague, and ambiguous. Without waiving the

26  foregoing objections, responding party responds as follows: If any such documents

27  exist, defendant will comply.

28  ///

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 15 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-3   Filed 08/09/10   Page 51 of 96   Page ID
#:1450

**SUPPLEMENTAL RESPONSE FOR PRODUCTION NO. 20:**

Without waiving the foregoing objections, responding party responds as follows: Attached as Bates Nos. 00001-00007 are documents responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:**

All documents relating to training provided to your personnel on conducting interrogations of individuals with a disability, including any person with a mental disability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection, overbroad, burdensome, not reasonably calculation to lead to the discovery of admissible evidence, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: If any such documents exist, defendant will comply.

**SUPPLEMENTAL REPONSE TO PRODUCTION NO. 21:**

Without waiving the foregoing objections, responding party responds as follows: Attached as Bates Nos. 00001-00007 are documents responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 22:**

All communications between you and any government body or administrative agency, between January 1, 2005 and the present, relating to the provisions of accommodations to any person with a mental disability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection, overbroad, burdensome, not reasonably calculation to lead to the discovery of admissible evidence, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: If any such documents exist, defendant will comply.

///

///

Case 2:09-cv-06734-SJO-RC Document 65-5 Filed 08/16/10 Page 16 of 60 Page ID
Case 2:09-cv-06734-SJO-RC Document 58-4 Filed 08/09/10 Page 52 of 96 Page ID
#:1451

1  **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 22:**

2      Without waiving the foregoing objections, responding party responds as

3  follows: After a reasonable and diligent search and inquiry, there are no documents

4  responsive to this request.

5  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23:**

6      All communications between you and any government body or administrative

7  agency, between January 1, 2005 and the present, relating to the provision of

8  accommodations to any person with a disability, including any person with a mental

9  disability.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

11     Objection, overbroad, burdensome, vague, and ambiguous. Without waiving

12 the foregoing objections, responding party responds as follows: If any such

13 documents exist, defendant will comply.

14 **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 23:**

15     Without waiving the foregoing objections, responding party responds as

16 follows: After a reasonable and diligent search and inquiry, there are no documents

17 responsive to this request.

18 **REQUEST FOR PRODUCTION OF DOCUMENT NO. 24:**

19     All documents relating to the qualifications of your ADA coordinator or other

20 persons directly responsible for establishing policies regarding accommodations for

21 persons with disabilities, including but not limited to, training, resumes, certifications,

22 and/or credentials.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

24     Objection, overbroad, burdensome, vague, and ambiguous. Without waiving

25 the foregoing objections, responding party responds as follows: If any such

26 documents exist, defendant will comply.

27 ///

28 ///

15

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 17 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-5   Filed 08/09/10   Page 53 of 96   Page ID
#:1452

**SUPPLEMENTAL RESPONSES TO PRODUCTION NO. 24:**

Without waiving the foregoing objections, responding party responds as follows: After a reasonable and diligent search and inquiry, there are no documents responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 25:**

All documents relating to the qualifications of your ADA coordinator or other persons directly responsible for establishing policies regarding accommodations for any person with mental disability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection, overbroad, burdensome, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: If any such documents exist, defendant will comply.

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 25:**

Without waiving the foregoing objections, responding party responds as follows: After a reasonable and diligent search and inquiry, there are no documents responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26:**

All documents relating to your communications with the news media or the general public regarding your provision of accommodations to any person with a disability, including but not limited to new releases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection, overbroad, burdensome, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: If any such documents exist, defendant will comply.

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 26:**

Without waiving the foregoing objections, responding party responds as follows: After a reasonable and diligent search and inquiry, there are no documents responsive to this request.

Case 2:09-cv-06734-SJO-RC  Document 65-5  Filed 08/16/10  Page 18 of 60  Page ID
Case 2:09-cv-06734-SJO-RC  Document 58-6  Filed 08/09/10  Page 54 of 96  Page ID
#:1453

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 27:**

All documents relating to your communications with the news media or the general public regarding your provision of accommodations to any person with a mental disability, including but not limited to news releases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objection, overbroad, burdensome, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: If any such documents exist, defendant will comply.

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 27:**

Without waiving the foregoing objections, responding party responds as follows: After a reasonable and diligent search and inquiry, there are no documents responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 28:**

All documents relating to your website content developed and/or designed for individuals with disabilities, including persons with mental disabilities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection, overbroad, burdensome, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: If any such documents exist, defendant will comply.

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 28:**

Without waiving the foregoing objections, responding party responds as follows: After a reasonable and diligent search and inquiry, there are no documents responsive to this request, other than the City of Maywood's website: www.cityofmaywood.com.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 29:**

All documents relating to your brochures and/or displays, including special projects focusing on individuals with disabilities, including but not limited to providing accommodations to any individual with a mental disability.

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 19 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-7   Filed 08/09/10   Page 55 of 96   Page ID
#:1454

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection, overbroad, burdensome, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: If any such documents exist, defendant will comply.

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 29:**

Without waiving the foregoing objections, responding party responds as follows: After a reasonable and diligent search and inquiry, there are no documents responsive to this request at the present time.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 30:**

All documents relating to oral, telephonic and/or written inquiries regarding your provision of accommodations to individuals with disabilities, including but not limited to any individual with a mental disability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Objection, overbroad, burdensome, vague, and ambiguous. Without waiving the foregoing objections, responding party responds as follows: If any such documents exist, defendant will comply.

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 30:**

Without waiving the foregoing objections, responding party responds as follows: After a reasonable and diligent search and inquiry, there are no documents responsive to this request.

DATED: May 3, 2010          BOHM, MATSEN, KEGEL & AGUILERA, LLP

By: _____
Jonyson A. Pierce
Attorneys for Defendants CITY OF MAYWOOD,
MAYWOOD POLICE DEPARTMENT, ANDREW
SERRATA and FRANK GARCIA

City of Maywood's 2ND Supp. Rsp to Phf RFP Set 1 FINAL (2.24.10)

18

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 20 of 60   Page ID
#:2188
Case 2:09-cv-06734-SJO-RC   Document 58-4   Filed 08/09/10   Page 56 of 96   Page ID
#:1455



SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00018

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 21 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 53-89   Filed 08/09/10   Page 57 of 96   Page ID
#:1456

# Administrative Review

**Description:** *IA #2009-03*

**Professional Standards: (Comments/Recommendation)**

*FOR REVIEW*

*JMR 11-16-09*
**Initials**

**Captain: (Comments/Recommendation)**

CONDUCT ALLEGATION / 340.3.2 (i)

SERGEANT F. GARCIA – " NOT SUSTAINED "
OFFICER   A. SERRATA – " NOT SUSTAINED "
**Initials** 12/3/09

**Assistant Chief of Police: (Comments/Recommendation)**

Concur with Copt. Aguirre.

12-7-09
**Initials**

**Chief of Police: (Comments/Recommendation)**

Concur – NOT SUSTAINED (See ATTACHED
Memo)

12-30-09
**Initials**

MARTINEZ 00019

SUBJECT TO PROTECTIVE ORDER

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 22 of 60   Page ID
#:2190
Case 2:09-cv-06734-SJO-RC   Document 58-4   Filed 08/09/10   Page 58 of 96   Page ID
#:1457



| | |
|---|---|
| **Maywood ☆ ☆ ☆ Cudahy Police Department** | |
| *Memorandum* | |

**To:**   FILE - (Officer Andrew Serrata #391 - IA #2009-03-C)

**From:**   Frank Hauptmann, Chief of Police

**Subject:**   Disposition - IA #2009-03-C

**Date:**   December 30, 20009

---

**Employee Involved:**   Officer Andrew Serrata #391

**Date Complaint Filed:**   February 27, 2009
**Date of Event:**   August 20, 2008

**Allegation:**   340.3.2 (k) – Discourteous or discriminatory treatment of any
member of the public or member of the Department.

**DISPOSITION -**   Not Sustained

I concur with the findings submitted by Captain Aguirre and Assistant Chief Hicks. The
allegation(s) are "Not Sustained" since the facts and evidence cannot prove or disprove same.

Frank Hauptmann
Chief of Police

SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00020

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 23 of 60   Page ID
#:2101
Case 2:09-cv-06734-SJO-RC   Document 58-4   Filed 08/09/10   Page 59 of 96   Page ID
#:1458



| | **Maywood Police Department** |
| --- | --- |
| | *Interoffice Memorandum* |

**TO:**      **FRANK HAUPTMANN, CHIEF OF POLICE**

**FROM:**   **CAPTAIN AGUIRRE**

**SUBJECT:**   **INTERNAL AFFAIRS CASE #2009-03-C**

**DATE:**    **DECEMBER 3, 2009**

<u>Employee Involved:</u> Officer Andrew Serrata #391

<u>Date of Hire:</u> July 1, 2004

<u>Current Assignment:</u> Patrol

<u>Shift – Days Off:</u>  0600-1830 hours (WTFS–Days Off)

<u>Date of Violation:</u> August 26, 2008

<u>Prior Discipline:</u> None

**<u>ALLEGATION(S):</u>**

<u>Allegation:</u>  That Officer Serrata violated Policy Manual 340.3.2

Conduct.
   (i) Discourteous, disrespectful or discriminatory treatment of any member of the
       public or any member of this Department.

**<u>FACTS:</u>**

On August 20, 2008, and August 26, 2008, search warrants were served at 3589 E.
54th Street in the City of Maywood. The law enforcement agencies that were
involved in both of these operations were part of the U.S. Marshal's Multi-Agency
Task Force (Los Angeles County Sheriff's Department, Los Angeles District
Attorney's Office, and the U.S. Marshal's Department). Gaudencio Lopez was
placed under arrest and is currently incarcerated.

During the service of the warrant that was conducted on August 26, 2008, the
Complainant (Bertha Martinez) alleges that Sergeant Garcia and Officer Serrata
were discourtesy, disrespectful and threatened to place Martinez's autistic daughter

SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00021

I/A Case Number
2009-03-C

with Child Protective Services if she failed to cooperate with the investigation. Martinez also alleges that an officer threw a shirt in her face and that Sergeant Garcia separated her autistic daughter from her, causing her daughter severe emotional distress. It was subsequently discovered that her daughter had urinated her pants and when the officers were asked if Martinez could change the soiled clothing, they refused.

## INVESTIGATION:

Refer to the attached Internal Affairs investigative report for details.

## OPINIONS AND CONCLUSIONS:

- Officer Serrata denied the allegations of improper conduct during this incident. Based on the conflicting statements of Martinez, and Officer Serrata, it is my opinion that the investigation discloses insufficient evidence to prove or disprove the allegation.

## MITIGATING CIRCUMSTANCES:

- L.A. County District Attorney Senior Investigator David Ishibashi #183 declined to be interviewed in this matter, due to pending litigation. Not having the opportunity to interview Ishibashi or members of the Task Force, hindered PSU Manager Rubio's ability to complete a more thorough investigation.

- A review of the CAD Address Inquiry for 3589 E. 54th Street indicates that there were twenty (20) other incidents at the location. This included a shooting of two male Hispanic gang members who were in the driveway working on vehicle. The August 26, 2008, incident is the only incident that resulted in a citizen's complaint.

## RECOMMENDATIONS:

Allegation – I recommend the allegation of Conduct to be classified as **"NOT SUSTAINED"** for Officer Serrata.

*[signature]*

**HERBERT S. AGUIRRE III**
**Operations Division Commander**

2

SUBJECT TO PROTECTIVE ORDER

**MARTINEZ 00022**

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 25 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-3   Filed 08/09/10   Page 61 of 96   Page ID
#:2193
#:1460



# Maywood ☆ ☆ ☆ Cudahy Police Department
## *Memorandum*

**To:**        FILE - (Sgt. Frank Garcia - IA #2009-03-C)

**From:**      Frank Hauptmann, Chief of Police

**Subject:**   Disposition - IA #2009-03-C

**Date:**      December 30, 20009

---

**Employee Involved:**        Sergeant Frank Garcia

**Date Complaint Filed:**     February 27, 2009
**Date of Event:**            August 20, 2008

**Allegation:**               340.3.2 (k) – Discourteous or discriminatory treatment of any
                              member of the public or member of the Department.

**DISPOSITION –**             Not Sustained

I concur with the findings submitted by Captain Aguirre and Assistant Chief Hicks. The
allegation(s) are "Not Sustained" since the facts and evidence cannot prove or disprove same.

Frank Hauptmann
Chief of Police

SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00023

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 26 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-4   Filed 08/09/10   Page 62 of 96   Page ID
#:1461



## Maywood Police Department
*Interoffice Memorandum*

**TO:**       **FRANK HAUPTMANN, CHIEF OF POLICE**

**FROM:**    **CAPTAIN AGUIRRE**

**SUBJECT:**  **INTERNAL AFFAIRS CASE #2009-03-C**

**DATE:**     **DECEMBER 3, 2009**

---

<u>Employee Involved:</u> Sergeant Frank Garcia #392

<u>Date of Hire:</u> July 1, 2004

<u>Current Assignment:</u> Detective Bureau

<u>Shift -- Days Off:</u> 0700-1700 hours (FSS-Days Off)

<u>Date of Violation:</u> August 26, 2008

<u>Prior Discipline:</u> None

**ALLEGATION(S):**

<u>Allegation:</u>  That Sergeant Garcia violated Policy Manual 340.3.2

Conduct.
  (i)  Discourteous, disrespectful or discriminatory treatment of any member of the
       public or any member of this Department.

**FACTS:**

On August 20, 2008, and August 26, 2008, search warrants were served at 3589 E.
54th Street in the City of Maywood. The law enforcement agencies that were
involved in both of these operations were part of the U.S. Marshal's Multi-Agency
Task Force (Los Angeles County Sheriff's Department, Los Angeles District
Attorney's Office, and the U.S. Marshal's Department). Gaudencio Lopez was
placed under arrest and is currently incarcerated.

During the service of the warrant that was conducted on August 26, 2008, the
Complainant (Bertha Martinez) alleges that Sergeant Garcia and Officer Serrata
were discourtesy, disrespectful and threatened to place Martinez's autistic daughter

'SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00024

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 27 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-5   Filed 08/09/10   Page 63 of 96   Page ID
#:1462

I/A Case Number
2009-03-C

with Child Protective Services if she failed to cooperate with the investigation. Martinez also alleges that an officer threw a shirt in her face and that Sergeant Garcia separated her autistic daughter from her, causing her daughter severe emotional distress. It was subsequently discovered that her daughter had urinated her pants and when the officers were asked if Martinez could change the soiled clothing, they refused.

## INVESTIGATION:

Refer to the attached Internal Affairs investigative report for details.

## OPINIONS AND CONCLUSIONS:

- Sergeant Garcia denied the allegations of improper conduct during this incident. Based on the conflicting statements of Martinez, and Sergeant Garcia, it is my opinion that the investigation discloses insufficient evidence to prove or disprove the allegation.

## MITIGATING CIRCUMSTANCES:

- L.A. County District Attorney Senior Investigator David Ishibashi #183 declined to be interviewed in this matter, due to pending litigation. Not having the opportunity to interview Ishibashi or members of the Task Force, hindered PSU Manager Rubio's ability to complete a more thorough investigation.

- A review of the CAD Address Inquiry for 3589 E. 54th Street indicates that there were twenty (20) other incidents at the location. This included a shooting of two male Hispanic gang members who were in the driveway working on vehicle. The August 26, 2008, incident is the only incident that resulted in a citizen's complaint.

## RECOMMENDATIONS:

Allegation – I recommend the allegation of Conduct to be classified as "NOT SUSTAINED" for Sergeant Garcia.

HERBERT S. AGUIRRE III
Operations Division Commander

2

SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00025

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 28 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-06 Filed 08/09/10   Page 64 of 96   Page ID
#:1463

*Internal Affairs 2009-03-C*



## Maywood ☆☆ Cudahy Police Department
*Memorandum*

**To:**       **Captain Herb Aguirre**

**From:**   **Jimmy Rubio, Professional Standards Manager and Detective
Rob Patterson, Professional Standards Unit**

**Subject:**   **Internal Affairs Investigation 2009-03-C**

**Date:**     **November 02, 2009**

---

### Allegations:

Maywood / Cudahy Police Department Policy violation:

340.3.2 (k)
Discourteous, disrespectful or discriminatory treatment of any member of the public
or any member of this department.

### Personnel Involved:

1. Officer Andrew Serrata
2. Sergeant Frank Garcia

### Summary of Facts:

On February 27, 2009, the City of Maywood Cudahy Police Department received a
citizen's complaint in the mail. The letter was from the office of Cynthia Anderson-Barker,
Attorney at Law. The contents of the envelope contained a City of Maywood Citizen's
Complaint Form that appears to have been signed by a Bertha Hernandez. The complaint
was detailed in an attached two page letter. The letter appears to have been completed by
Anderson-Barker's office.

1

SUBJECT TO PROTECTIVE ORDER

**MARTINEZ 00026**

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 29 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-7   Filed 08/09/10   Page 65 of 96   Page ID
#:1464
#:597

*Internal Affairs 2009-03-C*

The complaint alleges misconduct on the part of Officer Serrata and Sergeant Garcia during the service of two search warrants at 3589 E. 54th St. in the City of Maywood on the dates of August 20, 2008 and August 25, 2008.  (The actual date for the second search warrant service is August 26, 2008.)

While Serrata and Garcia were serving the warrants, the complainant alleges the following:

While officers from Los Angeles County Sheriff Department, Los Angeles DA's Office and Officer Serrata were executing a search warrant on August 20, 2008, residents Bertha Hernandez, Wendy Sanchez, Maritza Sanchez Martinez, Gaudencio Sanchez Lopez and Bertha's nephew Joaquin were present.  Bertha Martinez states that she told the officers present that her daughter Maritza Sanchez Martinez was autistic and severely disabled. Bertha states that Maritza cannot speak and requires constant supervision. Gaudencio Lopez was subsequently arrested and incarcerated.

On August 25, 2008, Officer Serrata and Sergeant Garcia along with members of US Marshal's Multi Agency Task Force returned to the residence to serve another warrant. The US Marshal's Task Force consists of members from several Los Angeles County Police agencies, including members from the Los Angeles Sheriff Department and the Los Angeles County DA's Office.

During the service of this warrant, the complaint alleges officers asked Bertha Martinez if she had any rifles.  She told the officers that she did not have any weapons, at which time Officer Serrata called her a liar.

Officer Garcia was alleged to have threatened Bertha Martinez that her daughter Maritza would be placed with Child Protective Services if she did not reveal the location of the rifle.

It is alleged that sometime during the service of the warrant, an officer threw a shirt in the face of Bertha Martinez.

Bertha Martinez alleges that Sergeant Garcia separated her daughter Maritza from her. She states that she told the officers that Maritza should not be separated due to her daughter's disability.  Bertha Martinez states that she was taken to the backyard with Sergeant Garcia and her daughter Maritza was taken to the front yard.  The complaint alleges that the officers knew or should have known that separating Maritza from her mother would cause her severe emotional distress.  Bertha Martinez alleges that while in the front yard, Maritza was crying, shaking and screaming.  She states that her other daughter Wendy showed up on scene.  Wendy was alleged to have discovered that Maritza had urinated in her pants.  She asked the officers if she could change the soiled clothing and she was refused.

2

SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00027

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 30 of 60   Page ID
#:3198
Case 2:09-cv-06734-SJO-RC   Document 58-8   Filed 08/09/10   Page 66 of 96   Page ID
#:1465

*Internal Affairs 2009-03-C*

Sergeant Garcia is alleged to have told Wendy to pack Maritza's clothing because they were going to take Maritza away. Wendy left the scene and went to the office of Council Member Felipe Aguirre and summoned him to the scene.

While in the backyard with Officer Serrata, Bertha Martinez was having trouble breathing. Officer Serrata was alleged to have told Wendy to stay away from Bertha, as she was only faking. Medical aid was requested and responded. Bertha Martinez refused medical treatment, citing the fact that she needed to stay with her disabled daughter.

## Summary of Statements:

### Bertha Hernandez

Hernandez was interviewed in the Professional Standards office on April 01, 2009 at 1046 hrs. Also present during the interview were Jimmy Rubio, Wendy Sanchez, Attorney Cynthia Anderson-Barker. Juanita Bravo was present for translation purposes.

Hernandez statements during the interview coincided with her writings on the complaint form. She had no complaints regarding the first search warrant service on August 20, 2008. During the service of the search warrant on 08/25/2009, she complained of misconduct on the part of Sergeant Garcia and Officer Serrata. The complaints included Sergeant Garcia separating Hernandez from her autistic daughter, officers threatening to place her daughter with Child Protective Services if she did not turn over the weapons, and causing severe emotional stress to her daughter Maritza due to being separated from her mother.

### Officer Andrew Serrata

Serrata was interviewed on October 27, 2009 in the interview room of the Maywood/Cudahy Police Department.

On or about August 20, 2008, Officer Serrata recalls assisting Investigator Ishibashi's team with a search warrant at 3589 54th St. in the City of Maywood. He states he was called to the scene to search for any evidence of gang activity. Upon his arrival, the warrant had already been served and a search was in progress. Serrata recalled Bertha Martinez and her daughter Maritza being at the location. Serrata said that Bertha Martinez was in the living room and Maritza was walking around different rooms in the house. Serrata said that from past contact, he knew that Maritza had some type of disability. He observed Maritza putting her fingers in her mouth and making indiscernible sounds from her mouth. He stated that he has never seen Maritza in any form of distress. While at the location, Serrata said that at no time did Bertha Martinez let him know that Maritza was seriously disabled and/or autistic.

Serrata photographed and documented evidence of gang writings. He then left the location.

3

SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00028

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 31 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 53-9   Filed 08/09/10   Page 67 of 96   Page ID
#:1466
#:1466

*Internal Affairs 2009-03-C*

Serrata recalls returning to the same residence on or around August 25, 2008, again to
assist Ishibashi and his team with a second search warrant. Upon his arrival, Serrata said
that Bertha Martinez was in the back yard and Maritza was in the front yard. He did not
separate the two, nor did he observe anyone do that.

Serrata said that he did not observe Maritza Martinez crying, shaking or screaming. He
denied threatening to take Maritza away from her mother (Bertha Martinez) and place her
with Child Protective Services. Serrata denied throwing or seeing anyone else throw a
towel in the face of Bertha Martinez.

Serrata said that he was in the backyard of the residence with Bertha Martinez. He
recalled Bertha Martinez' other daughter Wendy Sanchez arriving at some point. He said
that Wendy came to the backyard and asked her mother if she was having difficult time
breathing. Bertha responded by saying that she was fine. Serrata said that after 3-4 times
of Wendy asking Bertha Martinez if she was having difficult time breathing, Bertha
eventually began acting as if she was having difficult time breathing. Serrata said that he
did not accuse Bertha of faking her illness, but rather called paramedics for her. He said
that paramedics responded and checked on Bertha and determined that she was fine. The
paramedics suggested she be transported to a hospital for further observation, but she
refused.

Serrata recalls Felipe Aguirre arriving at the residence. To his knowledge, Aguirre
remained in the front yard of the residence. Serrata said that he did not have any contact
with Aguirre.

<u>Sergeant Frank Garcia</u>

Sergeant Frank Garcia was interviewed on October 29, 2009 in the Sergeant's office of the
Maywood Cudahy Police Department.

Garcia recalls being at 3598 E. 54th St on or about August 25, 2008. He is not sure of the
exact date. Garcia said he was there to assist Officer Serrata and Dave Ishibashi's Task
Force at that location. Garcia was monitoring his radio and heard Officer Serrata put
himself out on 54th St. He responded to assist with supervision.

Upon his arrival, Garcia said that he saw Maritza Martinez sitting on the front porch of
3598 E. 54th St. She was accompanied by an officer of the Task Force. The officer
appeared to be trying to communicate with Maritza. Garcia said that he was familiar with
Maritza from past contacts. He said that he was aware that she had some type of mental
disability. Garcia said that Maritza was calm and did not appear to be in any form of
distress. He did not have knowledge of Maritza urinating in her pants.

Sergeant Garcia recalls remaining in the front yard of the residence for the entire time he
was on location. He estimated his total time on scene as approximately 10-15 minutes. (It

4

SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00029

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 32 of 60   Page ID
#:3200
Case 2:09-cv-06734-SJO-RC   Document 58-2   Filed 08/09/10   Page 68 of 96   Page ID
#:1467

*Internal Affairs 2009-03-C*

is unknown as to the exact length of Garcia's stay, as he did not put himself out on location with Dispatch.)  He does not recall going inside the residence or the backyard of the residence.

Garcia said that Bertha's daughter Wendy showed up on scene with another female subject that said she was a reporter.  Garcia said that he advised the two females that they were not allowed to go past the front yard because the officers were in the process of the search.

Sergeant Garcia recalls medical aid being summoned to 3598 E. 54th St. on or around August 25, 2008.  He does not recall medical aid arriving.  He said that he left prior to the other officers leaving and it is possible that medical aid showed up after he left.

Garcia said that he vaguely remembers seeing Officer Serrata at the residence.  He does not recall speaking with Serrata.

Sergeant Garcia said he did not speak with Bertha Martinez or Maritza Martinez on August 25th.  He stated that a few months prior to this incident, he assisted Officer Serrata who was chasing a subject at that location.  The subject ran into backyard area of 3598 E. 54th St. Garcia said that on that occasion, Bertha Martinez came out of the residence with her daughter Maritza and unlocked the garage.  Garcia said a search of the garage revealed a firearm.  Garcia said that Maritza appeared frightened, due to the officers being outside with their guns drawn.  He said that Bertha Martinez was screaming, adding to the distress of Maritza.  The mother and daughter stayed together, they were not separated by the officers.  Garcia said that on that occasion, he believes medical aid was summoned because either Bertha or Wendy said that they were having trouble breathing.  Once medical aid arrived, treatment was refused.  (It is possible that Sergeant Garcia is confused as to which incident medical aid was summoned.)

## Further Investigation:

On 10/29/2009, Senior Investigator D. Ishibashi #183 was contacted by telephone.  He was asked if he would be available for an interview in regards to this investigation.  Due to pending litigation, Ishibashi respectfully declined to be interviewed in this matter.

Ishibashi was contacted again on 12/10/2009.  He was asked if he maintained a log containing the names of the officers present during the search warrants at 3589 54th St.  Ishibashi said that he did not maintain a log and due to pending litigation, he declined to disclose the names of any officers present.

An Incident Inquiry report was pulled regarding the incident on 08/26/2008.  The report shows Officer Serrata assisting Marshalls at 3589 54th St. at 11:11 hours.  The report shows Seratta clearing as "Assisted" at 14:17 hours.  The report does not show Sergeant Garcia as being on scene.

SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00030

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 33 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-1   Filed 08/09/10   Page 69 of 96   Page ID
#:1468
#:2201

*Internal Affairs 2009-03-C*

A CAD Address Inquiry was pulled.   The inquiry included all Maywood/Cudahy Police Department contact at 3589 54th St. The report covered the time period of June 26, 2004 through August 26, 2008. In addition to the contact on August 26, 2008, there were twenty (20) other incidents reported at the location. The August 26, 2008 contact is the only incident that resulted in a citizen's complaint.

**Attachments:**

1. Maywood ~ Cudahy Citizen's Complaint Form signed by Bertha Martinez
2. Confirmation of receipt of complaint letter sent to Bertha Martinez
3. Copies of officer notice forms addressed to Officer Seratta and Sergeant Garcia
4. CAD Address Inquiry spanning the dates of 06/26/2004 through 08/26/2008 detailing police activity at 3589 54th St. Maywood, CA
5. CAD Address Inquiry listing Maywood/Cudahy Police Department contact at 3589 54th St. covering the time period of June 26, 2004 through August 26, 2008.
6. Five (5) color copies of photos taken of the front and backyard of 3589 54th St. Maywood, CA.
7. CD ROM digital recording of Officer Serrata's interview
8. CC ROM digital recording of Sergeant Garcia's interview

Submitted by,

JIMMY RUBIO
PROFESSIONAL STANDARDS MANAGER

6

SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00031

Case 2:09-cv-06734-SJO-RC Document 65-5 Filed 08/16/10 Page 34 of 60 Page ID
Case 2:09-cv-06734-SJO-RC Document 58-202 Filed 08/09/10 Page 70 of 96 Page ID
#:1469



# Maywood ⁎⁎ Cudahy Police Department

*Frank Hauptmann*
*Chief of Police*
4317 East Slauson Avenue • Maywood, California 90270-2897
Business: (323) 562-5005 • Records: (323) 562-5026 • Fax: (323) 562-0557
*"Committed To Our Communities"*

December 5, 2009

COPY

Ms. Bertha Martinez

3589 E. 54th Street

Maywood, CA 90270

Re: Internal Affairs Case #2009-03-C

Dear Ms. Martinez,

The purpose of this letter is to inform you that the Maywood~Cudahy Police Department
has reviewed your complaint against two of its Police Officers.

I wish to inform you that following a Police Department supervisor's thorough
investigation of your complaint, I personally rendered the final decision in this matter.

As to the professional conduct allegation, the investigation revealed insufficient
information to prove or disprove the alleged misconduct. This allegation was
adjudicated as "Not Sustained."

If you have any questions concerning your case, please contact the Professional
Standards Unit at (323) 562-5730.

Sincerely,

HERBERT S. AGUIRRE III, Captain

**Operations Division Commander**

MARTINEZ 00032

SUBJECT TO PROTECTIVE ORDER

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 35 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-203   Filed 08/09/10   Page 71 of 96   Page ID
#:1470

2009-03-C

## MAYWOOD-CUDAHY POLICE
## FORMULARIO DE QUEJAS CIUDADANAS

**RESUMEN DEL PROCESO DE QUEJAS**

DESPUES DE QUE SU QUEJA SEA PROCESADA, UN MIEMBRO DEL DEPARTAMENTO DE POLICIA SERA ASIGNADO POR EL JEFE DE LA POLICIA, EL CUAL SE PONDRA EN CONTACTO CON TODOS LOS TESTIGOS RELACIONADOS CON EL CASO EXAMINARA CUALQUIER EVIDENCIA FISICA REUNIRA TODA LA INFORMACION PERTINENTE A CADA ALEGATO DE MALA CONDUCTA DE LA QUEJA. LA RESOLUCION FINAL SOBRE EL CASO SERA DECIDIDA POR EL JEFE DE POLICIA. USTED SERA NOTIFICADO POR CARTA DE LA CONCLUSION DE LA INVESTIGACION. CUANDO LAS QUEJAS SON FUNDADAS PARA SER SUSTENTADAS, EL JEFE DE LA POLICIA DEBE DETERMINAR Y APLICAR LA ACCION CORRECTA Y APROPIADA.

USTED TIENE EL DERECHO DE HACER UNA QUEJA CONTRA UN OFICIAL DE POLICIA POR CUALQUIER CONDUCTA INAPROPIADA. LA LEY DE CALIFORNIA REQUIERE A ESTA AGENCIA INVESTIGAR LAS QUEJAS DE SUS CIUDADANOS. USTED TIENE EL DERECHO A UNA DESCRIPCION ESCRITA DE ESTA INVESTIGACION. ESTA AGENCIA PUEDE DECLARAR DESPUES DE LA INVESTIGACION QUE NO HAY SUFICIENTE EVIDENCIA PARA JUSTIFICAR SU QUEJA SI ESTE FUERA EL CASO. USTED TIENE EL DERECHO DE HACER LA QUEJA Y SERA INVESTIGADA SI USTED CREE QUE UN OFICIAL SE HA COMPORTADO INAPROPIADAMENTE. LAS QUEJAS DE LOS CIUDADANOS Y CUALQUIER REPORTE RELACIONADO A QUEJAS DEBERA SER CONSERVADO POR LA AGENCIA POR LOS ULTIMOS 5 AÑOS.

☐ QUEJA POR TELEFONO
☐ QUEJA PERSONALMENTE

PERSONA QUE RECIBE LA QUEJA

---

NOMBRE (PRIMER, APELLIDO) Bthn Martinez

FECHA DE NACIMIENTO 12-28-64

TELEFONO

RAZA His

DIRECCION (CALLE, CIUDAD, ZONA POSTAL) 3522 E Syha St Maywood CA 90210

TELEFONO DE NEGOCIO

FECHA DE NACIMIENTO

TESTIGO (NOMBRE) Wendy Sanchez

TELEFONO

DIRECCION 3589 E Syha Maywood 90210

FECHA DE NACIMIENTO

TESTIGO (NOMBRE)

TELEFONO

DIRECCION

SITIO DEL EVENTO 3589 E Syha Maywood

FECHA 9am 22-09  9am 22-09

HORA 11:17 am

OFICIAL INVOLUCRADO (NOMBRE) Officer Agaatta, Officer Bahia

NUMERO DE PLACA

NUMERO DE CARRO

☐ POLIZA Y PROCEDIMIENTO   ☐ EXPLICACION

DESCRIPCION DE LOS HECHOS

See Attached description of incident

Yo certifico bajo pena de perjurio que la información de los hechos que declaro son verdaderos y correctos.

FIRMA DEL APOSANTE

FIRMA DEL PADRE (SI ES MENOR DE 18 AÑOS)

PERSONA QUE RECIBIO LA ACUSACION

FECHA 2-18-09

HORA

---

MARTINEZ 00033

SUBJECT TO PROTECTIVE ORDER

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 36 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-404 Filed 08/09/10   Page 72 of 96   Page ID
#:1471

Personnel Complaint
Page 1

On August 20, 2008, at approximately 2:15 a.m. Bertha Martinez was at home with her two daughters, Wendy Sanchez and Maritza Sanchez Martinez, Bertha's husband, Gaudencio Sanchez Lopez , and her nephew Joaquin.  A search warrant was executed and Mr. Sanchez Lopez was taken into custody. Officer Seratta from the Maywood police department was one of the officers on the scene. Also present were unidentified officers from the Los Angeles County Sheriff's Department and an investigator for the Los Angeles District Attorney's office. Mr. Sanchez Lopez's 19 year old severely autistic daughter Maritza Sanchez Martinez was present during the execution of the warrant. She can not speak and requires constant supervision because of the severity of her disability.  Officer Seratta and other unidentified officers were informed that Maritza Sanchez Martinez is autistic and severely disabled.

On August 25, 2008, at approximately 11:47 a.m. Officer Seratta and Officer Garcia from the Maywood Police Department,  and numerous other unidentified officers from the Los Angeles County Sheriff's Department and the District Attorney's office  returned to the residence of Ms. Martinez and her daughters with a search warrant. At the time the warrant was executed, Gaudencio Sanchez Lopez was in custody. His daughter,  Wendy Sanchez,  was at work. Only Bertha Martinez,  her daughter,  Maritza Sanchez Martinez, and her  nephew Joaquin were at home. An investigator asked Mrs. Martinez if she had any rifles. She replied that no guns were in the house. Officer Seratta then called her a liar.

Mrs. Martinez's  autistic daughter Maritza was  terrified holding onto her mother. Officer Garcia told Bertha Martinez he would call Child Protective Services and have Maritza taken away if she did not tell him where the guns were. Mrs. Martinez explained that she was a good mother and works at home so she can be with her disabled daughter. The officers threatened to take her daughter away. They told her she would  not know where her daughter was located and she would not be able to get her daughter back. During the interrogation one of the officers threw a white shirt in Mrs. Martinez's face and called her a liar.

Officer Garcia then separated Mrs. Martinez from Maritza. Mrs. Martinez informed the officers that her daughter should not be separated from her due to her disability. The officers ignored the request and took Maritza to the front of the house and Mrs. Martinez to the back of the house. In the back yard Officer Garcia continued to harass, frighten, abuse and threaten Mrs. Martinez that  he would take her away her daughter if she did not give him the information he wanted.  The officers knew or should have known that their conduct would cause Mrs. Martinez and her daughter Maritza severe emotional distress and that the autistic child's developmental and mental health would rapidly deteriorate. Yet they continued their harassment and detention of Mrs. Martinez and Maritza. Officer Garcia then asked Mrs. Martinez where Maritza's clothing was located in the house. He told Mrs. Martinez, "If your daughter uses menstrual pads, tell me where they are so I can put them in her bag of clothes." Mrs. Martinez was shocked and horrified.  She pleaded with Officer Garcia not to take her daughter away.

SUBJECT TO PROTECTIVE ORDER

**MARTINEZ 00034**

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 37 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 52-405 Filed 08/09/10   Page 73 of 96   Page ID
#:1472

Personnel Complaint
Page 2

Maritza and her mother were separated and detained for over two hours while the police illegally searched their house and Wendy Sanchez's car. Nothing was found in the house or the car. Maritza was detained in the front yard crying, shaking and screaming. Meanwhile, Officer Garcia continued to threaten Mrs. Martinez in the backyard. Consequently, Mrs. Martinez began to have trouble breathing. She was frantic about her daughter. Then, her older daughter Wendy Sanchez arrived at the house. A neighbor had called Wendy at work to inform her that the police were at her home. Wendy insisted that she be allowed to comfort her younger sister Maritza. She hugged and consoled her trembling, shaking sister.

Wendy then discovered that Maritza had urinated in her pants while she was detained in the front of the house. She asked the officers if she could change Maritza's soiled clothes in the house but they refused to allow her to do so. Wendy asked the police where her mother was located. The officers blocked Wendy when she attempted to go to the backyard. When Maritza also attempted to get up to go to her mother, the officers told Wendy to control her sister. Wendy again told the officers that Maritza had urinated on herself and she asked if she could go inside and change her clothes. The officers did not permit Wendy to assist Maritza with her soiled clothes knowing that Maritza was autistic and that she had to be cared for.

Officer Garcia then approached Wendy and told her to pack her sister's clothes because they were taking Maritza away. Wendy informed the officers that they should not take Maritza away because she is autistic, claustrophobic and can not be in closed places. Concerned about her sister's and her mother's safety, Wendy decided to leave and get help from the Mayor of Maywood, Felipe Aguirre. She went to Felipe Aguirre's office and told him what was going on at her home. When she got back to the house with Mr. Aguirre, the police were searching her car. Her sister was shaking uncontrollably–still detained in the front yard. An officer from the Sheriff's Department finally told Wendy, "I know you guys are good people. I know you are not like them whores. You have a good family. I have seen your degrees. You can go back now and see your mom."

Maywood Officer Seratta was in the backyard with Martha Martinez. Wendy saw that her mother was having trouble breathing. Her mother was crying and said that the officers were going to take Maritza away. Officer Seratta told Wendy to get away from her mother. He said Mrs. Martinez was just acting. Officer Seratta told Wendy to leave her mother and go to the front of the house. Wendy was extremely distraught, frightened, anxious and in fear for her mother and sister's life and safety. .Shortly after, a Filipino officer suggested calling an ambulance. The ambulance arrived but Mrs. Martinez could not abandon her severely disabled autistic daughter Maritza as she knew that Maritza's mental health condition had deteriorated due to the officers abuse. She also felt Maritza was in immediate need of her urgent care and attention. During the detention, Wendy again asked to go inside and change her sister's clothes. Officer Seratta refused. The officers remained on the scene an additional 20 minutes. They left without finding anything in the house.

**MARTINEZ 00035**

SUBJECT TO PROTECTIVE ORDER

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 38 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 52-06  Filed 08/09/10   Page 74 of 96   Page ID
#:1473

MARTINEZ 00036

CYNTHIA ANDERSON-BARKER
ATTORNEY AT LAW
8485 WILSHIRE BLVD., SUITE 2900
LOS ANGELES, CA 90010

LOS ANGELES, CA 900
26 FEB 2008   PM 4"T

RECEIVED
FEB 27 2008

Jimmy R. Rubio
Maywood Police Department
4317 E. Slauson Ave.
Maywood, CA  90270

SUBJECT TO PROTECTIVE ORDER

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 39 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 52-207 Filed 08/09/10   Page 75 of 96   Page ID
#:1474



*City of Maywood Police Department*

**Frank Hauptmann**
*Chief of Police*
4317 East Slauson Avenue • Maywood, California 90270-2897
Business: (323) 562-5005 • Records: (323) 562-5026 • Fax: (323) 562-0557
*"Committed To Our Communities"*

March 5, 2009

Bertha Martínez
3589 E. 54th Street
Maywood, CA 90270

Dear Ms./Sra. Martínez,

I am in receipt of your written complaint dated February 18, 2009, alleging misconduct by Officers of the Maywood Police Department. The complaint was forwarded to me in your behalf, by Cynthia Anderson-Barker, Attorney at Law.

Because your complaint form did not have a home telephone and/or any other contact number, please accept this letter as formal notice of contact. In an effort to further my investigation, I am asking that you please contact me at your earliest convenience so that I can make arrangements to interview you, Wendy Sanchez and any other member of your family who were witness to the alleged incident that occurred on August 25, 2008 at 3589 E. 54th Street, Maywood, California.

Estoy en recepción de su queja por escrito con fecha de 18 de febrero de 2009, alegando mala conducta por oficiales del Departamento de Policía de Maywood. La denuncia fue remitida a mi persona en su nombre, por Cynthia Anderson-Barker, Abogado.

Debido a que su forma de queja no tiene su número de teléfono y/o cualquier otro numero de contacto, por favor, aceptar esta carta como notificación formal de contacto. En un esfuerzo por avanzar en mi investigación, les pido que por favor se ponga en contacto conmigo lo antes posible para que yo pueda hacer arreglos necesarios para que la entrevista, Wendy Sánchez y cualquier otro miembro de su familia que fueron testigos del supuesto incidente que ocurrió el 25 de agosto del 2008 en 3589 E. 54, Maywood, California.

Thank you/Gracias,

Jimmy Rubio
Professional Standards Manager
Maywood Police Department
323-562-5730

Cc: Cynthia Anderson-Barker, Attorney At Law

MARTINEZ 00037

SUBJECT TO PROTECTIVE ORDER

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 40 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 53-408 Filed 08/09/10   Page 76 of 96   Page ID
#:1475



| | |
|---|---|
| **Maywood Police Department** |
| *Interoffice Memorandum* |

**To:** Sergeant Frank Garcia

**Cc:** Captain Aguirre

**From:** Jimmy Rubio, Professional Standards

**Subject:** Conduct Unbecoming of an Officer IA # 2009-03-C

**Date:** August 13, 2009

Please contact me as soon as possible to make arrangements for an interview reference Internal Affairs Investigation 2009-03-C. The incident occurred on June 28, 2008 while serving a search warrant within the City of Maywood. The complaint was filed by the complainant on February 18, 2009.

Because you are a subject of the investigation, you have the right to legal representation during the course of the interview.

I would like to schedule an interview with you between 0900 and 1700 hours, anytime during the week of Monday, August 24, 2009 to Thursday, August 27, 2009. Please select a day and time that fits your schedule.

Should you have any questions please feel free to contact me at 562-5730.



SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00038

Case 2:09-cv-06734-SJO-RC  Document 65-5  Filed 08/16/10  Page 41 of 60  Page ID
Case 2:09-cv-06734-SJO-RC  Document 58-09 Filed 08/09/10  Page 77 of 96  Page ID
#:1476



## Maywood Police Department
*Interoffice Memorandum*

**To:** Officer Andrew Serrata

**Cc:** Captain Aguirre

**From:** Jimmy Rubio, Professional Standards

**Subject:** Conduct Unbecoming of an Officer IA # 2009-03-C

**Date:** August 13, 2009

Please contact me as soon as possible to make arrangements for an interview reference Internal Affairs Investigation 2009-03-C. The incident occurred on June 28, 2008 while serving a search warrant within the City of Maywood. The complaint was filed by the complainant on February 18, 2009.

Because you are a subject of the investigation, you have the right to legal representation during the course of the interview.

I would like to schedule an interview with you between 0900 and 1700 hours, anytime during the week of Monday, August 24, 2009 to Thursday, August 27, 2009. Please select a day and time that fits your schedule.

Should you have any questions please feel free to contact me at 562-5730.



SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00039

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 42 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-10 Filed 08/09/10   Page 78 of 96   Page ID
#:1477

```
CIN01009                        INCIDENT INQUIRY   Thu, Oct 29, 2009, 9:50 AM
                                      FOR: 407          Page:    1

Recv: 082608 1111               Address: 3589 54TH
Type: P/FU    FOLLOW UP         Reference:                    City: MW
                                Cross:      MAYWOOD
Beat: 1       Pol Dst: 4    Fir Dst: 4   Map Guide:      Census:

How Recv: OS                    Reporting Party's:
Priority: 4                          Address:
Dispo:   AST                          Phone:
                     hh mm
Time Stamps: Received: 11:11    hhhh mm ss          hhhh mm ss
             Dispatch: 11:11         :..:..   RC/AS:   :..:..
             Enroute:  11:11         :00:00   DI/AS:    :00:00
             At Scene: 11:11         :00:00   DI/CC:  3:05:09
             Close:    14:17    3:05:09

Comments:
291     |11:11:54| INCIDENT NUMBER:8MW0008548
291     |11:12:07| ASSISTING MARSHALLS AT LOC
291     |13:40:47| PARAMEDICS NOTIFIED FOR 44 YR OLD FEMALE COMPLAINING OF
                   CHEST PAINS
291     |13:57:41| FEMALE REFUSED TO BE TRANSPORTED AGAINST THE ADV OF THE
                   FIRE DEPT SHE WILL
291     |13:57:48| SEEK HER OWN MEDICAL ATTENTION
291     |14:17:03| CLOSED DISPO : ASSISTED

History:                                                        User
Unit/Empl        Date   Time   Cmd Type  Location/Comments      -------
-------------    -----  -----  --- -----  -------------------------------
11L/391          08/26 11:11:54 OS FU    3589 54TH                291
                 08/26 11:11:54 FC FU    3589 54TH                291
11L/391          08/26 11:12:12 MR FU    3589 54TH                291
                 08/26 11:12:12 MR FU    FD:                      291
                 08/26 11:12:12 MR FU    PD:                      291
                 08/26 11:12:12 MR FU    BT:                      291
                 08/26 11:12:12 MR FU    AD:3589 54TH             291
                 08/26 14:17:03 CC FU    Dispo:AST                291
11L/391          08/26 14:17:03 CC FU    Dispo:AST                291
-EOR-
```

**MARTINEZ 00040**

SUBJECT TO PROTECTIVE ORDER

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 43 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-11   Filed 08/09/10   Page 79 of 96   Page ID
#:1478

```
CIN01003                          CAD Address Inquiry
MAYWOOD                         Fri, Jun 19, 2009, 1:55 PM
Address: 3589 54TH
Agency: P   Dates: 010101/061909   Types:
Date   Time Type  NOI           Dispo      RC/DI DI/AS AS/CC Incident    Address
082608 1111 FU      FOLLOW UP      AST                99:99 8MW0008548 3589 54TH

291        |11:11:54| INCIDENT NUMBER:8MW0008548
291        |11:12:07| ASSISTING MARSHALLS AT LOC
291        |13:40:47| PARAMEDICS NOTIFIED FOR 44 YR OLD FEMALE COMPLAINING OF
                      CHEST PAINS
291        |13:57:41| FEMALE REFUSED TO BE TRANSPORTED AGAINST THE ADV OF THE
                      FIRE DEPT SHE WILL
291        |13:57:48| SEEK HER OWN MEDICAL ATTENTION
291        |14:27:03| CLOSED DISPO : ASSISTED


081508 0614 PARK    PARKING COMPLAI PCI               21:31 8MW0008062 3589 54TH

310        |06:14:19| INCIDENT NUMBER:8MW0008062
310        |06:14:19| VEH PARKED ON LAWN
310        |06:35:50| CLOSED DISPO : PARKING CITE ISSUED


072208 1258 PED     PED CHECK/STOP  AA                99:99 8MW0007115 3589 54TH

291        |13:22:35| CASE NUMBER = CR-08-00001839 (MW)
291        |13:22:38| CASE NUMBER = AR-08-00000332 (MW)
291        |12:58:05| INCIDENT NUMBER:8MW0007115
291        |12:58:17| OUT W/ 1
291        |13:00:24| CMS/ RODRIGUEZ, HUMBERTO 9 12 81
291        |13:02:38| NO HITS, ON PAROLE FOR 186
291        |13:06:36| 10-15 W/ ONE
291        |14:00:09| CLOSED DISPO : ADULT ARREST


110307 0006 SHOTS   SHOTS FIRED     OK        01:03 02:30 23:01 7MW011500 3589 54TH

398        |00:06:51| INCIDENT NUMBER:7MW011500
398        |00:07:40| ONE SHOT HEARD AND SUBJECTS ARGUING AT THE LOC.
398        |00:07:52| RP WANTS TO REMAIN ANON
398        |00:09:46| 11L WILL COME OFF OF MAYWOOD AND 6S WILL SET UP OFF 53RD/
                      EVERETT
398        |00:11:06| 31L AND 32L WILL WALK IN FROM 55TH
310        |00:11:44| 10-33 THE AIR
398        |00:11:48| 10-33 ON MAIN FOR UNITS
310        |00:14:40| TENTATIVE C4 / 31L DETAINING ONE
39B        |00:16:41| 32L- REQ 2 RUN 2 VINS  1. VIN# 3GNEC12027G135210 & VIN#
                      1GNEC13V23R243553
398        |00:17:22| W9=B9787604, QUIROGA ALEJANDRO 01/14/1983 NUMBERS ON
                      MAYWOOD
398        |00:17:28| NO HITS/ VALID DL
398        |00:33:01| ALL SUBJECTS CHECKED OK, NO EVIDENCE OF SHOTS FIRED
398        |00:33:20| THE SUBJECT WAS ADV/SOW
398        |00:33:25| CLOSED DISPO : CHECKS OKAY


072207 1903 TS      TRAFFIC STOP    TOW              29:25 7MW0007603 3589 54TH

310        |19:11:00| CASE NUMBER = CR-07-00001749 (MW)
JOB        |19:03:00| INCIDENT NUMBER: 7MW0007603
310        |19:03:00| OUT TRAFFIC ON VEHICLE IN DRIVEWAY
310        |19:03:00| C4 DETAINING ONE
310        |19:05:00| CANELAS
310        |19:08:00| C4
310        |19:09:00| W9 - SANCHEZ JOAQUIN ALVERA MH 02 08 81 358 MWYD
310        |19:10:00| SANCHEZ - NO HITS/ NO MATCH
310        |19:32:00| CLOSED DISPO : VEHICLE TOWED


060207 2233 PED     PED CHECK/STOP  PCI              12:42 7MW0005831 3589 54TH

JOB        |22:33:00| INCIDENT NUMBER: 7MW0005831
221        |22:34:00| OUT W/1.
```

Page: 1

**MARTINEZ 00041**

SUBJECT TO PROTECTIVE ORDER

Case 2:09-cv-06734-SJO-RC    Document 65-5    Filed 08/16/10    Page 44 of 60    Page ID
Case 2:09-cv-06734-SJO-RC    Document 58-2    Filed 08/09/10    Page 80 of 96    Page ID
#:1479

```
CIN01003                                    CAD Address Inquiry
MAYWOOD                                   Fri, Jun 19, 2009, 1:55 PM
Address: 3589 54TH
Agency: P   Dates: 010101/061909    Types:
Date  Time Type  NOI                    RC/DI DI/AS AS/CC Incident    Address
                                 Dispo
221         |22:34:00|31L ENROUTE TO BACK.
221         |22:34:00|DETAINING 1.
221         |22:37:00|VIN/3GNEC12027G135218 = NO HITS, 2007 CHEVY.
310         |22:37:00| W9 = B8787604 QUIROGA ALEJANDRO 01 14 83
310         |22:38:00| QUIROGA - NO HITS/VALID
310         |22:46:00| SUBJ SOW
310         |22:46:00|CLOSED DISPO : PARKING CITE ISSUED


082506 0040 PED    PED CHECK/STOP    AA              27:11 6MW0009387 3589 54TH

422         |01:05:00| CASE NUMBER = CR-06-00002079 (MW)
422         |01:05:00| CASE NUMBER = AR-06-00000412 (MW)
JOB         |00:40:00| INCIDENT NUMBER: 6MW0009387
422         |00:40:00|OUT W/ 3
363         |00:45:00|C4
363         |00:48:00|CWS/D7995017/ALEMAN, ANDRES 02-12-86
363         |00:48:00|3650 MWD, MH
363         |00:48:00|CWS/SANCHEZ, JESSE 06-1-87MH, 3615 MWD
363         |00:49:00|CWS/VILLARREAL, HEATHER FH, 02-26-91
422         |00:52:00|ALEMAN= 10-35M $10,000.00 MWD FOR 242PC
422         |00:52:00|SANCHEZ=NO MATCH / NO HITS
363         |00:52:00|VILLARREAL=NO HITS, NO HITS IS MPS, INDEX# X5947383
422         |00:52:00|ALEMAN = ID CARD ONLY
363         |00:53:00|ON PROBATION FOR 12101A 1 PC
363         |00:54:00|ATTEMPT TO CONTACT MOTHER LAINIE 323 403-3282
363         |00:54:00|AND SEE IF SHE KNOWS THE WAREABOUTS OF HER DAUGHTER
363         |00:54:00|VILLARREAL, NO ANSWER ON CALL, NO MESSAGE WAS LEFT
422         |00:56:00|ABOVE PREATION STATUS IS FOR VILLARREAL
422         |03:03:00|10-15 W/ ONE FOR WARRANT THE OTHER TWO SUBJ'S WERE
422         |03:03:00|SOW
422         |01:06:00|CLOSED DISPO : ADULT ARREST


070906 0109 MUSIC LOUD MUSIC/PART UTL        02:46 00:56 01:42 6MW0007483 3589 54TH

422         |01:09:00|X-ST = MAYWOOD          COMMON-NAME =
JOB         |01:09:00| INCIDENT NUMBER: 6MW0007483
422         |02:09:00|415 LOUD MUSIC AT LOCATION
422         |01:15:00|CLOSED DISPO : UNABLE TO LOCATE


070806 2317 MUSIC LOUD MUSIC/PART UTL        19:07 05:00 05:01 6MW0007477 3589 54TH

398         |23:17:00|X-ST = MAYWOOD          COMMON-NAME =
JOB         |23:17:00| INCIDENT NUMBER: 6MW0007477
398         |23:17:00|415 LOUD MUSIC AND SUBJ'S TO THE REAR OF LOCATION
422         |23:46:00|CLOSED DISPO : UNABLE TO LOCATE


060406 0034 MUSIC LOUD MUSIC/PART UTL        05:40 01:43 03:29 6MW0005928 3589 54TH

422         |00:34:00|X-ST = MAYWOOD          COMMON-NAME =
JOB         |00:34:00| INCIDENT NUMBER: 6MW0005928
422         |00:34:00|415 LOUD PARTY AT LOCATION
422         |00:45:00|CLOSED DISPO : UNABLE TO LOCATE


041206 1038 SHOTS  SHOTS FIRED    RPT        00:04 03:29 40:44 6MW0003708 3589 54TH

221         |11:06:00| CASE NUMBER = CR-06-00000841 (MW)
221         |10:38:00|X-ST = MAYWOOD          COMMON-NAME =
JOB         |10:38:00| INCIDENT NUMBER: 6MW0003708
221         |10:41:00|DRIVEBY J/O.  SUSP VEH/BLK IN COLOR, LEFT W/B ON 54TH
221         |10:41:00|HAVE MAN DOWN IN FRONT OF 3589 S. 54TH
221         |10:41:00|LACOFD NOTIFIED & ENROUTE.
221         |10:41:00|VERNON PD NOTIFIED.
221         |10:42:00|SUSP VEH IS A 4DR BLK HONDA WITH TINTED WINDOWS.
221         |10:42:00|UPDATE - VEH IS DARK BLU W/CHROME RIMS.
```

Page: 2

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 45 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-13 Filed 08/09/10   Page 81 of 96   Page ID
#:1480
#:2413

```
CIN01003                    CAD Address Inquiry
MAYWOOD                     Fri, Jun 19, 2009, 1:55 PM
Address: 3589 54TH
Agency: P   Dates: 010101/061909   Types:
Date   Time Type NOI              Dispo    RC/DI DI/AS AS/CC Incident   Address
221         |10:44:00|SUSP/2MALES, BALD, NFD.
221         |10:44:00|AREA TT SENT.
221         |10:46:00|PAGER NOTIFICATIONS SENT.
221         |10:46:00|DETECTIVES NOTIFIED - ENROUTE FROM THE STATION.
221         |10:47:00|PER 2C, NOTIFY BELL HS SCHOOL POLICE - THERE ARE 3
221         |10:48:00|YOUNG PEOPLE OUT THERE WHO SHOULD BE IN SCHOOL.  HAVE
221         |10:48:00|THEM RESPOND TO GET THEM.
221         |10:49:00|VIN/2GCEC19V661286256 = NO HTIS, VIN RECORD NOT ON FILE.
291         |10:51:00|PER BELL HIGH, THE SINGLE OFFICER ON DUTY IS ON PATROL
291         |10:51:00|AND NOT ABLE TO LEAVE
291         |10:51:00|PER 242, MADE CONTACT W/ SCHOOL OFFICER CHANG HE WILL
291         |10:51:00|BE ENROUTE TO LOC
291         |11:23:00|CLOSED DISPO : REPORT TAKEN

010906 0645 WRNT   WARRANT SERV-P/  UTL          04:24 6MW0000212 3589 54TH

JOB         |06:45:00| INCIDENT NUMBER: 6MW0000212
363         |06:45:00|ATTEMPT WRNT SERVICE
363         |06:46:00|ELA4ELI108201, 242 PC $26,000
363         |06:47:00|MORALES, RAMON  05-27-80
363         |06:49:00|SUBJ NOT HOME
363         |06:49:00|MOVED TO TEXAS 2 YRS AGO, NO NEW ADDRESS
363         |06:49:00|CLOSED DISPO : UNABLE TO LOCATE

010806 1309 417    BRANDISH GUN      ADV      00:08 04:50 10:50 6MW0000198 3589 54TH

291         |13:09:00|X-ST = MAYWOOD            COMMON-NAME =
JOB         |13:09:00| INCIDENT NUMBER: 6MW0000198
291         |13:10:00|POSS MAN W/ GUN. RP DROVE BY LOC AND ADVISES THERE IS
291         |13:10:00|A GROUP OF SUBJECT IN FRONT ONE HAD A GUN HE WAS
291         |13:10:00|POINTING IN THE AIR. MH, 35, LT BLU SHIRT, DARK BLU
291         |13:10:00|JEANS. GUN IS NOW IN HIS FRONT POCKET
291         |13:19:00|C4, DETAINING 2
291         |13:25:00|2 SUBJECTS DETAINED IN FRONT OF LOC, DUANAS AND GARCIA
291         |13:25:00|ADV
291         |13:25:00|CLOSED DISPO : ADVISED

072905 1841 PED    PED CHECK/STOP     AA          35:29 5MW0011571 3589 54TH

310         |18:50:00| CASE NUMBER =   CR-05-00003114 (MW)
310         |19:04:00| CASE NUMBER =   CR-05-00003115 (MW)
310         |19:04:00| CASE NUMBER =   AR-05-00000432 (MW)
JOB         |18:41:00| INCIDENT NUMBER: 5MW0011571
310         |18:41:00|OUT WITH 3
310         |18:46:00|W9 - LUENGAS GERARDO 4 17 83  358 MWYD
310         |18:48:00|LUENGAS - NO HITS / NO MATCH
310         |18:48:00|D2836517
310         |18:50:00|W9 - D4498954 VALDIVIA NOE 9 12 84 112 EL MONTE
310         |18:51:00|LUENGAS JERARDO - NO HITS/VALID
310         |18:55:00|VALDIVIA - WARRANTS APPROX $76,000. (4) / VALID
310         |18:56:00|ID 10-15 W/1
310         |19:17:00|ARRESTEE - VALDIVIA, NOE PEREIDA DOB: 9 12 84 D4498954
310         |19:17:00|CHG: WARRANTS
310         |19:17:00|CLOSED DISPO : ADULT ARREST

070305 0055 MUSIC  LOUD MUSIC/PART   ADV      00:23 01:04 06:54 5MW0010037 3589 54TH

291         |00:55:00|X-ST = MAYWOOD            COMMON-NAME =
JOB         |00:55:00| INCIDENT NUMBER: 5MW0010037
291         |00:55:00|415 LOUD MUSIC IN THE AREA OF RP
291         |01:03:00|WENDY SANCHEZ ADV, SHE TURNED DOWN THE MUSIC
221         |01:03:00|CLOSED DISPO : ADVISED

111304 1502 RECKLS RECKLESS DRIVER   UTL      00:03 53:03 00:04 4MW0016754 3589 54TH
```

Page: 3

MARTINEZ 00043

SUBJECT TO PROTECTIVE ORDER

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 46 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-14   Filed 08/09/10   Page 82 of 96   Page ID
#:1481

```
CIN01003                           CAD Address Inquiry
MAYWOOD                         Fri, Jun 19, 2009, 1:55 PM
Address: 3589 54TH
Agency: P   Dates: 010103/061909    Types:
Date    Time Type  NOI              Dispo    RC/DI DI/AS AS/CC Incident   Address

398          |15:02:00|X-ST = MAYWOOD            COMMON-NAME =
JOB          |15:02:00| INCIDENT NUMBER: 4MW0016754
398          |15:02:00|BLK VEHICLE CA LIC# 3MNK969 IS DRIVING UP AND DOWN THE
                      STREET
398          |15:02:00|BURNING TIRES. SUBJECT IS DRIVING  AND POSSIBLY DRINKING
                      BEER.
398          |15:55:00|CLOSED DISPO : UNABLE TO LOCATE

092804 1833 415     OTHER 415      ADV      00:08 03:43 04:16 4MW0014180 3589 54TH

310          |18:33:00|X-ST = MAYWOOD            COMMON-NAME =
JOB          |18:33:00| INCIDENT NUMBER: 4MW0014180
310          |18:33:00|415 FEMALES COULD HEAR THEM YELLING IN BACKGROUND.
310          |18:41:00| C4 1/2 WAS GOA PRIOR TO ARRIVAL OVER MONEY ISSUE
310          |18:41:00|CLOSED DISPO : ADVISED

090504 1807 VERBAL VERBAL ARGUMENT  ADV     00:18 05:26 15:02 4MW0012892 3589 54TH

310          |18:07:00|X-ST = MAYWOOD            COMMON-NAME =
310          |18:07:00|E911 - RP:RESD/ROMERO TERESA           /581-1329
JOB          |18:07:00| INCIDENT NUMBER: 4MW0012892
310          |18:19:00|C N4
363          |18:19:00|C4
310          |18:27:00| 415 VERBAL ONLY BERTHA MARTINEZ / JOSE SANCHEZ ADV
310          |18:28:00|CLOSED DISPO : ADVISED

090404 1438 VERBAL VERBAL ARGUMENT  ADV     01:58 01:34 11:39 4MW0012762 3589 54TH

291          |14:38:00|X-ST = MAYWOOD            COMMON-NAME =
JOB          |14:38:00| INCIDENT NUMBER: 4MW0012762
291          |14:41:00| 415 COUPLE, RP IS A FAMILY MEMBER AT LOC
291          |14:53:00|CLOSED DISPO : ADVISED

082704 2348 925V    SUSP PERSON     UTL      02:47 02:06 02:58 4MW0012297 3589 54TH

398          |23:48:00|X-ST = MAYWOOD            COMMON-NAME =
JOB          |23:48:00| INCIDENT NUMBER: 4MW0012297
398          |23:48:00|RP ADVISED A BLK P/K TO THE FRONT OF THE LOC, SUBJECT WERE
                      DRINKING BEERS
398          |23:48:00|AND BREAKING BOTTLES.
310          |23:56:00| UTL
310          |23:56:00|CLOSED DISPO : UNABLE TO LOCATE

081204 0721 FU      FOLLOW UP       INFO           03:37 4MW0011339 3589 54TH

JOB          |07:21:00| INCIDENT NUMBER: 4MW0011339
363          |07:21:00|OUT ON A FOLLOW UP
363          |07:25:00|CLOSED DISPO : INFORMATION ONLY

062604 2112 911V    HANGUP/UNK PROB  RPT     01:25 02:12 17:35 4MW0009053 3589 54TH

398          |21:29:00| CASE NUMBER = CR-04-00002094 (MW)
398          |21:12:00|X-ST = MAYWOOD            COMMON-NAME =
398          |21:12:00|E911 - RP:RESD/ROMERO TERESA           /581-1329
JOB          |21:12:00| INCIDENT NUMBER: 4MW0009053
398          |21:13:00|RP CRYING / AND DISCONNECTED
398          |21:14:00|12A-RESPONDING CODE-3
398          |21:14:00|NO ANSWER ON RECALL
398          |21:15:00|ATTEMPTED LANGUAGE TRANSLATOR//RES DISCONNECTED
398          |21:19:00|CODE-4 AT THE LOC
398          |21:33:00|245/ AND 243 E 1 REPORT TAKEN AT THE LOC
398          |21:34:00|CLOSED DISPO : REPORT TAKEN
```

MARTINEZ 00044

SUBJECT TO PROTECTIVE ORDER

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 47 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 52-15  Filed 08/09/10   Page 83 of 96   Page ID
#:1482
#:1415

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CYNTHIA ANDERSON-BARKER
ATTORNEY AT LAW
3435 WILSHIRE BLVD.
SUITE 2900
LOS ANGELES, CA.
RE': BERTHA MARTINEZ 90010

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [Agent] [Addressee]

B. Received by ( Printed Name )   C. Date of Delivery
CO RYMLE

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No
   ATTN: STANLEY BILLS

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number      7007 2560 0001 8643 7124
(Transfer from service label)

PS Form 3811, February 2004        Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BERTHA MARTINEZ
3589 E. 54TH ST
MAYWOOD, CA. 90270

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [Agent] [Addressee]

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number      7007 2560 0001 8643 7117
(Transfer from service label)

PS Form 3811, February 2004        Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage  $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees   $ 5.32

Postmark Here

Sent To  CYNTHIA ANDERSON-BARKER ATTORNEY AT LAW
Street, Apt. No.; or PO Box No.  3435 WILSHIRE BLVD STE 2900
City, State, ZIP+4  LOS ANGELES, CA. 90010

7007 2560 0001 8643 7124

PS Form 3800, August 2006        See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage  $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees   $ 5.32

Postmark Here

Sent To  BERTHA MARTINEZ
Street, Apt. No.; or PO Box No.  3589 E 54TH ST
City, State, ZIP+4  MAYWOOD, CA. 90270

7007 2560 0001 8643 7117

PS Form 3800, August 2006        See Reverse for Instructions

SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00045

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 48 of 60   Page ID
#:8216
Case 2:09-cv-06734-SJO-RC   Document 65-2   Filed 08/09/10   Page 84 of 96   Page ID
#:1483

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

MAYWOOD-CUDAHY
POLICE DEPARTMENT
4317 Slauson Avenue
Maywood, California 90270

Certified Mail Provides:
■ A mailing receipt
■ A unique identifier for your mailpiece
■ A record of delivery kept by the Postal Service for two years

Important Reminders:
■ Certified Mail may ONLY be combined with First-Class Mail® or Priority Mail®.
■ Certified Mail is not available for any class of International mail.
■ NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.
■ For an additional fee, a Return Receipt may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (PS Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS® postmark on your Certified Mail receipt is required.
■ For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement "Restricted Delivery".
■ If a postmark on the Certified Mail receipt is desired, please present the article at the post office for postmarking. If a postmark on the Certified Mail receipt is not needed, detach and affix label with postage and mail.

IMPORTANT: Save this receipt and present it when making an inquiry.
PS Form 3800, August 2006 (Reverse) PSN 7530-02-000-9047

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

MAYWOOD-CUDAHY
POLICE DEPARTMENT
4317 Slauson Avenue
Maywood, California 90270 RECEIVED

MAR 17 2009

MAYWOOD POLICE DEPT.

ATTN: JIMMY RUBIO

Certified Mail Provides:
■ A mailing receipt
■ A unique identifier for your mailpiece
■ A record of delivery kept by the Postal Service for two years

Important Reminders:
■ Certified Mail may ONLY be combined with First-Class Mail® or Priority Mail®.
■ Certified Mail is not available for any class of International mail.
■ NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.
■ For an additional fee, a Return Receipt may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (PS Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS® postmark on your Certified Mail receipt is required.
■ For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement "Restricted Delivery".
■ If a postmark on the Certified Mail receipt is desired, please present the article at the post office for postmarking. If a postmark on the Certified Mail receipt is not needed, detach and affix label with postage and mail.

IMPORTANT: Save this receipt and present it when making an inquiry.
PS Form 3800, August 2006 (Reverse) PSN 7530-02-000-9047

SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00046

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 49 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-17 Filed 08/09/10   Page 85 of 96   Page ID
#:1484



SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00047

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 50 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-18   Filed 08/09/10   Page 86 of 96   Page ID
#:1485



SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00048

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 51 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-19   Filed 08/09/10   Page 87 of 96   Page ID
#:1486



SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00049

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 52 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 63-20   Filed 08/09/10   Page 88 of 96   Page ID
#:1487



SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00050

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 53 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-21   Filed 08/09/10   Page 89 of 96   Page ID
#:1488
#:1221



SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00051

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 54 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 52-22 Filed 08/09/10   Page 90 of 96   Page ID
#:1489



SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00052

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 55 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-23 Filed 08/09/10   Page 91 of 96   Page ID
#:1490



SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00053

Case 2:09-cv-06734-SJO-RC Document 65-5 Filed 08/16/10 Page 56 of 60 Page ID
Case 2:09-cv-06734-SJO-RC Document 52-24 Filed 08/09/10 Page 92 of 96 Page ID
#:1491



SUBJECT TO PROTECTIVE ORDER

MARTINEZ 00054

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 57 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-25 Filed 08/09/10   Page 93 of 96   Page ID
#:1492



**Policy**
# 354

**Maywood Cudahy Police Department**
Policy Manual

# Handcuff Policy

## 354.1   PURPOSE AND SCOPE
This procedure provides guidelines for handling situations involving handcuffing during detentions and arrests. This policy is also applicable to Flexcuffs, which will be considered synonymous with handcuffs for purposes of this policy.

## 354.2   HANDCUFFING POLICY
Although recommended for most arrest situations, handcuffing is a discretionary procedure and not an absolute rule of the Department. When deciding whether to handcuff an arrestee, officers should carefully balance officer safety concerns with factors including, but not limited to the following:

- The circumstances leading to the arrest,
- The attitude and behavior of the arrested person.
- The age, sex and health of the person.
- Whether the person has a hearing or speaking disability. In such cases consideration should be given, safety permitting, to handcuffing to the front in order to allow the person to sign or write notes.
- Whether the person has any other apparent disability.

It is not the intent of the Department to dissuade officers from handcuffing all persons they believe warrant that degree of restraint, nor is it the intent of this policy to create the atmosphere that in order to avoid risk, an officer should handcuff all persons regardless of the circumstances. In most situations handcuffs should be applied with the hands behind the person. Handcuffs should be removed as soon as the arrested person is safely confined within the jail.

### 354.2.1   IMPROPER USE OF HANDCUFFS
Handcuffing is never done to punish, to display authority, or as a show of force. Persons are handcuffed only to restrain their hands to ensure officer safety. When practical, handcuffs shall be double locked to prevent tightening which may cause undue discomfort or injury to the hands or wrists. The physical stature of an individual shall be taken into consideration when applying handcuffs. Individuals who are physically incapable of bringing their hands into cuffing position behind their back may require application of more than one pair of handcuffs, or cuffing in front.

Handcuffs, like any mechanical device are subject to failure, and therefore a possible officer safety issue. Properly applied handcuffs should secure an individuals hands, and not create injuries.

### 354.2.2   JUVENILES
Juveniles 14-years of age or older may be handcuffed when the act committed is of a felonious nature or when their acts have amounted to crimes where the officer has a reasonable suspicion the suspect may have a desire to escape, injure themselves, injure the officer, or destroy property.

2009/08/28 © 1995-2009 Lexipol, LLC

MARTINEZ00055

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 58 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document #52:226   Filed 08/09/10   Page 94 of 96   Page ID
#:1493

## Maywood Cudahy Police Department
Policy Manual

*Handcuff Policy*

Juveniles under 14-years of age generally will not be handcuffed unless their acts have
amounted to a dangerous felony or when they are of a state of mind which suggests a
reasonable probability of their desire to escape, injure themselves, the officer, or to destroy
property.

### 354.2.3   HANDCUFFING OF DETAINEES
Situations may arise where it may be reasonable to handcuff an individual who may, after
subsequent investigation, be released prior to arrest. Such a situation is considered a
detention, rather than an actual arrest. Unless arrested, the use of handcuffs on detainees
should continue for only as long as is reasonably necessary to assure the safety of officers
and others. Officers should continuously weigh the safety interests at hand against the
intrusion upon the detainee when deciding to remove handcuffs from a detainee.

When an individual is handcuffed and released without an arrest, a written report of the
incident shall be made to document the details of the detention and need for use of
handcuffs.

2009/08/28 © 1995-2009 Lexipol, LLC

MARTINEZ00056

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 59 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-27   Filed 08/09/10   Page 95 of 96   Page ID
#:1494

1

### PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF ORANGE

3

4   I am employed in the City of Costa Mesa, County of Orange, State of California.  I am over the age of 18
years and not a party to the within action.  My business address is 695 Town Center Drive, Suite 700, Costa
Mesa, California 92626.  On May 3, 2010, I served the documents named below on the parties in this action
as follows:

5

6   DOCUMENT(S) SERVED:      <u>CITY OF MAYWOOD'S (ERRONEOUSLY NAMED AS "MAYWOOD
POLICE DEPARTMENT") SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFFS' REQUEST FOR PRODUCTION AND IDENTIFICATION OF
DOCUMENTS, SET ONE</u>

7

8   SERVED UPON:            **SEE ATTACHED SERVICE LIST**

9

10  ☒      (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in
the United States mail at Costa Mesa, California.  I am readily familiar with the practice of
BOHM, MATSEN, KEGEL & AGUILERA, LLP for collection and processing of
correspondence for mailing, said practice being that in the ordinary course of business, mail
is deposited in the United States Postal Service the same day as it is placed for collection.  I
am aware that on motion of the party served, service is presumed invalid if postal
cancellation date or postage meter date is more than one day after date of deposit for
mailing in affidavit.

11

12

13

14  ☐      (BY PERSONAL SERVICE) I **caused** the above-referenced documents to be personally
delivered on the date listed below.

15

16  ☐      (BY FEDERAL EXPRESS) I am readily familiar with the practice of BOHM, MATSEN,
KEGEL & AGUILERA, LLP for the collection and processing of correspondence for
overnight delivery and known that the document(s) described herein will be deposited in a
box or other facility regularly maintained by Federal Express for overnight delivery.

17

18  ☐      (BY FACSIMILE WHERE INDICATED)  The above-referenced document was transmitted by
facsimile transmission and the transmission was reported as complete and without error.
Pursuant to C.R.C. 2009(I), I caused the transmitting facsimile machine to issue properly a
transmission report, a copy of which is attached to this Declaration.

19

20

21  ☐      (STATE)  I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.

22

23  ☒      (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court,
at whose direction this service was made.

24  Executed on **May 3, 2010**, at Costa Mesa, California.

25

26                                  Brittney Sanchez

27

28

Case 2:09-cv-06734-SJO-RC   Document 65-5   Filed 08/16/10   Page 60 of 60   Page ID
Case 2:09-cv-06734-SJO-RC   Document 58-2 8   Filed 08/09/10   Page 96 of 96   Page ID
#:1495

Service List
*Martinez v. City of Maywood, et al.*
*United States District Court, Central District (Los Angeles),*
*Case Number CV09-06734 SJO (RCx)*

Shawna L. Parks, Esq.
Disability Rights Legal Center
919 Albany Street.
Los Angeles, CA 90015
(213) 736-1031 tel
Shawna.parks@lls.edu

Attorneys for Plaintiffs,
MARITZA SANCHEZ MARTINEZ, an
individual, by and through her mother and
guardian ad litem, BERTHA MARTINEZ,
BERTHA MARTINEZ and WENDY
SANCHEZ, an individual

Cynthia Anderson-Barker
Law Offices of Cynthia Anderson-Barker
3435 Wilshire Blvd., Ste. 2900
Los Angeles, CA 90010
(213) 381-3246 tel
(213) 252-0091 fax
cablaw@hotmail.com

Paul B. Beach, Esq.
Lawrence, Beach, Allen & Choi PC
1600 N. Broadway, Ste. 1010
Santa Ana, CA 92706
714-479-0180 tel
714-479-0181 fax
pbeach@lbaclaw.com

Attorneys for Defendant,
COUNTY OF LOS ANGELES

PROOF OF SERVICE